**Saul Perloff** (157092)
saul.perloff@shearman.com
**SHEARMAN & STERLING LLP**
300 W. Sixth St, 22nd Floor
Austin, Texas 78701
Telephone   (512) 647-1900

**Attorneys for Plaintiff
GUARDANT HEALTH, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NATERA, INC., <br><br> Defendant. | Case No. 3:21-CV-04062-EMC <br><br> **PLAINTIFF GUARDANT HEALTH INC.'S UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF LETTERS OF REQUEST TO EXAMINE PERSONS AND INSPECT DOCUMENTS PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE** |

Plaintiff Guardant Health, Inc. ("Guardant") respectfully moves pursuant to 28 U.S.C. § 1781(b)(2) to request that the Court issue Letters of Request directed to the Central Authority of Denmark, requesting the production of documents from and examination of Drs. Thomas Reinert and Claus Lindbjerg Andersen and a representative of Aarhus University Hospital relating to the above-captioned matter. The proposed Letters of Request, their translations into Danish, and the parties' Stipulated Protective Order (Dkt. 57) and its Danish translation are attached to this unopposed Motion as Exhibits A, B, C, and D. This application is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), which is in force between the United States and the Kingdom of Denmark. Defendant Natera, Inc. does not oppose this request.

Guardant's proposed Letters of Request seek relevant and material information from Drs.

Reinert and Andersen and Aarhus University Hospital, including information relevant to Guardant's claims against Natera, and in response to Natera's Amended Counterclaims against Guardant. Drs. Reinert and Andersen both reside in, and Aarhus University Hospital is located in, Denmark.

## FACTUAL BACKGROUND

Guardant brought this suit on May 27, 2021, asserting claims under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under California statutory and common law. As set forth in the Complaint, Guardant alleges that Natera's commercial advertising and promotion falsely and misleadingly compare Natera's Signatera assay to Guardant's Reveal assay, including comparisons that are based on a study conducted by Drs. Reinert and Andersen at Aarhus University Hospital, the results of which were published in the paper titled: "Analysis of Plasma Cell-Free DNA by Ultradeep Sequencing in Patients With Stages I to III Colorectal Cancer" in JAMA Oncology on May 9, 2019, JAMA Oncol. 2019;5(8):1124-1131 (the "Reinert Study") (submitted as Ex. N to Amended Counterclaims, Dkt. 90-14). E.g., Compl., ¶ 38 ("Natera's purported comparisons of the 'performance' of Signatera vs. Reveal largely rely on data published by Parikh et al. concerning Reveal, and data published by Reinert et al. for Signatera.") Dr. Reinert is the lead author of the Reinert Study, while Dr. Andersen is the Study's Corresponding Author. *See* Reinert Study at 1124.

Natera filed Amended Counterclaims against Guardant on September 7, 2021, Dkt. 90. Natera's Amended Counterclaims also cite the Reinert Study. E.g., Am. Countercl. ¶ 69 ("the [Parikh] Study's attribution of this biased, unscientific, and inconsistently applied 'surveillance' method to Reinert et al. was fraudulent because Reinert et al. contains no such analysis.").

Guardant's counsel corresponded with Natera's counsel regarding this Request, and Natera's counsel stated that "Natera does not oppose Guardant's request that Judge Chen issue the letters of request that you provided." Email from V. Parker to M.C. Amerine (Feb. 22, 2022) (Exhibit E).

## ARGUMENT

Both the United States and the Kingdom of Denmark are signatories of the Hague Evidence Convention. This Court has inherent authority to issue Letters of Request under the Convention, *Barnes and Noble, Inc. v. LSI* Corp, No. 11-cv-02709, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). Pursuant to U.S.C. § 1781(b)(2) and Article 1 of the Hague Evidence Convention, this Court

may send a Letter of Request to the competent authority of Denmark requesting that testimony or evidence be transmitted to this Court for use in this action. *See* Hague Evidence Convention, 23 U.S.T. 2555 ("In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence"); 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); *Barnes & Noble*, 2012 WL 1808849, at *2 ("A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action.")

"Judges in this district have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted and that '[t]he opposing party must show good reason for a court to deny an application for a letter rogatory.'" *Zoho Corp. Pvt. Ltd v. Freshworks, Inc.*, No. 20-cv-01869, 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021) (citations omitted). Here, Natera does not object to Guardant's application for the Letters of Request.

Motions for letters of request are "subject to the standards of Rule 26(b), which provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," including evidence that would not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.,* No. 17-cv-00308, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020).

Guardant seeks discovery from Drs. Reinert and Andersen and Aarhus University Hospital that is relevant to the claims and defenses in this case. The Natera advertising challenged by Guardant's claims relies, in part, on the Reinert Study, conducted and authored by Drs. Reinert and Andersen and their colleagues at Aarhus University Hospital (as well as Natera), and the Study enrolled patients from the Aarhus University Hospital surgical department. E.g., Compl. ¶ 33 (chart drawn from Natera May 2021 Investor presentation, comparing pre-surgical sensitivity in CRC);

*see also* Dkt. 12-10 at 13 (Investor presentation, citing Reinert Study). Evidence concerning the Reinert Study is thus relevant and material to Guardant's claims, as well as to its defense of Natera's Amended Counterclaims. E.g., Answer to Am. Countercl. (Dkt. 137), at 2d. Aff. Defense.

As the lead and corresponding authors of and the institution affiliated with the Reinert Study, Drs. Reinert and Andersen and Aarhus University Hospital are likely to possess relevant and material documents and information concerning the Reinert Study, including with respect to decisions regarding how the study was conducted and the data selected for inclusion in the final publication. The Letters of Request provide detailed and specific requests for this information. Furthermore, relevant and material information about how the Reinert Study was developed and conducted, and how the conclusions in the published paper were reached, can also be obtained through depositions of the Study's lead and corresponding authors and a representative of their affiliated institution.

## CONCLUSION

For the foregoing reasons, Guardant respectfully requests that the Court grant its Motion to Issue Letters of Request, and that the Court sign and seal the Letters of Request attached as Exhibits A, B, and C, and convey them, along with their translations and the parties' Joint Protective Order and translation, to the Central Authority of Denmark, the Danish Ministry of Justice.

Dated: March 14, 2022

**SHEARMAN & STERLING LLP**
**SAUL PERLOFF**

By: *s/Saul Perloff*
Saul Perloff

Attorney for Plaintiff
GUARDANT HEALTH, INC.

# [PROPOSED] ORDER

PURSUANT TO THE UNOPPOSED MOTION, IT IS SO ORDERED.

Dated: _____        _____
                                      Honorable Edward M. Chen
                                      United States District Judge