1

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

2

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com

3

Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com

4

Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com

5

Margaret H.S. Shyr (Bar No. 300253)
margaretshyr@quinnemanuel.com

6

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139

7

Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

8

9

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Valerie Lozano (Bar No. 260020)

10

865 Figueroa Street, 10th Floor
Los Angeles, California 90017

11

Telephone:      (213) 443-3000
Facsimile:      (213) 443-3100

12

13

Attorneys for Defendant and Counterclaim-
Plaintiff NATERA, INC.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17

GUARDANT HEALTH, INC.,

18

Plaintiff    and    Counterclaim-
Defendant,

19

vs.

20

NATERA, INC,

21

Defendant    and    Counterclaim-
Plaintiff.

22

23

24

25

26

27

28

Case No. 21-cv-04062-EMC

**NATERA'S MOTION *IN LIMINE* NO. 7
TO EXCLUDE REFERENCE TO,
EVIDENCE OF, OR ARGUMENT
REGARDING GUARDANT FILING ITS
LAWSUIT FIRST OR BEING THE SOLE
PLAINTIFF**

**Pretrial Conference:**
Date:        June 28, 2023
Time:        3:00 pm
Ctrm:        5 – 17th Floor
Judge:       Hon. Edward M. Chen

**Trial:**
Date:        July 24, 2023

## I.      INTRODUCTION

Natera moves *in limine* to exclude reference to, evidence of, or argument regarding Guardant filing its lawsuit first, or being the sole or primary plaintiff in this case.  Guardant's status as the party who filed first is not relevant to any issues in the case—which involves two competitors' independent claims against the other—and will only serve to unfairly prejudice the jurors against Natera.  Guardant published the first advertisement subject to challenge, yet won the race to the court house by a single day.  Any procedural advantage to presenting first to the jury should not be exacerbated by arguments about the order of filing or being the plaintiff.  Moreover, any suggestion Natera merely followed Guardant's lead, without the full procedural context (explained below) of the parties' competing false advertising claims mischaracterizes the record—including the actual timeline of events—and will confuse and mislead the jury.  It will also create serious risk that the jurors will be given the impression, with or without Guardant's help, that Natera's claims against Guardant are just "retaliatory" and thus should be disregarded.  Exclusion is therefore justified under Federal Rules of Evidence 401, 402, and 403.

## II.      ARGUMENT

Natera has been disputing the accuracy of Guardant's advertising for its Reveal test ever since Guardant first launched its marketing at the J.P. Morgan Healthcare Conference on or around January 10, 2021.  *See, e.g.*, Dkt. 90 (Natera Counterclaims) ¶¶ 44, 109, Ex. B.  This is **more than four months before** this case was filed in May 2021.

As Guardant's marketing campaign for Reveal ramped up, and Natera saw more and more of the false performance claims being made, Natera began to prepare a complaint against Guardant for false advertising under the Lanham Act and common law unfair competition.  It filed this complaint in the Western District of Texas on May 28, 2021, just one day after this case was filed by Guardant in this District.  *See* Complaint, *Natera, Inc. v. Guardant Health, Inc.*, No. 6:21-cv-00540-ADA-JCM (W.D. Tex. May 28, 2021), Dkt. 1.  Not long after filing, and in the interest of conserving judicial resources and promoting efficiency, Natera voluntarily dismissed its action in the Western District of Texas and chose to re-file its claims as counterclaims in this case.  *See* Dkt. 48 (Natera's Answer and Counterclaims filed June 22, 2021); Notice of Voluntary Dismissal

Without Prejudice, *Natera, Inc. v. Guardant Health, Inc.*, No. 6:21-cv-00540-ADA-JCM (W.D. Tex. June 24, 2021), Dkt. 11.  Both parties thus filed their false advertising claims within 24 hours of one another, and both parties have equal claim to being the "plaintiff" at this trial, even if by necessity one party must present its case before the other.

Any argument or evidence that suggests otherwise, or seeks to paint Natera as pursuing merely retaliatory claims, should be excluded for at least the following reasons.  **First**, the fact that Natera's claims against Guardant were filed one day after Guardant filed this suit is entirely irrelevant.  Under Federal Rule of Evidence 401, evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Here, the parties agree the issues to be decided by the jury all relate to liability and damages for false advertising—not the procedural technicality of who filed their claims first.  Guardant has not identified any claim, defense, or other issue to which this fact could possibly be relevant—nor could it.

**Second**, even if the relative timing of Guardant's complaint filing were somehow relevant (it is not), Guardant's representations that it filed first or that it is the sole or primary "plaintiff" would misrepresent the history between the parties and their claims against one another, and should therefore be excluded under Federal Rule of Evidence 403.  Natera was first alerted to Guardant's false and misleading advertising when Guardant announced the commercial launch of Reveal in January 2021, proclaiming that Reveal has, among other things, 91% sensitivity in the surveillance setting.  *See, e.g.*, Dkt. 90 (Natera Counterclaims) ¶¶ 44, 92-97, 109, Ex. B.  Natera's claims did not come only in response to Guardant's lawsuit; instead, Natera filed its own lawsuit against Guardant in the Western District of Texas.  That Guardant "won" the race to the courthouse by filing its lawsuit one day earlier is immaterial.

Courts have held that litigants should not be rewarded simply because of the timing of the filing relative to another where the later-in-time lawsuit is entirely legitimate.  *See, e.g.*, *Carrizosa v. Chiquita Brands Int'l, Inc.*, No. 07-60821-CIV, 2007 WL 3458987, at *4 (S.D. Fla. Nov. 14, 2007) ("Defendants should not be 'rewarded' with a change of venue merely because plaintiffs in the D.C. action 'won' the race to the courthouse when Plaintiffs' choice of venue in this action was

legitimate."); *Southern Union Co. V. Southwest Gas Corp.*, 165 F. Supp. 2d 1010, 1044-45 (D. Ariz. 2001) ("Where the difference in time of filing is so close, it is fair to treat the competing actions as contemporaneously filed.") (quotation omitted).  Here, Natera voluntarily dismissed the parallel action and brought its affirmative claims in this case as counterclaims in the interests of efficiency and judicial economy.  Guardant should not gain a tactical advantage of portraying itself as first-to-file or the sole or primary plaintiff in this case simply because of Natera's decision to consolidate these actions and have all related issues heard together.  The jury will be confused by the procedural history of the two parties' claims if Guardant is allowed to present itself and its claims in this way and Natera is required to waste trial time explaining the true timeline.  Piling on to the injury, referencing Guardant as the first-to-file or nominal plaintiff can give the jury the wrong impression that there is a *primary* party that has suffered harm in this case, which will further confuse the jury and potentially skew the jury's view in Guardant's favor when it comes to assessing damages.

*Third*, even if Guardant does not expressly refer to Natera's claims as "retaliatory," there is a substantial risk that the jury will reach this erroneous conclusion on its own, based on reference to Guardant filing first (or being the "plaintiff") and the case proceeding with Guardant's presentation first.  The jury could improperly infer from this that Natera's claims in this action are insignificant compared to Guardant's or merely a tactical gambit, and determine (wrongly) that those claims lack merit on this basis.  This potential but serious risk of undue prejudice to Natera could taint the entire trial proceeding as well as its outcome.  As such, it is another independent reason to grant Natera's motion under Federal Rule of Evidence 403.

## I.     CONCLUSION

For all the reasons above, Natera's motion *in limine* to exclude reference to, evidence of, or argument regarding Guardant filing its lawsuit first or being the sole or primary plaintiff in this case should be granted.  At a minimum, Guardant should be prohibited from making any argument or presentation to suggest that Natera's claims are in any way retaliatory.

1    DATED:  May 26, 2023                     Respectfully submitted,

2                                             QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP
3

4

5                                             By _____/s/ Kevin P.B. Johnson_____
                                                 Kevin P.B. Johnson
6                                                Attorneys for Defendant and Counterclaim-
                                                 Plaintiff NATERA, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Saul Perloff (157092)**
saul.perloff@shearman.com
**Katharyn Grant** *(pro hac vice)*
kathy.grant@shearman.com
**Andre Hanson** *(pro hac vice)*
andre.hanson@shearman.com
**Olin "Trey" Hebert** *(pro hac vice)*
trey.hebert@shearman.com
**SHEARMAN & STERLING LLP**
300 W. Sixth Street, 22nd Floor
Austin, Texas 78701
Telephone   (512) 647-1900

**Lillian Mao (267410)**
lillian.mao@shearman.com
**SHEARMAN & STERLING LLP**
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone   (650) 838-3600

**Christopher LaVigne** *(pro hac vice)*
christopher.lavigne@sherman.com
**SHEARMAN & STERLING LLP**
599 Lexington Ave
New York, NY 10022
Telephone   (212) 848-4000

**Attorneys for Plaintiff/Counter-claim
defendant GUARDANT HEALTH, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., | Case No. 3:21-cv-04062-EMC |
| Plaintiff, | **PLAINTIFF GUARDANT HEALTH, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT NATERA, INC'S MOTION IN LIMINE NO. 7: MOTION TO EXCLUDE REFERENCE TO, EVIDENCE OF, OR ARGUMENT REGARDING GUARDANT FILING ITS LAWSUIT FIRST OR BEING THE SOLE PLAINTIFF** |
| vs. | |
| NATERA, INC., | |
| Defendant. | |
| | **Pretrial Conference:** |
| | Date:          June 28, 2023 |
| | Time:          3:00 p.m. |
| | Place:          Courtroom 5 |

Plaintiff/Counter-defendant Guardant Health, Inc. ("Guardant") respectfully opposes Defendant/Counter-plaintiff Natera, Inc.'s ("Natera") Motion *in Limine* No. 7, "to exclude reference to, or evidence of, or argument regarding Guardant filings its lawsuit first or being the sole plaintiff'" ("Natera MIL No. 7").

## I.    INTRODUCTION

Natera's MIL No. 7 asks the Court to preclude Guardant from accurately stating it is the "plaintiff" in this case, on the ground the jury will see Guardant as the plaintiff; Natera also seeks to bar Guardant from arguing that Natera's remaining counterclaims are meritless, on the ground the jury will find Natera's those counterclaims are, in fact, meritless. Natera cites no apt authority in support of its arguments, and instead bases them on a reimagined procedural history that is simply not accurate. Guardant was the first to put Natera on notice of this dispute through a cease-and-desist letter, and was then the first to file litigation. Natera second-filed a complaint in the Western District of Texas two days after telling Guardant its counsel needed to "get[] up to speed" on the case, and issued a press release admitting its claims were filed *in response to* Guardant's lawsuit. Dkt. 67-1. Having served its purpose as an excuse for its press release, Natera voluntarily dismissed its second-filed suit. By every measure, Guardant is the plaintiff in this case. It can call itself such.

Natera's demand that Guardant not be allowed to argue to the jury that Natera's claims are "insignificant," "a tactical gambit," and "lack merit," Natera MIL No. 7 at 1, turns trial advocacy on its head. Guardant of course should be allowed to argue to the jury that Natera's counterclaims are meritless, and unless otherwise resolved by the Court, the jury will have to decide if Guardant is right. Barring Guardant from advocating for this specific outcome makes no sense, and is contrary to consistent authority. Natera MIL No. 7 should be denied in its entirety.

## II.    GUARDANT SHOULD BE ALLOWED TO CALL ITSELF THE "PLAINTIFF"

Natera offers no authority that as the plaintiff, Guardant should not be able to refer to itself as "the plaintiff." In rejecting a somewhat similar motion, Judge McMahon reasoned that a party should not be precluded from using accurate descriptions, even if the other party doesn't like it:

> Plaintiffs move *in limine* for an order allowing them to refer to themselves as "payors" while prohibiting Defendants from using the term "insurers" to refer to the Plaintiff Class. (Docket No. 754). The motion is granted to the extent that Plaintiffs

may refer to themselves as "payors" if they like. **But Defendants may refer to the members of the Plaintiff Class in any way that is accurate – they need not use the term that is preferred by the class members.** I can see no reason to keep from the jurors the fact that the Plaintiff Class includes insurers as well as self-insured entities.

*In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-6549, 2022 WL 3362429, at *2 (S.D.N.Y. Aug. 15, 2022) (emphasis added). So too here; Guardant should not be forced to call itself some term other than "plaintiff," merely because that is Natera's preference.

Guardant in fact is the "plaintiff" in this case, and there is no reason that fact should be hidden from the jury. And while Guardant has no idea if it will refer to Natera's countersuit as "retaliatory," that description too is entirely accurate. In May 2021, while Guardant was preparing for the full-scale, national launch of Reveal, it became aware of Natera's aggressive and pervasive negative comparative ad campaign against Reveal. Thus, on May 21, 2021, Guardant sent a cease-and-desist letter to Natera's CEO, Steve Chapman, which set forth in detail Guardant's analysis as to how and why Natera's campaign constituted false advertising. Dkt. 16-3 (citing Natera's performance comparison chart, and explaining: "Cross-test comparisons, especially where the purposes and methodologies of the underlying studies differ significantly, and/or where the studies are conducted in different patient populations, necessarily lead to a misleading apples-to-oranges result that cannot be used legitimately to claim that one test is superior to the other."), Ex. 1449.

Natera's counsel responded on May 26, 2021, stating they were "recently retained in relation to the issues raised" in Guardant's cease-and-desist letter, and asked for additional time to respond, to allow counsel to "get[] up to speed . . . ." Letter from T. Melsheimer to S. Perloff (May 26, 2021), Ex. 1450. While Guardant's counsel worked with Natera's counsel to try and avoid motion practice for a temporary restraining order, Dkt. 27, Tr. of Hrg. (Jun. 3, 2021) at 3:7-4:13, Ex. 1452 Guardant did not grant Natera's request for delay, and filed its Complaint on March 27, 2021. Dkt. 1.

Apparently, it did not take long for Natera's counsel to get up to speed, because the next day, Natera's counsel filed Natera's complaint in the Western District of Texas. Dkt. No. 1, Case No. 6:21-cv-540 (May 28, 2021). Natera then immediately issued a press release about its second-filed suit, acknowledging it was "in response" to Guardant's suit. Dkt. 67-1 (May 28, 2021 press

release) ("Natera Responds to Meritless Lawsuit"), Ex. 1451. Notably, the press release, which remains publicly available, repeats Natera's literally false advertising claims regarding presurgical sensitivity, "longitudinal" sensitivity, and lead time. *See id.* Natera then voluntarily dismissed the Texas complaint, Dkt. No. 11, Case No. 6:21-cv-540 (Jun. 24, 2021), and filed a version of it as counterclaims in this case. Dkt. 48 (Jun. 22, 2021). When Guardant moved to dismiss, Dkt. 77, Natera abandoned its initial pleading in favor of its Amended Counterclaims, Dkt. 90, which were later pared down on this Court's dismissal and summary judgment orders. Dkt. Nos. 120, 326.

Natera argues that, in the context of a forum-transfer motion, the first-to-file rule has less impact if the second suit was filed within a few days of the initial suit. Natera MIL No. 7 at 2-3. But this authority is irrelevant to whether Guardant, as the plaintiff in this case, should be able to refer to itself as "the plaintiff."[1] Moreover, Judge Albright—who presided over Natera's second-filed action in the Western District of Texas—has made clear that "when the first-to-file rule is invoked, the first-filed court should typically resolve the question of how to proceed." *Satco Prods., Inc. v. Signify NA Corp.,* No. 6:21-cv-0246, 2021 WL 4200619, at *2 (W.D. Tex. Sept. 14, 2021) (Albright, J.); *Gonzalez v. UnitedHealth Grp., Inc.,* No. 6:19-cv-0700, 2020 WL 2992174, at *1-4 (W.D. Tex. Jun. 3, 2020) (Albright, J.) (first-to-file rule applies absent "compelling circumstances"). Had Natera not voluntarily dismissed its suit, Judge Albright almost certainly would have been transferred it to this Court. And Guardant would still be the first-to-file plaintiff.

Moreover, an exception to the "first-to-file" rule applies where a first-filing is *anticipatory*, and reacts to the putative defendant's cease-and-desist letter. "Courts have found that the party filing suit in anticipation of a suit in another forum should not be rewarded for what amounts to forum shopping." *PAJ, Inc. v. Yurman Design, Inc.*, No. 3:98-cv-2847, 1999 WL 68651, at *3 (N.D. Tex. Feb. 9, 1999) ("In the present suit, application of the 'first-to-file' rule would penalize Yurman who made a good faith effort to resolve the matter without the assistance of the Courts through its

---

[1] One of the two cases cited by Natera, *Carrizosa v. Chiquita Brands Int'l, Inc.*, No. 07-60821-CIV, 2007 WL 3458987 (S.D. Fla. Nov. 14, 2007), isn't even apposite for the inapposite argument Natera raises. There, the plaintiffs' family members had been murdered by a terrorist organization funded by a subsidiary of the defendant. The defendant moved to transfer to the District of Columbia, where it had pled guilty to criminal charges. As the court explained in denying the motion and rejecting any application of the first-to-file rule, the prior "case involves separate plaintiffs with separate causes of action," and a transfer was otherwise unwarranted. *Id.* at *4.

cease and desist letter."); *Prohbtd Media, Inc. v. VMR Prod., LLC*, No. 18-cv-5593, 2018 WL 6012224, at \*5 (C.D. Cal. Nov. 13, 2018). Thus, had Natera's May 26, 2021 letter lulled Guardant into inaction, and if Natera "won" a "race to the courthouse," Natera's suit would have been construed as anticipatory forum shopping in light of Guardant's cease-and-desist letter, Natera's claims still would have been transferred to this Court, and Guardant would still be the plaintiff.

In sum, no matter how Natera tries to recast the past, the facts are plain: Guardant first gave notice of a dispute, first filed its action, maintained virtually the entirety of its claims through summary judgment, and will now present those claims to the jury. There is simply no reason the jury should not know that Guardant is plaintiff in this case.

## III.   GUARDANT MAY ASK THE JURY TO FIND NATERA'S CLAIMS *MERITLESS*

Natera offers no authority in support of its contention that Guardant should not be allowed to argue that Natera's claims are "retaliatory," "insignificant compared to Guardant's," "merely a tactical gambit," or that Natera's "claims lack merit . . . ." Natera MIL No. 7 at 3. But it is entirely appropriate for Guardant's counsel to advocate for the jury to reach those very conclusions, and barring such advocacy would be both unfair and prejudicial.

Courts routinely reject motions *in limine* that seek to forestall legitimate advocacy for a verdict in a party's favor, including direct attacks on the merits of the opposing party's claims:

> Plaintiff next seeks to prevent Defendants from arguing that the Plaintiff's claims are frivolous; or that "anyone can 'pay some money and make up a lawsuit against another without any legal basis' trying to imply that this lawsuit is 'frivolous' or 'without merit.'" (Doc. # 80, p. 7). **This is without merit.**
>
> ***The court finds that this would unduly restrict counsel from arguing that the Plaintiff's claim is without merit based on what he argues to be the facts.*** Accordingly, Plaintiff's motion *in limine* no. 14 is due to be denied.

*Trinidad v. Moore*, No. 2:150cv0323, 2016 WL 5402683, at \*4 (M.D. Ala. Sept. 26, 2016) (emphasis added). As another court explained:

> Mr. Gomez moves to bar the defendants' attorneys and witnesses from stating that the plaintiff's claims are "frivolous" or have "no merit." In addition, he requests that the court preclude the defendants' witnesses from making any "other general statements regarding the merit of [his] case". He argues that such testimony is irrelevant and its probative value substantially outweighed by its prejudicial effect. The defendants do not agree. They construe Mr. Gomez's motion as seeking to "exclude testimony and argument that [the plaintiff's] claims are meritless: in other

words, to exclude testimony that probable cause supported Plaintiff's arrest and that the force used to subdue him was reasonable under the circumstances."

With respect to what counsel may argue, ***it is not improper for an attorney to argue lack of merit or frivolity to a jury during closing argument. Therefore, counsel is not barred from characterizing Mr. Gomez's claims as "frivolous" or having "no merit" during closing argument.***

*Gomez v. City of Miami Beach*, No. 09-cv-12948518, at *1 (S.D. Fla. Mar. 2, 2012) (emphasis added); *accord,* e.g., *Barry v. Shell Oil Co.*, No. 2:15-cv-004, 2018 WL 2327379, at *3 (D. Alaska May 22, 2018) (rejecting motion *in limine* to preclude argument "that Barrys own claims are 'frivolous' or 'without merit,'" concluding: "A contention that Barry's claims lack merit is clearly proper. Indeed, the very purpose of the trial will be to determine if his claims have merit."); *Hoeltzell v. Caldera-Graphics*, No. 11-cv-21245, 2012 WL 13012758, at *1 (S.D. Fla. Jun. 13, 2012) (denying "Plaintiffs' Motion *In Limine* Regarding Mention that this Case is Frivolous").

While Natera claims that the very nature of its counterclaims is somehow not "relevant," Natera MIL NO. 7 at 2, its own narrative proves that argument false. To cast itself as the truly aggrieved party, Natera spins a fictional version of events it apparently intends to present to the jury: That Natera's interest in Guardant only arose after Guardant announced the Parikh Study results at the January 10, 2021 JP Morgan Healthcare Conference; that Natera very quickly became concerned about Guardant's supposed "false performance claims" based on the Parikh Study; and thus "Natera's claims did not come only in response to Guardant's lawsuit." Natera MIL No. 7 at 1-2. But Natera's account is not accurate, and certainly is not one the jury *must* accept. ██████

██████████████████████████████████████████████████████████████████ ██████████████████ Ex. 432, NATERA_226834 at 835 (Sept. 30, 2019). Thus, by late 2019, ██████████████████████████████████████████████████████████████████ ████████. Ex. 128, NATERA_230768, at 785 & 787 (Signatera CRC field deck).

Natera's aggression ramped up dramatically after Guardant disclosed the Parikh Study's results, but only because Natera feared that Guardant's launch of Reveal ██████████████ ██████████████████████████████████████████████████████████ Ex. 435, NATERA_439083 at 084 (Jan. 13, 2021). Thus, Natera ████████████████████████

1   ████████████████████. Ex. 289, NATERA_005902 at 904 (Mar. 3, 2021) (S. Chapman).

2   But while Natera aggressively attacked the Parikh Study even before it was published, internally,

3   Natera admitted: ██████████████████████████ Ex. 437,

4   NATERA_320143 (Feb. 9, 2021) (S. Chapman) (████████████████████████

5   ████████████████████████████████████ *see also* Ex. 436,

6   NATERA_441662 (Feb. 4, 2021) (S. Chapman, stating: ██████████████████

7   ████████████████████████████████████████████

8   ██████████████████████████). Notwithstanding these private

9   beliefs, Natera set out to convince doctors ██████████████, Ex. 284,

10  NATERA_345228, ████████████████ Ex. 121, NATERA_440915, at 915 (May

11  4, 2021 email).

12          In short, the jury will have ample evidence from which it can draw the conclusion that

13  Natera's scorched-earth campaign against Guardant and Reveal, involving ████████████

14  ████████████████ and deliberately and literally false comparisons—all

15  sent with the specific intent to injure Guardant, ████████████, and to convince doctors that

16  Reveal was ████████████—represent the real claims at issue in this suit. In contrast,

17  Natera's remaining counterclaims—based on critiques of the Parikh Study's use of the terms

18  "blinded" and "prospective" (critiques that apply with equal—or greater—force to Natera's own

19  Reinert Study) and complaints based on a draft ad that was corrected before approved for use, are

20  in fact retaliatory, insignificant, merely a tactical gambit, and ultimately meritless. It is fair and

21  reasonable that Guardant should be able to advocate for the jury to reach that conclusion.

22  **IV.    CONCLUSION**

23          The Court should deny Natera MIL No. 7 in its entirety.

24

25

26

27

28

Dated: June 5, 2023

**SHEARMAN AND STERLING, LLP**

By:  */s/ Saul Perloff*
     Saul Perloff

Attorneys for Plaintiff/Counter-Defendant
GUARDANT HEALTH, INC.