# EXHIBIT 16

**5 McCarthy on Trademarks and Unfair Competition § 27:54.50 (5th ed.)**

**McCarthy on Trademarks and Unfair Competition, Fifth Edition** | June 2023 Update
J. Thomas McCarthy

**Chapter 27. Lanham Act § 43(a) and False Advertising**

**II. Lanham Act § 43(a)**

**F. False Representations Under § 43(a)**

**2. Literally False and Misleading Representations**

# § 27:54.50. Commercial messages false by necessary implication

References

***Author's Introduction***. For reasons never clearly explained, some courts will place in the "literally false" category claims that are not explicitly false, but are said to be literally false by "necessary implication." The problem is that this in-between category creates a hazy zone in the law between the otherwise discrete categories of "literally false" and "misleading." This false by "necessary implication" category smudges an otherwise clear line of demarcation between "literally false" and "misleading." In the author's view, it serves to make the rules of false advertising more unpredictable and uncertain, raising the costs of litigation.

**False by Necessary Implication**. Some courts will place in the literally false category claims that are not clearly false, but false by "necessary implication." [1] The First Circuit said that: "A claim is conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." [2]

***Example: The Star Trek Starship Television Advertisement for Satellite TV.*** The Second Circuit applied the "false by necessary implication" rule in a 2007 case, saying that under the rule: "If the words or images, considered in context, necessarily imply a false message, the advertisement is literally false and no extrinsic evidence of consumer confusion is required." [3] The Second Circuit found literally false a TV advertisement for a satellite television service because it falsely touted its superiority over plaintiff's cable service. The TV ad showed William Shatner in his role as Captain James T. Kirk on the bridge of a Star Trek spaceship. Captain Kirk is asked by Mr. Checkov if they should raise the shields and he responds: "At ease, Mr. Chekov. Again with the shields. I wish he'd just relax and enjoy the amazing picture clarity of the DIRECTV HD we just hooked up. With what Starfleet just ponied up for this big screen TV, settling for cable would be illogical." At that, Mr. Spock clears his throat, prompting Captain Kirk to say: "What, I can't use that line?" This dialog did not explicitly compare the picture quality of defendant's DIRECTV satellite television with that of plaintiff's cable. However, the court said that that Kirk-Shatner's assertion that "settling for cable would be illogical," considered in light of Kirk's preceding praise of the satellite service's picture quality and the advertisement as a whole, "unambiguously made the false claim that cable's HD picture quality is inferior to that of" defendant's satellite service. [4]

***Criticism of the False by Necessary Implication Rule***. The false by "necessary implication" rule serves to expand the category of ads that fall into the "literally false" category, thereby lessening the burden of proof on plaintiff and increasing litigation

 © 2023 Thomson Reuters. No claim to original U.S. Government Works. 

over false advertising. The "false by necessary implication" rule has been criticized as being "oxymoronic" and having no statutory basis. [5]

Westlaw. © 2023 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

## Footnotes

1 **First Circuit**. Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 35, 56 U.S.P.Q.2d 1385, 2000-2 Trade Cas. (CCH) ¶ 73068, 47 Fed. R. Serv. 3d 1166 (1st Cir. 2000) (Reversing dismissal for failure to state a claim of any type of false or misleading advertising. "[W]e must evaluate whether the complaint, as supplemented by the advertising copy, alleges facts that would allow a rational fact-finder to conclude that Proctor & Gamble's advertisements make a superiority claim either explicitly or by necessary implication.").

**Second Circuit**. Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 158, 35 Media L. Rep. (BNA) 2204, 83 U.S.P.Q.2d 1897, 2007-2 Trade Cas. (CCH) ¶ 75835 (2d Cir. 2007) ("[We] now formally adopt what is known in other circuits as the 'false by necessary implication' doctrine." Facts of this case are discussed in text); Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1367, 105 U.S.P.Q.2d 1672, 2013-1 Trade Cas. (CCH) ¶ 78244 (Fed. Cir. 2013) (Applying Second Circuit law. Plaintiff "has pleaded a plausible claim of falsity, whether literal or by necessary implication" because the accused advertisement could be false under a plausible interpretation of its meaning.).

**Third Circuit**. Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmaceuticals Co., 290 F.3d 578, 586–587, 62 U.S.P.Q.2d 1757, 2002-1 Trade Cas. (CCH) ¶ 73672 (3d Cir. 2002) ("A 'literally false' message may be either explicit or 'conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated.' …. The phrase 'nighttime strength' therefore necessarily conveys a message that the MNTS product is specially made to work at night.").

**Fourth Circuit**. Design Resources, Inc. v. Leather Industries of America, 789 F.3d 495, 503, 2015-1 Trade Cas. (CCH) ¶ 79207 (4th Cir. 2015) (Challenged ad was not false by necessary implication. "In making this argument [plaintiff] DRI asks us to reach entirely outside the face of the ad and into the context surrounding the ad's publication to uncover a false message it argues is necessarily implied.").

**Fifth Circuit**. Eastman Chemical Co. v. Plastipure, Inc., 775 F.3d 230, 240, 113 U.S.P.Q.2d 1405 (5th Cir. 2014) (Court did not need to decide if it would adopt the false by necessary implication rule.).

**Ninth Circuit.** Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 42 U.S.P.Q.2d 1097, 1140, 1997-1 Trade Cas. (CCH) ¶ 71742, 46 Fed. R. Evid. Serv. 797 (9th Cir. 1997) (Plaintiff may show that "the statement was literally false, either on its face or by necessary implication…" Triable issue of fact existed on whether the challenged ad was literally false.).

2 Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 35, 56 U.S.P.Q.2d 1385, 2000-2 Trade Cas. (CCH) ¶ 73068, 47 Fed. R. Serv. 3d 1166 (1st Cir. 2000) (Court found that plaintiff had stated a claim that the "overall theme" of the challenged advertisement was that bleach is unnecessary if clothes were washed with defendant's detergent. "[W]e … conclude that it remains reasonable to interpret these advertisements as making by necessary implication a superiority claim for [defendant's] Ace [detergent] over chlorine bleach.").

3 Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 158, 35 Media L. Rep. (BNA) 2204, 83 U.S.P.Q.2d 1897, 2007-2 Trade Cas. (CCH) ¶ 75835 (2d Cir. 2007) (But cautioning that "if the language or graphic is susceptible to more than one reasonable interpretation, the advertisement cannot be literally false."). *See* Johnson & Johnson-Merck Consumer Pharmaceuticals Co. v. Procter & Gamble Co., 285 F. Supp. 2d 389, 392, 68 U.S.P.Q.2d 1631 (S.D. N.Y. 2003), judgment aff'd, 90 Fed. Appx. 8, 2003-2 Trade Cas. (CCH) ¶ 74227 (2d Cir. 2003) ("The bottom line is that a statement, although literally true, can for all practical purposes, convey a false message. The Court finds that P & G's advertisements fit well within that definition and well within the category of falsity by necessary implication or, under the common law phraseology, of a half-truth.").

4 Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 158, 35 Media L. Rep. (BNA) 2204, 83 U.S.P.Q.2d 1897, 2007-2 Trade Cas. (CCH) ¶ 75835 (2d Cir. 2007).

5 R.J. Leighton, Literal Falsity by Necessary Implication: Presuming Deception Without Evidence in Lanham Act False Advertising Cases, 97 Trademark Rptr. 1286, 1308 (2007) ("By making it easier to meet the burdens of proving Lanham Act elements and the criteria for receiving injunctive remedies, the necessary implication doctrine may lead to more litigation by sophisticated competitors that hope to use the evidentiary shortcut to obtain an early knockout.").

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.