UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATERA, INC.,<br><br>    Defendants. | Case No. 21-cv-04062-EMC<br><br>**ORDER ON REVISING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

    The parties have filed several administrative motions to file under seal. *See* Docket Nos. 369, 441, 451, 454, 463, 464, 466, 506, 517. In general, the parties' proposals are far too broad. *See* L.R 79-5(f)(6) ("overly broad requests to seal may result in the denial of the motion").

    Motions for an order concerning administrative relief "must set forth specifically … the reasons supporting the motion." L.R. 7-11(a). Pursuant to the local rules, a motion to file under seal must include "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." L.R. 79-5(c) (emphasis in original). For dispositive motions and judicial records attached to a dispositive motion, a party seeking to seal a document "must 'articulate *compelling* reasons supported by specific factual findings" to warrant redacting. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (emphasis added).[1] Information may be sealed only if it represents confidential "business information that might harm a litigant's competitive standing" or a "trade secret[]." *In re*

---

[1] For non-dispositive motions there is a "good cause" standard. *Kamakana*, 447 F.3d at 1180.

*Electronic Arts, Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008).  However, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  *Kamakana*, 447 F.3d at 1184.

Here, for example, Natera moved to seal eighteen entire exhibits to its motions *in limine*. *See* Docket No. 369; *see also* L.R. 79-5(a) ("A party must … minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)").  Natera provided no reason for sealing these exhibits, some of which include key expert depositions and internal emails which on their face do not appear to include confidential business information or trade secrets.  As another example, in Natera's opposition to the motion to strike the supplemental report of Dr. Howard S. Hochster, Natera sought to redact: "Guardant manipulated the Parikh Study and misrepresented its results, including most notably in the surveillance setting…"  Docket No. 451.  The fact that a document puts Guardant in an unfavorable light does not satisfy the "compelling reasons" standard.

Thus, for Docket Nos. 369, 441, 451, 454, 463, 464, 466, 506, and 517, the moving party must re-submit their compliant administrative motions to file under seal by **Wednesday, June 5, 2024**.  The parties must narrow their requests for redactions and provide declarations establishing why each redaction is within the meaning of the local rule.  Failure to comply with this order may result in complete denial of the motion.

**IT IS SO ORDERED**.

Dated: May 29, 2024

_____
EDWARD M. CHEN
United States District Judge

2