# Exhibit A

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Guardant Health, Inc.<br>*Plaintiff*<br>v.<br>Natera, Inc.<br>*Defendant* | )<br>)<br>) Civil Action No. 3:21-cv-04062<br>)<br>)<br>) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Howard Hochster
c/o Quinn Emanuel Urquhart & Sullivan, LLP

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See Attachment A

| Place: Shearman & Sterling, LLP<br>300 West Sixth Street, Suite 2250<br>Austin, Texas 78701 | Date and Time:<br>TBD |
|---|---|

The deposition will be recorded by this method: Videography and Stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/08/2024

*CLERK OF COURT*
OR
/s/ Saul Perloff

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Guardant Health, Inc , who issues or requests this subpoena, are:
Saul Perloff (saul.perloff@shearman.com) 512-647-1970
Shearman & Sterling, LLP - 300 W. Sixth Street, Suite 2250, Austin, Texas 78701

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:21-cv-04062

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Saul Perloff (157092)
saul.perloff@shearman.com
Kathy Grant *(pro hac vice)*
kathy.grant@shearman.com
Andre Hanson *(pro hac vice)*
andre.hanson@shearman.com
Olin "Trey" Hebert *(pro hac vice)*
trey.hebert@shearman.com
SHEARMAN & STERLING LLP
300 W. Sixth Street, 22nd Floor
Austin, Texas 78701
Telephone     (512) 647-1900

Christopher LaVigne *(pro hac vice)*
christopher.lavigne@sherman.com
SHEARMAN & STERLING LLP
599 Lexington Ave
New York, NY 10022
Telephone     (212) 848-4000

Jennifer L. Keller (84412)
jkeller@kelleranderle.com
Chase Scolnick (227631)
cscolnick@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
Telephone   (949) 476-0900

Attorneys for Plaintiff/Counterclaim-Defendant
GUARDANT HEALTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NATERA, INC., a Delaware corporation, <br><br> Defendant. | Case No. 3:21-cv-04062-EMC <br><br> **GUARDANT HEALTH INC.'S NOTICE OF SUBPOENA DUCES TECUM TO TESTIFY ISSUED TO NON-PARTY HOWARD S. HOCHSTER, M.D.** |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff Guardant Health, Inc. ("Plaintiff" or "Guardant"), through undersigned counsel, will take the following oral and videotaped deposition before a duly authorized officer to administer oaths:

**Witness:** **Howard Hochster**

Date: TBD[1]

Time: 9:30 a.m. (Eastern)

Place: Shearman & Sterling, LLP
599 Lexington Avenue
New York, NY 10022

The deposition will continue from day to day (Sundays and holidays excluded) until completed. The deposition will be taken for discovery, for use at trial or hearings, and for any other purpose permitted under the orders of the presiding Court and the Federal Rules of Civil Procedure. The deposition will be upon oral examination before a Court Reporter and Notary Public or officer authorized by law to take depositions and will be recorded by stenographic, audio and/or audiovisual means including a videographer pursuant to FED. R. CIV. P. 30(b)(3).

PLEASE TAKE FURTHER NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Guardant hereby directs the document requests, described below, to **Howard Hochster** and requests that **no later than March 18, 2024 produce responsive documents** at the offices of Shearman & Sterling LLP, 300 W. 6th St., 22nd Floor, Austin, TX 78701.

Dated: March 8, 2024

**SHEARMAN & STERLING LLP**
**SAUL PERLOFF**

By:  /s/ Saul Perloff
   Saul Perloff

Attorney for Plaintiff
GUARDANT HEALTH, INC.

---

[1] Subject to the availability of the witness and counsel.

- 2 -
GUARDANT HEALTH INC.'S NOTICE OF SUBPOENA DUCES TECUM TO TESTIFY ISSUED TO NON-PARTY HOWARD S. HOCHSTER

DOCUMENT PREPARED ON RECYCLED PAPER

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 8, 2024 to all counsel of record via email as listed below.

| | |
|---|---|
| Kevin P.B. Johnson | kevinjohnson@quinnemanuel.com |
| Victoria F. Maroulis | victoriamaroulis@quinnemanuel.com |
| Andrew J. Bramhall | andrewbramhall@quinnemanuel.com |
| Anne S. Toker | annetoker@quinnemanuel.com |
| Andrew Naravage | andrewnaravage@quinnemanuel.com |
| Elle Wang | ellewang@quinnemanuel.com |

                                                  */s/ Saul Perloff*
                                                      Saul Perloff

- 3 -
GUARDANT HEALTH INC.'S NOTICE OF SUBPOENA DUCES TECUM TO TESTIFY ISSUED TO NON-PARTY HOWARD S. HOCHSTER, M.D.
Case No. 3:21-cv-04062-EMC

Document Prepared on Recycled Paper

# ATTACHMENT A

# INSTRUCTIONS

1.   Pursuant to the Protective Order in this case entered on July 1, 2021, a non-party producing documents in the course of this action may designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the same constraints as the parties to this action. *See* Section 10.a of the Protective Order, attached hereto as Exhibit 1.

2.   References to the singular shall include the plural, references to the plural shall include the singular, references to one gender shall include the other, references to past tense shall include the present, and references to the present tense shall include the past tense.

3.   Your attention is directed to Rule 26(b)(5) of the Federal Rules of Civil Procedure for the information to be provided where a claim of privilege is asserted.

4.   If any document requested was, but is no longer, in your possession, custody, or control, state the subject matter of the document, its disposition, and the date or dates upon which such disposition was made, and additionally, produce all documents relating to the disposition of such document.

# DEFINITIONS

1.   ***ASCO-GI 2024.*** The term 'ASCO-GI 2024" means the American Society of Clinical Oncology Gastrointestinal Cancers Symposium which took place in San Francisco, California and online from January 18-20, 2024.

2.   ***BESPOKE.*** The term "BESPOKE" means NCT04265702, BESPOKE Study of ctDNA Guided Therapy in Colorectal Cancer.

3.   ***COBRA.*** The term "COBRA" means NRG-GI005, Phase II/III Study of Circulating Tumor DNA as a Predictive Biomarker in Adjuvant Chemotherapy in Patients with State IIA Colon Cancer (COBRA).

4.   ***COBRA INVESTIGATORS***. The term "COBRA INVESTIGATORS" means Van K. Morris, MD, Greg Yothers, PhD, Scott Kopetz, MD, PhD, Shannon L. Puhalla, MD, Peter C. Lucas, MD, PhD, Atif Iqbal, MD, Patrick M. Boland, MD, Dustin A. Deming, MD, Aaron J. Scott, MD, Howard J. Lim, MD, PhD, Samuel A. Jacobs, MD, Theodore S. Hong, MD, Norman

Wolmark, MD, and Thomas J. George, MD, FACP,

5. **_Communication_**. The term "COMMUNICATION(S)" means the transmittal, conveyance, or exchange of information (in the form of facts, ideas, inquiries, or otherwise) whether by written, oral or any other means, including, but not limited to meetings; presentations; seminars and/or webinars; letters; facsimiles; or electronic communications of any type, including but not limited to electronic mail, direct messages, private messages and text messages, including all enclosures or attachments accompanying the communication.

6. **_Concerning_**. The term "CONCERNING" means relating to, referring to, regarding, describing, evidencing or constituting.

7. **_Document_**. The term "DOCUMENT(S)" means all types of documents, electronically stored information and tangible things that are discoverable under the Federal Rules of Civil Procedure, regardless of their form. The term "document" includes but is not limited to: writings, drawings, graphs, charts, photographs, sound recordings, videos, slides, images and other data or data compilations stored in any medium from which information can be obtained. A draft of a non-identical copy is a separate document within the meaning of this term.

8. **_Guardant_**. "GUARDANT" means Plaintiff Guardant Health, Inc. including its officers, directors, employees and subsidiaries.

9. **_Hochster Supplement._** The term "HOCHSTER SUPPLEMENT" means the Supplemental Expert Report of Howard S. Hochster, M.D., dated January 31, 2024, and submitted in THIS LAWSUIT, inclusive of its Exhibits.

10. **_MRD_**. The term "MRD" means minimal residual disease.

11. **_NCI_**. The term "NCI" means the National Cancer Institute including its officers, directors and employees.

12. **_NRG_**. The term "NRG" means NRG Oncology Foundation, Inc. including its officers, directors and employees.

13. **_Natera_**. "NATERA" means Defendant Natera, Inc. including its officers, directors, employees and subsidiaries.

14. **_Person._** The term "PERSON" means all natural persons and all types and kinds of

business or other entities, including, but not limited to, corporations, limited liability companies, partnerships, joint ventures, associations, sole proprietorships, government bodies and government agencies. Any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal and non-legal representatives, heirs, successors, assigns and any other person or entity acting on the behalf of such individual person. Any reference to a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, joint ventures, agents, employees, representatives, accountants, investment bankers, consultants, or attorneys acting on behalf of the corporation or other entity.

15. **Protocol.** The term "PROTOCOL" means a document that describes the background, rationale, objectives, design, methodology, statistical considerations, and/or organization of a clinical research project.

16. **Reveal**. The term "REVEAL" means the Guardant Reveal™, the plasma-only assay for early-state colorectal cancer patients developed, marketed and/or sold by GUARDANT.

17. **Signatera**. The term "SIGNATERA" means the Signatera™ tumor-dependent assay developed, marketed and/or sold by NATERA.

18. **This Lawsuit.** The term "THIS LAWSUIT" means Case No. 3:21-cv-04062-EMC, Guardant Health, Inc. v. Natera, Inc. filed in the U.S. District Court for the Northern District of California.

19. **You, Your or Yours**. The terms "YOU," "your" or "yours" mean the person to whom these interrogatories are directed.

20. The following rules of construction apply to all Matters of Inquiry and requests:

    a. All/Each. The terms "all" and "each" shall be construed as all and each.

    b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

DOCUMENT PREPARED ON RECYCLED PAPER

c. Number. The use of singular for of any word includes the plural and vice versa.

d. Including. The term "including" shall construed as "including, but not limited to."

## **DOCUMENT REQUESTS**

**Please produce the following requested documents, electronically stored information or things. Words that are capitalized are defined above.**

1. DOCUMENTS sufficient to show any current or past agreement(s), contractual or otherwise, between YOU and NATERA, including any copies of the agreement(s) themselves.

2. All DOCUMENTS YOU used, cited or relied upon in connection with the HOCHSTER SUPPLEMENT or in producing the HOCHSTER SUPPLEMENT, regardless of whether the DOCUMENT was listed or mentioned in the HOCHSTER SUPPLEMENT, including all calculations, backup calculations, notes, or work product created in the process of writing the HOCHSTER SUPPLEMENT, exclusive of draft copies of the HOCHSTER SUPPLEMENT.

3. All DOCUMENTS CONCERNING any role YOU played in COBRA.

4. All DOCUMENTS CONCERNING any role YOU have played or currently play in any clinical study involving MRD testing in colorectal cancer patients, including but not limited to BESPOKE.

5. DOCUMENTS sufficient to identify any National Cancer Institute Division of Cancer Treatment and Diagnosis-sponsored clinical trials in which YOU participated in the development and analysis in the last five years, and any financial conflicts of interests YOU disclosed in connection with YOUR participation in these studies.

6. YOUR COMMUNICATIONS CONCERNING COBRA, including but not limited to COMMUNICATIONS CONCERNING the COBRA abstract and data presented at ASCO-GI 2024, with any PERSON, including but not limited to the COBRA INVESTIGATORS, NRG, NCI, NATERA, GUARDANT or any other oncologist.

7. ALL DOCUMENTS CONCERNING any COMMUNICATIONS CONCERNING COBRA between YOU and any PERSON, including but not limited to the COBRA

DOCUMENT PREPARED ON RECYCLED PAPER

INVESTIGATORS, NRG, NCI, NATERA, GUARDANT or any other oncologist.

8. DOCUMENTS sufficient to show the number of YOUR patients who were enrolled in COBRA.

9. ALL DOCUMENTS CONCERNING any COMMUNICATIONS reflecting YOUR knowledge or awareness of data CONCERNING the clinical outcomes or recurrence status of any patient enrolled in COBRA.

10. YOUR COMMUNICATIONS CONCERNING REVEAL with any PERSON, including but not limited to the COBRA INVESTIGATORS, NRG, NCI, NATERA, GUARDANT or any other oncologist. For the elimination of doubt, this request excludes communications to YOUR patients concerning the results of any testing performed using REVEAL.

11. All DOCUMENTS and COMMUNICATIONS CONCERNING any review, commentary, or criticism of REVEAL, COBRA and/or the COBRA PROTOCOL YOU have prepared or disseminated in any way, whether privately or publicly, including in webinars, presentations, articles or on social media.

12. All DOCUMENTS and COMMUNICATIONS CONCERNING any statements YOU have made, whether privately or publicly, including in webinars, presentations, articles or on social media, regarding COBRA or its PROTOCOL.

13. All DOCUMENTS and COMMUNICATIONS CONCERNING any statements YOU have made, whether privately or publicly, including in webinars, presentations, articles or on social media, in support or promotion of NATERA or SIGNATERA.

14. All DOCUMENTS and COMMUNICATIONS CONCERNING any statements YOU have made, whether privately or publicly, including in webinars, presentations, articles or on social media, regarding SIGNATERA, REVEAL and/or the advantages and/or disadvantages of plasma-only approaches to MRD detection in CRC compared to tumor-tissue informed approaches.

15. All DOCUMENTS relied on by YOU as support for YOUR opinion that "at least 40-60% of patients who tests [sic] positive for dtDNA at the baseline and receive chemotherapy

thereafter are expected to see ctDNA clearance (…) after six months."

16. All DOCUMENTS relied on by YOU as support for YOUR opinion that "the oncology and scientific community raised concerns about the Reveal assay specificity following the COBRA announcement."

17. All DOCUMENTS relied on by YOU as support for YOUR opinion that "the true performance of Reveal, as exposed, is too prone to aberrant results, cannot meet expectations, and is not on par with tumor-informed tests."

18. DOCUMENTS sufficient to show the date, amount of time, and activities for which YOU received compensation from NATERA for any reason, and the amount of compensation YOU received.

19. DOCUMENTS sufficient to show the date, amount of time, activities, and compensation YOU received for the activities YOU performed CONCERNING THIS LAWSUIT, including but not limited to the preparation of the HOCHSTER SUPPLEMENT.

20. DOCUMENTS sufficient to show the date of any COMMUNICATIONS between YOU and NATERA or any of its attorneys CONCERNING COBRA, REVEAL, and/or SIGNATERA.

21. DOCUMENTS reflecting or CONCERNING COMMUNICATIONS between YOU and NATERA or any of its attorneys that identify facts, data or assumptions that NATERA provided and YOU considered in forming YOUR opinions in THIS LAWSUIT.