# Exhibit C

EXHIBIT A

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com
Margaret H.S. Shyr (Bar No. 300253)
margaretshyr@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Valerie Lozano (Bar No. 260020)
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Attorneys for Defendant and Counterclaim-
Plaintiff NATERA, INC. and Non-Party
Howard Hochster

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., | CASE No. 3:21-cv-04062-EMC |
| *Plaintiff and Counterclaim-Defendant,* | **NON-PARTY HOWARD S. HOCHSTER, M.D.'S OBJECTIONS AND RESPONSES TO GUARDANT HEALTH'S NOTICE OF SUBPOENA DUCES TECUM** |
| vs. | |
| NATERA, INC., | |
| *Defendant and Counterclaim-Plaintiff.* | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, non-party Howard S. Hochster, M.D. hereby objects and responds to the Subpoena Duces Tecum to Testify ("Subpoena") dated February 25, 2024 (the "Subpoena") served by Plaintiff and Counterclaim-Defendant Guardant Health, Inc. ("Guardant" or "Plaintiff") in the above-captioned proceeding. Without waiving any rights, Dr. Hochster provides these objections and responses pursuant to the Court's orders permitting limited additional discovery. *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 12, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501).

Dr. Hochster reserves the right to revise, supplement, correct, or add to this response.

## RESERVATION OF RIGHTS

These Responses are based on Dr. Hochster's interpretation and understanding of the Subpoena and its "DOCUMENT REQUESTS" based on his current knowledge, understanding, and belief as to the facts and the information available to it as of the date of these Responses. Additional discovery and investigation may lead to additions to or changes in these Responses. These Responses, therefore, are being given without prejudice to Dr. Hochster's right to revise, amend, correct, supplement, modify, or clarify his Responses. Dr. Hochster also reserves the right to produce subsequently discovered information and to introduce such subsequently discovered information at the time of any hearing or trial in this action.

In responding to Guardant's Subpoena and its "DOCUMENT REQUESTS," Dr. Hochster does not waive any objection that may be applicable to: (a) the use for any purpose of any information or documents given in response to Guardant's "DOCUMENT REQUESTS," or (b) the authenticity, admissibility, relevancy, or materiality of any of the information or documents to any issue in this case.

Dr. Hochster also does not waive any objection made in these Responses, or any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to the Subpoena. The inadvertent disclosure of such information or the inadvertent identification or production of any documents shall not constitute a waiver of any

applicable privilege as to that document or any other document identified or produced by Dr. Hochster.

Neither the fact that Dr. Hochster has provided information in response to the Subpoena nor the responses themselves shall be construed as a waiver of any objections or construed as an admission or acknowledgement that the Subpoena or its "DOCUMENT REQUESTS" are proper; that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery; that such documents or information are properly discoverable; or that other such discovery requests will be treated in a similar fashion in this or any other proceeding.

All objections as to privilege, immunity, relevance, authenticity, or admissibility of any information or documents herein are expressly reserved.

## GENERAL OBJECTIONS

Dr. Hochster objects to the Subpoena and the DOCUMENT REQUESTS on the ground that they impose upon him obligations far exceeding the requirements of the Federal Rules of Civil Procedure and the Court's orders permitting only limited additional discovery regarding the COBRA trial.  *See* February 21, 2024 Minute Order (Dkt. 471) at 1 ("The Court expressed its skepticism that this scope of discovery is needed to respond to Dr. Hochster's report. . . . Nonetheless, *some* discovery is needed."); March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493) ("Because *the COBRA trial* is admissible for at least a limited purpose, the parties may conduct *focused* discovery as previously discussed."); March 14, 2024 Pretrial Conference Order (Dkt. 501) ("The Court recently held that *the COBRA study* is admissible for a limited purpose at trial, and that the parties may conduct *focused discovery* as previously discussed. The Court orders that this *limited, additional discovery* is to be completed by June 7, 2024.") (emphasis added).  Dr. Hochster further objects to the extent any DOCUMENT REQUEST, Instruction, or Definition is irrelevant, overly broad, unduly burdensome, or not proportional to the needs of the case.

Dr. Hochster further objects to the Subpoena on the grounds that it is unduly burdensome, oppressive, seeks irrelevant information, and/or was served for an improper purpose, including but not limited to harass, oppress, and/or overburden Dr. Hochster, a third party and practicing

physician, through intrusive requests about compensation and alleged conflicts of interest, and is inconsistent with the parties' conduct during discovery, and from what the parties previously discussed and agreed to during meet and confers during this case.  These discovery requests are unprecedented in that neither party has served document requests or subpoenas on an expert retained by a party in this action.  Significantly, no expert has been subjected to any document request discovery, much less to requests that are burdensome, unduly broad, and over-reaching like those herein.  Much of the information requested can be obtained through less burdensome means, such as by deposing Dr. Hochster, which Natera has offered.

Dr. Hochster further objects to the Subpoena, including its 21 document requests, on the grounds that it is disproportionate to the needs of the case both in terms scope and number.  As discussed above, Guardant's requests far exceed the "limited" and "focused" scope of COBRA discovery that the Court ordered.  Moreover, Guardant did not serve anywhere near this many requests on any other third party (12 document requests to Dr. Pashtoon Kasi, 5 document requests to Dr. Jim Martineau, and 5 document requests to Dr. Paul Billings).

Dr. Hochster further objects to the Subpoena on the ground that they are duplicative of prior discovery in this action, or otherwise seeks documents and information already known to Guardant.  By way of example, Document Request Nos. 2, 15-17, and 21 seek "All DOCUMENTS YOU used, cited or relied upon in connection with" Dr. Hochster's expert reports, "All DOCUMENTS relied on by YOU as support for YOUR opinion[s]," and "DOCUMENTS . . . YOU considered in forming YOUR opinions in THIS LAWSUIT."  But Dr. Hochster already identified the documents he considered and relied upon in forming his opinions in this lawsuit through Dr. Hochster's "Materials Considered" appendices which were appended to Dr. Hochster's expert reports.  Guardant is in possession of those documents.

Dr. Hochster further objects to the Subpoena and its "DOCUMENT REQUESTS" as overbroad and unduly burdensome to the extent that they call for the identification of "all," "any," or "each" document or piece of information relating to the identified topics, as many do.  It is impossible to represent, even after diligent search and consideration, that "all," "any," or "each"

document or piece of information falling within the identified topic can be or has been located or identified. Such requests are unreasonable on their face.

Dr. Hochster further objects to the Subpoena and its "DOCUMENT REQUESTS" to the extent they call for information, documents, or other materials covered by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, and/or any other applicable privilege or protection, including those of Dr. Hochster's, Natera's and/or Natera's attorneys. Certain requests expressly call for privileged communications with attorneys, which improper and unreasonable.

Dr. Hochster further objects to the Subpoena on the ground that it is overly broad and imposes an undue burden and expense on non-party Dr. Hochster, contrary to the provisions of Fed. R. Civ. P. 45(d)(1), and that Guardant has failed to take reasonable steps to avoid imposing undue burden or expense upon Dr. Hochster as required by Fed. R. Civ. P. 45(d)(1). Dr. Hochster is an individual and an expert in this action retained by Natera. Many of the documents sought by the 21 "DOCUMENT REQUESTS" in this subpoena relate to Natera's documents and communications and should have been sought in the first instance during the discovery period from Natera—a party to this dispute—and not from an individual and non-party like Dr. Hochster.

The objections set forth above are hereby incorporated in each specific response set forth below, as if fully set forth therein, and shall be deemed to be continuing even though not specifically referred to. No such objection is waived by Dr. Hochster responding to a Request in whole or in part.

Further, Dr. Hochster objects to the following definitions:

- ***Communication***: Dr. Hochster objects to Guardant's definition of "Communication" as overbroad, vague, and unduly burdensome. Dr. Hochster will interpret "Communication" according to its ordinary and customary usage.

- ***Concerning***: Dr. Hochster objects to Guardant's definition of "Concerning" as overbroad, vague, and unduly burdensome. Dr. Hochster will interpret "Concerning" according to its ordinary and customary usage.

- *Document*: Dr. Hochster objects to Guardant's definition of "Document" to the extent it is inconsistent with, or purports to expand Dr. Hochster's obligations under, the Federal Rules of Civil Procedure. Dr. Hochster will interpret "Document" in accordance with the Federal Rules of Civil Procedure.

- *Guardant*: Dr. Hochster objects to Guardant's definition of "Guardant" as overbroad and unduly burdensome because it includes "subsidiaries" but also not inclusive enough because it leaves out "agents." Dr. Hochster will interpret "Guardant" to mean Guardant, its officers, directors, employees, and agents.

- *NCI*: Dr. Hochster objects to Guardant's definition of "NCI" as overbroad and unduly burdensome because it includes all of NCI's "officers, directors, and employees." Dr. Hochster will interpret "NCI" to mean the National Cancer Institute.

- *Natera*: Dr. Hochster objects to Guardant's definition of "Natera" as overbroad and unduly burdensome because it includes "subsidiaries." Dr. Hochster will interpret "Natera" to mean Natera, Inc. and its employees.

- *Person*: Dr. Hochster objects to Guardant's definition of "Person" as overbroad, burdensome, vague, and ambiguous. Dr. Hochster will interpret "Person" according to its ordinary and customary usage.

- *Protocol*: Dr. Hochster objects to Guardant's definition of "Protocol" as overbroad, burdensome, vague, and ambiguous. Dr. Hochster will interpret "Protocol" according to its ordinary and customary usage.

- *You, Your or Yours*: Dr. Hochster objects to Guardant's definition of "You, Your or Yours" as overbroad, burdensome, vague, and ambiguous, including because they refer to interrogatories. Dr. Hochster will interpret these terms as referring to himself.

Dr. Hochster reserves the right to supplement or amend his objections and responses, including without limitation based on information he may learn or discover as the case progresses either from his or his counsel's own investigation or from Guardant's responses to discovery.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

DOCUMENTS sufficient to show any current or past agreement(s), contractual or otherwise, between YOU and NATERA, including any copies of the agreement(s) themselves.

**RESPONSE TO NO. 1:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery.  *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7).  Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case, such as agreements unrelated to the issues in the litigation.  Dr. Hochster further objects to this request as overbroad, unduly burdensome, vague, and ambiguous, including because it is unlimited in time and subject matter.  Dr. Hochster further objects to this request to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity.

Subject to and without waiving the foregoing objections, and noting that no other expert has provided such discovery in this litigation, Dr. Hochster responds that he will produce responsive, non-privileged documents that are in his possession, custody, and control after a reasonably diligent search, if Guardant similarly agrees to produce agreements it has with its testifying experts.

**REQUEST NO. 2:**

All DOCUMENTS YOU used, cited or relied upon in connection with the HOCHSTER SUPPLEMENT or in producing the HOCHSTER SUPPLEMENT, regardless of whether the DOCUMENT was listed or mentioned in the HOCHSTER SUPPLEMENT, including all calculations, backup calculations, notes, or work product created in the process of writing the HOCHSTER SUPPLEMENT, exclusive of draft copies of the HOCHSTER SUPPLEMENT.

**RESPONSE TO NO. 2:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, and contrary to the Court's orders regarding the limited scope of further discovery.  *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7).  Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Dr. Hochster further objects to this request to the extent it seeks information that is already in Guardant's possession, custody, or control, including because Dr. Hochster has already identified and disclosed the information he considered in forming his opinions in compliance with Federal Rule of Civil Procedure 26(a)(2).

Subject to and without waiving the foregoing objections, Dr. Hochster responds that he and/or Natera has already produced and/or disclosed all documents, facts, or data considered by Dr. Hochster in forming his opinions in his Supplemental Report, consistent with Federal Rule of Civil Procedure 26, or such material is readily publicly available to Guardant.  If Guardant contends any such documents, facts, and/or data were not produced or disclosed, we ask you to identify it for our consideration.

**REQUEST NO. 3:**

All DOCUMENTS CONCERNING any role YOU played in COBRA.

**RESPONSE TO NO. 3:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery.  *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7).  Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of

Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case.  Dr. Hochster further objects to this request as vague, ambiguous, and unintelligible, including with respect to the undefined and unqualified phrase "any role [Dr. Hochster] played in COBRA."  Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Dr. Hochster further objects to this request to the extent it seeks information either not in Dr. Hochster's possession, custody or control (e.g., because it is kept by third party organizations and/or associations) or protected from disclosure by Dr. Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information.  Dr. Hochster further objects to this request to the extent it calls for production of private, confidential, and/or HIPAA-protected patient information and/or protected health information (PHI).  Dr. Hochster will not produce any private, confidential, and/or legally protected patient information, including medical records.

Subject to and without waiving the foregoing objections, and noting that no other expert has provided such discovery in this litigation, Dr. Hochster responds that his role in COBRA, as he understands the term "role" as used by Guardant, was as a participating physician rather than a principal investigator.  He enrolled two of his patients into the COBRA trial, out of 15 patients enrolled more broadly by his university.

**REQUEST NO. 4:**

All DOCUMENTS CONCERNING any role YOU have played or currently play in any clinical study involving MRD testing in colorectal cancer patients, including but not limited to BESPOKE.

**RESPONSE TO NO. 4:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery.  *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024

Pretrial Conference Order (Dkt. 501 at 7).  Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case.  Dr. Hochster further objects to this request as vague, ambiguous, and unintelligible, including with respect to the phrase "any role you played or currently play in any clinical study involving MRD testing in colorectal cancer patients."  Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Dr. Hochster further objects to this request to the extent it seeks information either not in Dr. Hochster's possession, custody or control (e.g., because it is kept by third party organizations and/or associations) or protected from disclosure by Dr. Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information.  Dr. Hochster further objects to this request to the extent it calls for production of private, confidential, and/or HIPAA-protected patient information and/or protected health information (PHI).  Dr. Hochster will not produce any private, confidential, and/or legally protected patient information, including medical records.

Subject to and without waiving the foregoing objections, and noting that no other expert has provided such discovery in this litigation, Dr. Hochster responds that his role in BESPOKE, as he understands the term "role" as used by Guardant, was as a participating physician rather than a principal investigator.  He enrolled six of his patients into the BESPOKE trial, out of 55 patients enrolled more broadly by his university.  Dr. Hochster is willing to meet and confer regarding the scope of the remainder of this Request, including to better understand the scope of the request as to other, unnamed clinical trials.

**REQUEST NO. 5:**

DOCUMENTS sufficient to identify any National Cancer Institute Division of Cancer Treatment and Diagnosis-sponsored clinical trials in which YOU participated in the development and analysis in the last five years, and any financial conflicts of interests YOU disclosed in connection with YOUR participation in these studies.

**RESPONSE TO NO. 5:**

Dr. Hochster incorporates by reference all of his prior General Objections herein. Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery. *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7). Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case. Dr. Hochster further objects to this request as overbroad, unduly burdensome, vague, ambiguous, and unintelligible, at least because it includes the terms "participated in the development and analysis," and is not reasonably limited in time or scope. Dr. Hochster further objects to this request to the extent it requests information or documents that are a matter of public record equally accessible and/or ascertainable to Guardant. Dr. Hochster further objects to this request to the extent it seeks information either not in Dr. Hochster's possession, custody or control (e.g., because it is kept by third party organizations and/or associations) or protected from disclosure by Dr. Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information.

Subject to and without waiving the foregoing objections, and noting that no other expert has provided such discovery in this litigation, Dr. Hochster responds that it is unclear how this Request is relevant, particularly to the COBRA trial. As he was not a principal investigator, Dr. Hochster did not formally participate in the development or analysis of the COBRA trial. Nevertheless, Dr. Hochster is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 6:**

YOUR COMMUNICATIONS CONCERNING COBRA, including but not limited to COMMUNICATIONS CONCERNING the COBRA abstract and data presented at ASCO-GI 2024, with any PERSON, including but not limited to the COBRA INVESTIGATORS, NRG, NCI, NATERA, GUARDANT or any other oncologist.

**RESPONSE TO NO. 6:**

Dr. Hochster incorporates by reference all of his prior General Objections herein. Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery. *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7). Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case. Dr. Hochster further objects to this request as overbroad, unduly burdensome, vague, ambiguous, and unintelligible, including because it seeks communications "with any PERSON" or "any other oncologist" and is not reasonably limited in time or scope (including because it purports to encompass work for this litigation). Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity. Dr. Hochster further objects to this request to the extent it seeks information either not in Dr. Hochster's possession, custody or control (e.g., because it is kept by third party organizations and/or associations) or protected from disclosure by Dr. Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information. Dr. Hochster further objects to this request to the extent it calls for production of private, confidential, and/or HIPAA-protected patient information and/or protected health information (PHI). Dr. Hochster will not produce any private, confidential, and/or legally protected patient information, including medical records.

Subject to and without waiving the foregoing objections, Dr. Hochster responds that following a reasonably diligent search, Dr. Hochster is not aware of any non-privileged communications he has had with the COBRA investigators, NRG, NCI, Natera, or Guardant regarding COBRA. Dr. Hochster further responds that he will produce responsive, non-privileged published documents he authored regarding COBRA, if any, that are in his possession, custody, and control after a reasonably diligent search.

**REQUEST NO. 7:**

ALL DOCUMENTS CONCERNING any COMMUNICATIONS CONCERNING COBRA between YOU and any PERSON, including but not limited to the COBRA INVESTIGATORS, NRG, NCI, NATERA, GUARDANT or any other oncologist.

**RESPONSE TO NO. 7:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.   Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery.   *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7).   Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case.   Dr. Hochster further objects to this request as overbroad, unduly burdensome, vague, ambiguous, and unintelligible, including because it seeks communications "with any PERSON" or "any other oncologist" and is not reasonably limited in time or scope (including because it purports to encompass work for this litigation).   Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity.   Dr. Hochster further objects to this request to the extent it seeks information either not in Dr. Hochster's possession, custody or control (e.g., because it is kept by third party organizations and/or associations) or protected from disclosure by Dr. Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information.   Dr. Hochster further objects to this request to the extent it calls for production of private, confidential, and/or HIPAA-protected patient information and/or protected health information (PHI).   Dr. Hochster will not produce any private, confidential, and/or legally protected patient information, including medical records.

Subject to and without waiving the foregoing objections, Dr. Hochster responds that following a reasonably diligent search, Dr. Hochster is not aware of any non-privileged

communications he has had with the COBRA investigators, NRG, NCI, Natera, or Guardant regarding COBRA. Dr. Hochster further responds that he will produce responsive, non-privileged published documents he authored regarding COBRA, if any, that are in his possession, custody, and control after a reasonably diligent search.

**REQUEST NO. 8:**

DOCUMENTS sufficient to show the number of YOUR patients who were enrolled in COBRA.

**RESPONSE TO NO. 8:**

Dr. Hochster incorporates by reference all of his prior General Objections herein. Dr. Hochster further objects to this request as duplicative of Request No. 3, and refers Guardant to his objections and response to that Request, which are incorporated by reference herein.

**REQUEST NO. 9:**

ALL DOCUMENTS CONCERNING any COMMUNICATIONS reflecting YOUR knowledge or awareness of data CONCERNING the clinical outcomes or recurrence status of any patient enrolled in COBRA.

**RESPONSE TO NO. 9:**

Dr. Hochster incorporates by reference all of his prior General Objections herein. Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery. *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7). Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case. Dr. Hochster further objects to this request as overbroad, unduly burdensome, vague, and ambiguous. Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity. Dr. Hochster further objects to this

request to the extent it seeks information either not in Dr. Hochster's possession, custody or control (e.g., because it is kept by third party organizations and/or associations) or protected from disclosure by Dr. Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information.  Dr. Hochster further objects to this request to the extent it calls for production of private, confidential, and/or HIPAA-protected patient information and/or protected health information (PHI).  Dr. Hochster will not produce any private, confidential, and/or legally protected patient information, including medical records.

Subject to and without waiving the foregoing objections, Dr. Hochster responds that, aside from his own patients, he is not "aware" of the clinical outcomes or recurrence status of any particular patient enrolled in COBRA, except for what has been made public (including at ASCO-GI) regarding the COBRA trial.  Dr. Hochster is not at liberty to share the clinical outcome or recurrence status of his patients.

**REQUEST NO. 10:**

YOUR COMMUNICATIONS CONCERNING REVEAL with any PERSON, including but not limited to the COBRA INVESTIGATORS, NRG, NCI, NATERA, GUARDANT or any other oncologist. For the elimination of doubt, this request excludes communications to YOUR patients concerning the results of any testing performed using REVEAL.

**RESPONSE TO NO. 10:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery.  *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7).  Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case.  Dr. Hochster further objects to this request as overbroad, unduly burdensome, vague, ambiguous, and unintelligible, including

because it is not limited to any particular person or time frame. Dr. Hochster will not undertake the unduly burdensome search for responsive communications across all communications he has ever had with anybody. Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity. Dr. Hochster further objects to this request to the extent it seeks information protected from disclosure by Dr. Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information. Dr. Hochster understands further objects to this request to the extent it calls for production of private, confidential, and/or HIPAA-protected patient information and/or protected health information (PHI). Dr. Hochster will not produce any private, confidential, and/or legally protected patient information, including medical records.

Subject to and without waiving the foregoing objections, Dr. Hochster responds that following a reasonably diligent search he is not aware of any non-privileged communications with COBRA Investigators, NRG, NCI, Natera, or Guardant regarding Reveal. Dr. Hochster further responds that he will produce responsive, non-privileged published documents he authored regarding Reveal, if any, that are in his possession, custody, and control after a reasonably diligent search.

**REQUEST NO. 11:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any review, commentary, or criticism of REVEAL, COBRA and/or the COBRA PROTOCOL YOU have prepared or disseminated in any way, whether privately or publicly, including in webinars, presentations, articles or on social media.

**RESPONSE TO NO. 11:**

Dr. Hochster incorporates by reference all of his prior General Objections herein. Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery. *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7). Dr. Hochster further objects to this request on the grounds

that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case.  Dr. Hochster further objects to this request as overbroad, unduly burdensome, vague, and ambiguous, including with respect to the phrase "any review, commentary, or criticism," and because it is unlimited in time or scope.  Dr. Hochster will not undertake the unduly burdensome search for any "review, commentary, or criticism" that he has "disseminated in any way, whether privately or publicly."  Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Dr. Hochster further objects to this request to the extent it seeks information either not in Dr. Hochster's possession, custody or control or protected from disclosure by Dr. Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information.  Dr. Hochster understands further objects to this request to the extent it calls for production of private, confidential, and/or HIPAA-protected patient information and/or protected health information (PHI).  Dr. Hochster will not produce any private, confidential, and/or legally protected patient information, including medical records.

Subject to and without waiving the foregoing objections, and noting that no other expert has provided such discovery in this litigation, Dr. Hochster responds that he will produce reviews, commentary, or criticism about COBRA that he has published or presented in a public forum and that he is able to locate following a reasonable diligent search.  Following a reasonably diligent search, Dr. Hochster is not aware of any non-privileged, private responsive communication regarding COBRA or its protocol.

**REQUEST NO. 12:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any statements YOU have made, whether privately or publicly, including in webinars, presentations, articles or on social media, regarding COBRA or its PROTOCOL.

**RESPONSE TO NO. 12:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request as duplicative of Request No. 11, and refers Guardant to his objections and response to that Request, which are incorporated by reference herein.

**REQUEST NO. 13:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any statements YOU have made, whether privately or publicly, including in webinars, presentations, articles or on social media, in support or promotion of NATERA or SIGNATERA.

**RESPONSE TO NO. 13:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery.  *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7). Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case.  Dr. Hochster further objects to this request as overbroad, unduly burdensome, vague, and ambiguous, including with respect to the phrase "whether privately or publicly," "in support," and "promotion," and is unlimited in time or scope.  Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Dr. Hochster further objects to this request to the extent it seeks information either not in Dr. Hochster's possession, custody or control or protected from disclosure by Dr. Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information.  Dr. Hochster understands further objects to this request to the extent it calls for production of private, confidential, and/or HIPAA-protected patient information and/or protected health information

(PHI). Dr. Hochster will not produce any private, confidential, and/or legally protected patient information, including medical records.

Subject to and without waiving the foregoing objections, and noting that no other expert has provided such discovery in this litigation, Dr. Hochster responds that it is unclear how his private and/or public comments regarding Natera or Signatera is relevant, particularly to the COBRA trial, as neither Signatera nor Natera was involved in the COBRA trial. Nevertheless, Dr. Hochster is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 14:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any statements YOU have made, whether privately or publicly, including in webinars, presentations, articles or on social media, regarding SIGNATERA, REVEAL and/or the advantages and/or disadvantages of plasma-only approaches to MRD detection in CRC compared to tumor-tissue informed approaches.

**RESPONSE TO NO. 14:**

Dr. Hochster incorporates by reference all of his prior General Objections herein. Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery. *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7). Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case, such as any statement made regarding Signatera or Reveal. Dr. Hochster further objects to this request as overbroad, unduly burdensome, vague, and ambiguous, including with respect to the phrase "whether privately or publicly," and is unlimited in time or scope. Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity. Dr. Hochster further objects to this request to the extent it seeks information either not in Dr. Hochster's possession, custody or control or protected from disclosure by Dr.

Hochster's contractual, legal or other obligations to maintain the confidentiality of third-party confidential information.  Dr. Hochster understands further objects to this request to the extent it calls for production of private, confidential, and/or HIPAA-protected patient information and/or protected health information (PHI).  Dr. Hochster will not produce any private, confidential, and/or legally protected patient information, including medical records.

Subject to and without waiving the foregoing objections, and noting that no other expert has provided such discovery in this litigation, Dr. Hochster responds that it is unclear how his private and/or public comments regarding Signatera, Reveal, or advantages and/or disadvantages of tumor-naïve and tumor-informed MRD assays is relevant to the COBRA trial.  As noted, Signatera was not involved in the COBRA Trial.  Nevertheless, Dr. Hochster is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 15:**

All DOCUMENTS relied on by YOU as support for YOUR opinion that "at least 40-60% of patients who tests [sic] positive for dtDNA at the baseline and receive chemotherapy thereafter are expected to see ctDNA clearance (...) after six months."

**RESPONSE TO NO. 15:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request to the extent it seeks information that is already in Guardant's possession, custody, or control, including because Dr. Hochster has already identified documents he relied on, including in "Materials Considered" appendices.

Subject to and without waiving the foregoing objections, Dr. Hochster responds that he and/or Natera has already produced and/or disclosed all documents relied on by Dr. Hochster in forming his opinions in his Supplemental Report, consistent with Federal Rule of Civil Procedure 26, or such material is readily publicly available to Guardant.  If Guardant contends any such documents were not produced or disclosed, we ask you to identify it for our consideration.

**REQUEST NO. 16:**

All DOCUMENTS relied on by YOU as support for YOUR opinion that "the oncology and scientific community raised concerns about the Reveal assay specificity following the COBRA announcement."

**RESPONSE TO NO. 16:**

Dr. Hochster incorporates by reference all of his prior General Objections herein, including his objections to defined terms.  Dr. Hochster further objects to this request to the extent it seeks information that is already in Guardant's possession, custody, or control, including because Dr. Hochster has already identified documents he relied on, including in "Materials Considered" appendices.

Subject to and without waiving the foregoing objections, Dr. Hochster responds that he and/or Natera has already produced and/or disclosed all documents relied on by Dr. Hochster in forming his opinions in his Supplemental Report, consistent with Federal Rule of Civil Procedure 26, or such material is readily publicly available to Guardant.  If Guardant contends any such documents were not produced or disclosed, we ask you to identify it for our consideration.

**REQUEST NO. 17:**

All DOCUMENTS relied on by YOU as support for YOUR opinion that "the true performance of Reveal, as exposed, is too prone to aberrant results, cannot meet expectations, and is not on par with tumor-informed tests."

**RESPONSE TO NO. 17:**

Dr. Hochster incorporates by reference all of his prior General Objections herein, including his objections to defined terms.  Dr. Hochster further objects to this request to the extent it seeks information that is already in Guardant's possession, custody, or control, including because Dr. Hochster has already identified documents he relied on, including in "Materials Considered" appendices.

Subject to and without waiving the foregoing objections, Dr. Hochster responds that he and/or Natera has already produced and/or disclosed all documents relied on by Dr. Hochster in forming his opinions in his Supplemental Report, consistent with Federal Rule of Civil Procedure

1    26, or such material is readily publicly available to Guardant.  If Guardant contends any such

2    documents were not produced or disclosed, we ask you to identify it for our consideration.

3    **REQUEST NO. 18:**

4         DOCUMENTS sufficient to show the date, amount of time, and activities for which YOU

5    received compensation from NATERA for any reason, and the amount of compensation YOU

6    received.

7    **RESPONSE TO NO. 18:**

8         Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr.

9    Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct

10   and agreement of the parties during and after discovery in this action, and contrary to the Court's

11   orders regarding the limited scope of further discovery.  *See* February 21, 2024 Minute Order (Dkt.

12   471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024

13   Pretrial Conference Order (Dkt. 501 at 7).  Dr. Hochster further objects to this request on the grounds

14   that it purports to impose obligations greater than and inconsistent with those in Federal Rule of

15   Civil Procedure 26, including by purporting to require the production of irrelevant information

16   and/or information not proportional to Guardant's needs in the case, such as any compensation for

17   activities unrelated to the issues in this case.  Dr. Hochster further objects to this request to the extent

18   it seeks any information subject to the attorney-client privilege, work product doctrine, or any other

19   privilege or immunity, including information about Dr. Hochster's "activities" for this litigation.

20   Dr. Hochster further objects to this request to the extent it seeks information that is already in

21   Guardant's possession, custody, or control, including because Dr. Hochster has already disclosed

22   payment information in his expert reports and during his deposition.

23        Subject to and without waiving the foregoing objections, and noting that no other expert has

24   provided such discovery in this litigation, Dr. Hochster responds that he will produce responsive,

25   non-privileged documents sufficient to show his compensation from Natera that are in his

26   possession, custody, and control, if Guardant similarly agrees to produce the same compensation-

27   related information for its testifying experts.

28

**REQUEST NO. 19:**

DOCUMENTS sufficient to show the date, amount of time, activities, and compensation YOU received for the activities YOU performed CONCERNING THIS LAWSUIT, including but not limited to the preparation of the HOCHSTER SUPPLEMENT.

**RESPONSE TO NO. 19:**

Dr. Hochster incorporates by reference all of his prior General Objections herein, including his objections to defined terms.  Dr. Hochster further objects to this request as duplicative of Request No. 18, and refers Guardant to his objections and response to that Request, which are incorporated by reference herein.

**REQUEST NO. 20:**

DOCUMENTS sufficient to show the date of any COMMUNICATIONS between YOU and NATERA or any of its attorneys CONCERNING COBRA, REVEAL, and/or SIGNATERA.

**RESPONSE TO NO. 20:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery.  *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7).  Dr. Hochster further objects to this request on the grounds that it purports to impose obligations greater than and inconsistent with those in Federal Rule of Civil Procedure 26, including by purporting to require the production of irrelevant information and/or information not proportional to Guardant's needs in the case, such as any communications about Reveal or Signatera generally.  Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity, including by expressly seeking communications with attorneys.

Subject to and without waiving the foregoing objections, and noting that no other expert has provided such discovery in this litigation, Dr. Hochster responds that, following a reasonably

diligent search, he is not aware of any non-privileged communications he has had with Natera or its attorneys regarding COBRA.

**REQUEST NO. 21:**

DOCUMENTS reflecting or CONCERNING COMMUNICATIONS between YOU and NATERA or any of its attorneys that identify facts, data or assumptions that NATERA provided and YOU considered in forming YOUR opinions in THIS LAWSUIT.

**RESPONSE TO NO. 21:**

Dr. Hochster incorporates by reference all of his prior General Objections herein.  Dr. Hochster further objects to this request as untimely, disproportionate, and contrary to the conduct and agreement of the parties during and after discovery in this action, and contrary to the Court's orders regarding the limited scope of further discovery.  *See* February 21, 2024 Minute Order (Dkt. 471) at 1; March 6, 2024 Order Denying Guardant's Motion to Strike (Dkt. 493); March 14, 2024 Pretrial Conference Order (Dkt. 501 at 7).  Dr. Hochster further objects to this request to the extent it seeks any information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity, including by expressly seeking communications with attorneys.  Dr. Hochster further objects to this request to the extent it seeks information that is already in Guardant's possession, custody, or control, including because Dr. Hochster has already disclosed such information in his expert reports.

Subject to and without waiving the foregoing objections, Dr. Hochster responds that he and/or Natera has already produced and/or disclosed all facts and data (including any assumptions) relied on by Dr. Hochster in forming his opinions in his Supplemental Report, consistent with Federal Rule of Civil Procedure 26, or such material is readily publicly available to Guardant.  If Guardant contends any such facts or data (including any assumptions) were not produced or disclosed, we ask you to identify it for our consideration.

1    DATED:  March 27, 2024                    By  _____/s/ Andrew J. Bramhall_____
2                                                  QUINN EMANUEL URQUHART &
                                                   SULLIVAN, LLP
3                                                  Kevin P.B. Johnson
                                                   kevinjohnson@quinnemanuel.com
4                                                  Victoria F. Maroulis
                                                   victoriamaroulis@quinnemanuel.com
5                                                  Andrew J. Bramhall
                                                   andrewbramhall@quinnemanuel.com
6                                                  555 Twin Dolphin Drive, 5th Floor
                                                   Redwood Shores, California 94065-2139
7                                                  Telephone:    (650) 801-5000
                                                   Facsimile:    (650) 801-5100
8
9
10                                                 *Attorneys for Defendant and Counterclaim-*
                                                   *Plaintiff* NATERA, INC.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this 27th day of March, 2024:

| **Counsel for Guardant Health, Inc.:** | **By email:** |
| --- | --- |
| Perloff, Saul | Saul.Perloff@Shearman.com |
| Grant, Kathy | Kathy.Grant@Shearman.com |
| Hanson, Andre | Andre.Hanson@Shearman.com |
| LaVigne, Christopher | Christopher.LaVigne@Shearman.com |
| Schneider, Michael | Michael.Schneider@Shearman.com |
| Campusano, Jordan | Jordan.Campusano@Shearman.com |
| Olin Ray "Trey" Hebert III | Trey.Hebert@Shearman.com |
| Jennifer Keller | JKeller@KellerAnderle.com |
| Chase Scolnick | cscolnick@kelleranderle.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 27, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _/s/ Elle X. Wang_____
  Elle X. Wang