# Exhibit F

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California ▼

| | |
|---|---|
| Guardant Health, Inc. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 3:21-cv-04062 |
| Natera, Inc. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Rutgers Cancer Institute of New Jersey
                  c/o Stephen Nolan - Rutgers

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A

| Place: Allen Overy Shearman Sterling US LLP | Date and Time: |
|---|---|
| 599 Lexington Avenue, New York, NY 10022 | May 28, 2024  11:59 p.m. |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/08/2024

|  _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Saul Perloff |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Guardant Health, Inc. _____, who issues or requests this subpoena, are:
Saul Perloff | saul.perloff@aoshearman.com | 512-647-1971
Allen Overy Shearman Sterling US LLP 300 W. Sixth Street, Ste 2250 Austin, Texas 78701

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:21-cv-04062

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Saul Perloff (157092)
saul.perloff@shearman.com
Kathy Grant *(pro hac vice)*
kathy.grant@shearman.com
Andre Hanson *(pro hac vice)*
andre.hanson@shearman.com
Olin "Trey" Hebert (*pro hac vice*)
trey.hebert@shearman.com
SHEARMAN & STERLING LLP
300 W. Sixth Street, 22nd Floor
Austin, Texas 78701
Telephone      (512) 647-1900

Christopher LaVigne *(pro hac vice)*
christopher.lavigne@sherman.com
SHEARMAN & STERLING LLP
599 Lexington Ave
New York, NY 10022
Telephone      (212) 848-4000

Jennifer L. Keller (84412)
jkeller@kelleranderle.com
Chase Scolnick (227631)
cscolnick@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
Telephone (949) 476-0900

Attorneys for Plaintiff/Counterclaim-Defendant
GUARDANT HEALTH, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NATERA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:21-cv-04062-EMC<br><br>**GUARDANT HEALTH INC.'S NOTICE OF SUBPOENA DUCES TECUM ISSUED TO NON-PARTY RUTGERS CANCER INSTITUTE OF NEW JERSEY** |

DOCUMENT PREPARED ON RECYCLED PAPER

1    PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

2    Procedure, Plaintiff Guardant hereby directs the document requests, described below, to **Rutgers**

3    **Cancer Institute of New Jersey, ("CINJ")** and requests that **no later than May 28, 2024,**

4    **Rutgers produce responsive documents** at the offices of Shearman & Sterling LLP, 599

5    Lexington Avenue, New York, NY 10022, or alternatively at a mutually agreed upon time and

6    location.

7

8

9    Dated:  May 8, 2024                    **SHEARMAN & STERLING LLP**
                                             **SAUL PERLOFF**
10

11                                          By:    _/s/ Saul Perloff_
                                                   Saul Perloff
12

13                                          Attorney for Plaintiff
                                            GUARDANT HEALTH, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

1

<u>**CERTIFICATE OF SERVICE**</u>

2

      I hereby certify that a true and correct copy of the above and foregoing document has been

3

served on May 8, 2024 to the following counsel of record via email.

4

5            Kevin P.B. Johnson              kevinjohnson@quinnemanuel.com

6            Victoria F. Maroulis             victoriamaroulis@quinnemanuel.com

7            Andrew J. Bramhall            andrewbramhall@quinnemanuel.com

8            Anne S. Toker                  annetoker@quinnemanuel.com

9            Andrew Naravage            andrewnaravage@quinnemanuel.com

10          Elle Wang                    ellewang@quinnemanuel.com

11

12

                                       */s/ Saul Perloff*

13                                       Saul Perloff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

**INSTRUCTIONS**

1.      Pursuant to the Protective Order in this case entered on July 1, 2021, a non-party producing documents in the course of this action may designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the same constraints as the parties to this action. *See* Section 10.a of the Protective Order, attached hereto as Exhibit 1.

2.      References to the singular shall include the plural, references to the plural shall include the singular, references to one gender shall include the other, references to past tense shall include the present, and references to the present tense shall include the past tense.

3.      Your attention is directed to Rule 26(b)(5) of the Federal Rules of Civil Procedure for the information to be provided where a claim of privilege is asserted.

4.      If any document requested was, but is no longer, in your possession, custody, or control, state the subject matter of the document, its disposition, and the date or dates upon which such disposition was made, and additionally, produce all documents relating to the disposition of such document.

5.      If any document requested contains protected health information of a patient, please redact the patient name, date of birth, and other identifying information before producing that document.

**DEFINITIONS**

1.      ***CINJ.*** The term "CINJ" means the Rutgers Cancer Institute of New Jersey, including its officers, directors, and employees.

2.      ***COBRA.*** The term "COBRA" means NRG-GI005, Phase II/III Study of Circulating Tumor DNA as a Predictive Biomarker in Adjuvant Chemotherapy in Patients with State IIA Colon Cancer (COBRA).

3.      ***COBRA Investigators***. The term "COBRA INVESTIGATORS" means Van K. Morris, MD, Scott Kopetz, MD, PhD, Shannon L. Puhalla, MD, Peter C. Lucas, MD, PhD, Atif Iqbal, MD, Patrick M. Boland, MD, Dustin A. Deming, MD, Aaron J. Scott, MD, Howard J. Lim, MD, PhD, Samuel A. Jacobs, MD, and Theodore S. Hong, MD.

4. ***COI Policy.*** The term "COI Policy" means any rule, guideline, requirement, procedure, or plan of action applicable to CINJ concerning conflicts of interests including any rule, guideline, requirement, procedure, or plan of action that describes or creates limitations, restrictions, and/or disclosure requirements for CINJ employees and personnel engaging in paid consulting and/or expert work for PERSONS not affiliated with CINJ.

5. ***Communication***. The term "COMMUNICATION(S)" means the transmittal, conveyance, or exchange of information (in the form of facts, ideas, inquiries, or otherwise) whether by written, oral or any other means, including, but not limited to meetings; presentations; seminars and/or webinars; letters; facsimiles; or electronic communications and electronic mail, including all enclosures or attachments accompanying the communication.

6. ***Concerning***. The term "CONCERNING" means relating to, referring to, regarding, describing, evidencing or constituting.

7. ***Document***. The term "DOCUMENT(S)" means all types of documents, electronically stored information and tangible things that are discoverable under the Federal Rules of Civil Procedure, regardless of their form. The term "document" includes but is not limited to: writings, drawings, graphs, charts, photographs, sound recordings, videos, slides, images and other data or data compilations stored in any medium from which information can be obtained. A draft of a non-identical copy is a separate document within the meaning of this term.

8. ***NCI***. The term "NCI" means the National Cancer Institute including its officers, directors and employees.

9. ***NRG***. The term "NRG" means NRG Oncology Foundation, Inc., including its officers, directors, and employees, including but not limited to Judy Langer, MD, Thomas George, MD, Greg Yothers, PhD, and Norman Wolmark, MD.

10. ***Natera***. "NATERA" means Defendant Natera, Inc. including its officers, directors, employees and subsidiaries.

11. ***Person.*** The term "PERSON" means all natural persons and all types and kinds of business or other entities, including, but not limited to, corporations, limited liability companies, partnerships, joint ventures, associations, sole proprietorships, government bodies and government

DOCUMENT PREPARED
ON RECYCLED PAPER

agencies. Any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal and non-legal representatives, heirs, successors, assigns and any other person or entity acting on the behalf of such individual person. Any reference to a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, joint ventures, agents, employees, representatives, accountants, investment bankers, consultants, or attorneys acting on behalf of the corporation or other entity.

12.    ***You, Your or Yours***. The terms "YOU," "your" or "yours" mean the person to whom these requests are directed.

13.    The following rules of construction apply to all Matters of Inquiry and requests:

    a.    All/Each. The terms "all" and "each" shall be construed as all and each.

    b.    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    c.    Number. The use of singular for of any word includes the plural and vice versa.

    d.    Including. The term "including" shall construed as "including, but not limited to."

## **DOCUMENT REQUESTS**

**Please produce the following requested documents, electronically stored information or things. Words that are capitalized are defined above.**

1.    ALL COMMUNICATIONS from June 1, 2023, to March 31, 2024, CONCERNING COBRA (including but not limited to the decision to close COBRA to accrual) to or from Dr. Patrick Boland and:

    a.    Any other cancer researcher or cancer clinician employed by CINJ;

    b.    NATERA

DOCUMENT PREPARED
ON RECYCLED PAPER

1    c.  NCI;

2    d.  NRG; or

3    e.  any other COBRA INVESTIGATOR(S).

4    2.    ALL  COMMUNICATIONS  from  June  1,  2023,  to  March  31,  2024,

5  CONCERNING COBRA (including but not limited to the decision to close COBRA to accrual)

6  to or from Dr. Howard Hochster and:

7    a.  Any other cancer clinician or cancer researcher employed by CINJ;

8    b.  NATERA;

9    c.  NCI;

10    d.  NRG; or

11    e.  any other COBRA INVESTIGATOR(S).

12    3.    DOCUMENTS sufficient to identify any COI POLICY in force from January 1,

13  2020, to the present.

14    4.    DOCUMENTS  and/or  COMMUNICATIONS  to  or  from  Dr.  Howard  Hochster

15  CONCERNING his engagement by and/or work for NATERA and his compliance with any COI

16  POLICY from January 1, 2020, to the present.

17

18

19

20

21

22

23

24

25

26

27

28