# Exhibit Z

HIGHLY CONFIDENTIAL

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3
                                        )
 4      GUARDANT HEALTH, INC.,          )
                                        )
 5                   PLAINTIFF,         )
                                        )
 6          VS.                         )  CASE NO.
                                        )  3:21-CV-04062-EMC
 7      NATERA, INC.,                   )
                                        )
 8                   DEFENDANT.         )
        _____)
 9
10
11
12
13                  ** HIGHLY CONFIDENTIAL **
14
15                    REMOTE PROCEEDINGS OF
16                   VIDEOTAPED DEPOSITION OF
17                   DANIEL F. HEITJAN, PH.D.
18                   WEDNESDAY, JULY 17, 2024
19
20
21
22      JOB NO. SF 6804613
23      REPORTED BY:  REAGAN EVANS, RPR, RMR, CRR, CCRR,
24
25                   CLR, CRC, CA CSR NO. 8176
```

Page 1

```
 1            I don't think these people had bad
 2   intentions.  I don't think they're dummies.  I think
 3   they somehow blundered into a bad decision and it
 4   cost them.
 5       Q   Does Guardant bear any responsibility in      13:38:47
 6   the results in the COBRA trial being terminated when
 7   it did --
 8            MR. SCOLNICK:  Objection to form.
 9            THE WITNESS:  Well, I wasn't aware that
10   this was a question of assigning blame for this.      13:39:02
11   That's not really -- that's not really what I'm here
12   for.
13   BY MR. BRAMHALL:
14       Q   Do you think it's appropriate for you or
15   anyone else to assign blame on the NCI, NRG, or the   13:39:12
16   COBRA PIs?
17            MR. SCOLNICK:  Objection to form.
18            THE WITNESS:  I'll make it clear what my
19   position is, that the -- the interim analysis was
20   poorly planned.  And the decision to go along with    13:39:27
21   that was not a good one.
22   BY MR. BRAMHALL:
23       Q   Knowing what we know now; right?
24       A   Well, we -- are there things we know now
25   that we didn't know then?                             13:39:46
```

```
 1          I mean, what we know now is that it was a
 2   catastrophic failure.  Were other facts available --
 3   are there facts available now that weren't available
 4   then?
 5          Other than that, I'm not sure what they       13:40:01
 6   were.
 7          I think saying that, Well, we're going to
 8   take this big multimillion-dollar effort involving
 9   hundreds of patients and all these people and all,
10   everybody's time and make everything depend on this  13:40:13
11   little bitty analysis of 16 people, I think that
12   could have been foreseen.
13          Of course, it's clear now that it was a
14   mistake.  I think it was foreseeable it was a
15   mistake, but, you know, sometimes people make        13:40:28
16   mistakes.
17       Q  Would you agree --
18          MR. SCOLNICK:  When you change gears and
19   pick up a new topic, we have been going about an
20   hour.                                                13:40:42
21          MR. BRAMHALL:  Sure.  Let me just ask a
22   couple more.
23          MR. SCOLNICK:  Sure.
24   BY MR. BRAMHALL:
25       Q  Dr. Heitjan, you don't deny that Reveal's    13:40:47
```

Page 158

```
 1                  REPORTER'S CERTIFICATE
 2
 3            I, Reagan Evans, RPR, RMR, CRR, CCRR, CLR,
 4    CRC, CSR No. 8176, in and for the State of
 5    California, do hereby certify:
 6            That prior to being examined, the witness
 7    named in the foregoing deposition was by me duly
 8    sworn to testify to the truth, the whole truth, and
 9    nothing but the truth;
10            That said remote deposition was taken down
11    by me in shorthand at the time and place therein
12    named and thereafter reduced to typewriting under my
13    direction, and the same is a true, correct, and
14    complete transcript of said proceedings;
15            That if the foregoing pertains to the
16    original transcript of a deposition in a federal
17    case, before completion of the proceedings, review
18    of the transcript {X} was { } was not required.
19            I further certify that I am not interested
20    in the event of the action.
21            Witness my hand this 18th day of July,
22    2024.
23
24                   _____
                     Certified Shorthand Reporter
25                   for the State of California
```

Page 336