QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Valerie Lozano (Bar No. 260020)
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Attorneys for Defendant
NATERA, INC.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Anne S. Toker (*pro hac vice* pending)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., | CASE NO. 3:21-CV-04062-EMC |
| Plaintiff, | **DECLARATION OF ELLE X. WANG IN SUPPORT OF NATERA, INC'S EMERGENCY MOTION FOR ORDER AUTHORIZING NRG DEPOSITION** |
| vs. | |
| NATERA, INC., | |
| Defendant. | |

I, Elle X. Wang, declare:

1.      I am an attorney licensed to practice in the State of California.  I am an attorney with the law firm of Quinn Emanuel Urquhart & Sullivan LLP, counsel for Defendant and Counterclaim Plaintiff Natera Inc. ("Natera") in the above-captioned matter.  I submit this declaration in support of Natera's Emergency Motion for Order Authorizing NRG Deposition.  I have personal knowledge of the matters set forth in this Declaration.  If called upon as a witness, I could competently testify to the truth of each statement herein.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of a Natera's Notice of Subpoena, Subpoena Duces Tecum, and Deposition Subpoena on NRG Oncology dated May 16, 2024.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of Guardant's Subpoena on NRG Oncology dated May 6, 2024.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of an email chain between counsel for Natera, counsel for Guardant, and counsel for NRG dated between August 7, 2024 and September 5, 2024.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of the transcript from the February 15, 2024 hearing in the above captioned matter.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of the transcript from the August 28, 2024 hearing in the above captioned matter.

//

//

//

//

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 9, 2024 at San Mateo, California.

/s/ Elle X. Wang
Elle X. Wang

**ATTESTATION**

I, Andrew J. Bramhall, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Elle X. Wang has concurred in the filing of the above document.


DATE:  September 9, 2024

By  */s/ Andrew J. Bramhall*
   Andrew J. Bramhall

# EXHIBIT 1

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com
Margaret H.S. Shyr (Bar No. 300253)
margaretshyr@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Valerie Lozano (Bar No. 260020)
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Defendant and Counterclaim-
Plaintiff NATERA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., | CASE NO. 3:21-CV-04062-EMC |
| *Plaintiff and Counterclaim-Defendant,* | **NATERA INC.'S NOTICE OF SUBPOENA DUCES TECUM ISSUED TO NON-PARTY NRG ONCOLOGY FOUNDATION, INC.** |
| vs. | |
| NATERA, INC., | |
| *Defendant and Counterclaim-Plaintiff.* | |

1     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil

3     Procedure, Defendant Natera, Inc. ("Natera") will initiate service of the attached Subpoena to

4     Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

5     upon NRG Oncology Foundation, Inc., ("NRG").   The subpoena requests the production of

6     documents, information, or things described in Attachment A.  The documents shall be produced or

7     presented at the time and location specified in the subpoena, or alternatively at a mutually agreed

8     upon time and location.

9          PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rules 30 and 45 of the Federal

10    Rules of Civil Procedure and the attached Subpoena to Testify at Deposition in a Civil Action,

11    Natera, by and through its counsel, will take the deposition upon oral examination of NRG.   The

12    deposition will take place on June 4, 2024 at 9:00 a.m. Pacific Time, and will take place at 51

13    Madison Ave, FL 22, New York, NY 10010, through means agreed upon by the parties, or at such

14    other place and time as may be agreed upon among counsel or ordered by the Court, and will

15    continue until completed at a mutually agreeable location, or at such date and time as is otherwise

16    agreed to by the parties or ordered by the Court. The  deposition  will  be  conducted  according  to

17    the  Federal  Rules  of  Civil  Procedure  and  any  applicable  local  rules  before a Notary Public or

18    other officer authorized by law to administer oaths. The deposition will continue from day to day

19    until concluded, or may be continued until completed at a future date or dates.

20

21    DATED: May 16, 2024                    QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
22

23

24                                           By /s/ Andrew Bramhall
                                                Andrew J. Bramhall
25                                              Attorneys for NATERA, INC., a Delaware
                                                corporation, Defendant
26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on May 16, 2024 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on May 16, 2024, at Anaheim, California.

*/s/ Ryan Hudash*

Ryan Hudash

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Guardant Health Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:21-cv-04062-EMC |
| Natera Inc. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

NRG ONCOLOGY FOUNDATION, INC.

To: 1600 John F Kennedy Blvd Ste 1020, Philadelphia, PA 19103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: 51 Madison Ave, FL 22<br>New York, NY 10010 | Date and Time:<br><br>05/30/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/16/2024

|  | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| | | Andrew J. Bramhall |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Natera Inc. , who issues or requests this subpoena, are:
Andrew J. Bramhall, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065
andrewbramhall@quinnemanuel.com, +1 650 801 5000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:21-cv-04062-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Guardant Health Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:21-cv-04062-EMC |
| Natera Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
NRG ONCOLOGY FOUNDATION, INC.
1600 John F Kennedy Blvd Ste 1020, Philadelphia, PA 19103

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 51 Madison Ave, FL 22<br>New York, NY 10010 | Date and Time:<br>06/04/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:   Videographically and stenographically

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/16/2024

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| | Andrew J. Bramhall |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Natera Inc.                                                                                                                    who issues or requests this subpoena, are:
Andrew J. Bramhall, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA
94065, andrewbramhall@quinnemanuel.com, +1 650 801 5000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:21-cv-04062-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

1.     "Natera" means Natera, Inc., including, without limitation, its agents, officers, employees, representatives, or any Person acting on its behalf, and also includes any corporate subsidiaries, parents, or other affiliated corporations.

2.     "Guardant" means Guardant Health, Inc., including all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

3.     "YOU," "your" or "yours" mean the person to whom these requests are directed.

1.     "ASCO GI 2024" means the American Society of Clinical Oncology Gastrointestinal Cancer Symposium which took place in San Francisco, California and online from January 18-20, 2024.

2.     "COBRA" or "COBRA trial" means NRG-GI005, Phase II/III Study of Circulating Tumor DNA as a Predictive Biomarker in Adjuvant Chemotherapy in Patients with State IIA Colon Cancer (COBRA).  For clarity, the COBRA trial refers to the NRG-sponsored clinical trial that was closed to further patient accrual on August 30, 2023, the subject of the August 30, 2023, letter from NRG Oncology regarding NRG-GI005, was referred to in Guardant's September 1, 2023, Press Release entitled "Guardant Health Provides Update on COBRA Study, Restates Confidence in MRD    Test"    (https://investors.guardanthealth.com/press-releases/press-releases/2023/Guardant-Health-Provides-Update-on-COBRA-Study-Restates-Confidence-in-MRD-Test/default.aspx),  and advertised on Guardant's website.

3.     "COBRA Investigators" means Van K. Morris, MD, Greg Yothers, PhD, Scott Kopetz, MD, PhD, Shannon L. Puhalla, MD, Peter C. Lucas, MD, PhD, Atif Iqbal, MD, Patrick M. Boland, MD, Dustin A. Deming, MD, Aaron J. Scott, MD, Howard J. Lim, MD, PhD, Samuel A. Jacobs, MD, Theodore S. Hong, MD, Norman Wolmark, MD, and Thomas J. George, MD, FACP.

4.     "NCI" means the National Cancer Institute including its officers, directors, and employees.

5. "NRG" means NRG Oncology Foundation, Inc., including its officers, directors, employees, affiliates, and/or people or entities working with the NRG Oncology Foundation, Inc., *including those affiliated with the NSABP* (National Surgical Adjuvant Breast and Bowel Project) Foundation, *including those using "@nsabp.org" email addresses*.

4. "NCI" means the National Cancer Institute including its officers, directors and employees.

5. "NRG COBRA PARTICIPANT" means Judy Langer, MD, Thomas George, MD, Greg Yothers, Ph.D, and Norman Wolmark, MD.

6. "PROTOCOL" means the document that describes the background, rationale, objectives, design, methodology, statistical considerations, and/or organization of the NRG-GI005 clinical research study.

7. "PATIENT ADVOCACY GROUP" means Colorectal Cancer Alliance, Colon Cancer Coalition, Fight Colorectal Cancer, Colontown, and/or The Colon Club.

8. "Reveal" means Guardant Reveal™ a tumor-naïve assay for early-stage colorectal cancer (CRC) patients developed, marketed and/or sold by Guardant, including without limitation predecessor assays such as LUNAR and LUNAR-1.

9. "Document(s)" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and shall include within its meaning any and all papers, Things, videotapes or video recordings, photographs, films, recordings, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writing or by means of any mechanical or electrical recording device, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs and any differing versions of the foregoing whether denominated formal, informal, or otherwise, as well as copies of the foregoing which differ in any way, including handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes the information stored in any form,

including electronic form, on a computer or in a computer database or otherwise, including electronic mail. Moreover, the term "document" shall also include all "technical documents," such as source code, specifications, schematics, flow charts, artwork, drawing, pictures, pictorial representations, formulas, troubleshooting guides, service bulletins, technical bulletins, production specification sheets, white papers, operator manuals, operation manuals and instruction manuals.

10.     "Communication(s)" means the transmittal, conveyance, or exchange of information (in the form of facts, ideas, inquiries, or otherwise) whether by written, oral or any other means, including, but not limited to, electronic communications and electronic mail and includes all enclosures or attachments accompanying the communication, and specifically including communications via personal email and work email.  *For clarity*, in seeking Communication(s), this Subpoena seeks communications to and from the NRG Oncology Foundation, and/or its affiliates, and/or people or entities working with the organization, ***including those affiliated with the NSABP*** (National Surgical Adjuvant Breast and Bowel Project) Foundation, ***including those using "@nsabp.org" email addresses***.

11.     "Identify" shall mean state the following: (1) when referring to a person, the person's full name, present or last known address, and the last known title and place of employment; (2) when referring to a business, legal, or governmental entity or association, the name of the entity or association, and the address of its main office; (3) when referring to a fact, the fact and the identity of the documentary or testimonial support for that fact; (4) when referring to a product or thing, the title or model name/number, any code name, project name or other name by which it has been referred, and a general description of the product or thing; (5) when referring to a written communication, the identity of the document(s) in which the communication was made; (6) when referring to an oral communication, the identity of all persons participating in the communication; (7) when referring to nonpatent documents, the Bates number, type of document, its general nature and subject matter, date of creation, and all author(s), addressee(s) and recipient(s); and (8) when referring to patent documents, the country, patent and/or application number, dates of filing, publication and grant, and the names of the patentees or applicants.

12.     The terms "relate to," "reflecting," "relating to," or "concerning" or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in the context of communications), as the context makes appropriate.

13.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed outside the scope.

14.     "Any" shall include "all" and "All" shall include "any."

15.     The term "including" shall mean including without limitation.

16.     The use of the singular form of any word includes the plural and vice versa.

17.     The use of any tense of any word includes all other tenses.

## INSTRUCTIONS

The following Instructions apply to each request:

1.      In responding to the following requests, furnish all available information, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and Persons under Your control.

2.      If You cannot fully respond to the following requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each request that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the requests cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such request.

3.      If Your response to a particular request is a statement that You lack the ability to comply with that request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in

1    which case the name and address of any Person or entity known or believed by You to have

2    possession, custody, or control of that information or category of information must be Identified.

3       4.      Electronic records and computerized information must be produced in an

4    intelligible format, together with a description of the system from which they were derived

5    sufficient to permit rendering the records and information intelligible.

6       5.      Selection of documents from the files and other sources and the numbering of such

7    documents shall be performed in such a manner as to ensure that the source and custodian of each

8    document may be determined, if necessary.

9       6.      Documents attached to each other shall not be separated.  Documents electronically

10   attached to other documents shall bear some indication of which document they were attached to.

11   If documents are provided in single-page TIFF format, an indication of which TIFFs comprise a

12   document shall be provided.

13      7.      Any keys, codes, explanations, manuals, or other documents necessary for the

14   interpretation or understanding of the documents produced in response to these Requests shall be

15   produced.

16      8.      If any information requested is claimed to be privileged or otherwise immune from

17   discovery, provide all information falling within the scope of the request which is not privileged,

18   and for each item of information contained in a Document to which a claim of privilege is made,

19   identify such Document with sufficient particularity for purposes of a motion to compel, such

20   identification to include at least the following:

21          a.    the basis on which the privilege is claimed;

22          b.    the names and positions of the author of the document and all other persons

23               participating in the preparation of the document;

24          c.    the name and position of each individual or other person to whom the

25               document, or a copy thereof, was sent or otherwise disclosed;

26          d.    the date of the document;

27          e.    a description of any accompanying material transmitted with or attached to

28               such document;

   f.  the number of pages in such document;

   g.  the particular Request to which such document is responsive; and

   h.  whether any business or non-legal matter is contained or discussed in such document.

 9.  If any of the Document(s) or Thing(s) are considered "confidential," such Document(s) or Thing(s) should be produced subject to the terms and provisions of the protective order in this matter, attached as Attachment B.

 10.  Your obligation to respond to these requests is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

 All COMMUNICATIONS from June 1, 2023, to September 30, 2023, CONCERNING the decision whether to close COBRA to accrual for futility in 2023 to or from an NRG COBRA PARTICIPANT and:

   a.  another NRG COBRA PARTICIPANT;

   b.  the NCI;

   c.  a COBRA INVESTIGATOR; or

   d.  GUARDANT.

**REQUEST FOR PRODUCTION NO. 2:**

 ALL COMMUNICATIONS from August 1, 2023, to January 31, 2024, CONCERNING the abstract(s), poster(s) and/or presentation(s) given at ASCO GI 2024 relating to COBRA to or from an NRG COBRA PARTICIPANT and:

   a.  another NRG COBRA PARTICIPANT;

   b.  the NCI;

   c.  a COBRA INVESTIGATOR;

-6-  Case No. 3:21-cv-04062

NATERA INC.'S NOTICE OF SUBPOENA TO NRG ONCOLOGY FOUNDATION, INC.

d.      Dr. Aparna Parikh; or

d.      GUARDANT.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS from September 1, 2020, to July 31, 2021, CONCERNING the decision in or about December 2020 to temporarily suspend new patient enrollment to COBRA, and/or the decision to lift this suspension in 2021, and the reasons for those decisions to or from an NRG COBRA PARTICIPANT and:

a.      another NRG COBRA PARTICIPANT;

b.      the NCI;

c.      a COBRA INVESTIGATOR;

d.       GUARDANT; or

e.      a PATIENT ADVOCACY GROUP.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to identify any current or past agreement(s), contractual or otherwise, between YOU and GUARDANT, to the extent not obtained from GUARDANT.

**REQUEST FOR PRODUCTION NO. 5:**

A copy of the August 30, 2023 NRG-GI005 Dear Colleagues Letter from NRG, DOCUMENTS sufficient to show its recipients, and any responses received by NRG.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to show the bases for each of the following statements in the August 30, 2023 NRG-GI005 Dear Colleagues Letter:

- "We have been informed by our diagnostic partner that a greater than anticipated number of participants may have been 'false positives', i.e., designated ctDNA+ incorrectly.  While this was a recognized potential risk of the study, this rate is higher than we had expected."

- "Thus, a subset of COBRA patients randomized to Group 2 who tested positive for ctDNA received chemotherapy based on what is potentially a 'false positive' result."

- "The higher-than-expected 'false positive' rate resulted in the trial not passing the interim analysis and, as such, the trial will be closed to accrual."

To be clear, this Request does not seek protected health information or private patient information.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS AND COMMUNICATIONS, from May 1, 2023, to February 1, 2024, CONCERNING the results of any validation and/or orthogonal testing to evaluate any suspected false positive results with respect to the Reveal test in connection with the COBRA trial..

**REQUEST FOR PRODUCTION NO. 8:**

COMMUNICATIONS with GUARDANT and/or internal to NRG, from May 1, 2023, to February 1, 2024, CONCERNING GUARDANT's reaction or response to the COBRA trial being closed to accrual and/or the trial not passing interim analysis, including but not limited to discussions at NRG regarding any disagreements, objections, and/or disputes raised by GUARDANT regarding the COBRA trial, its termination/closure, and/or publication of COBRA trial results.

1  DATED:  May 16, 2024                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
2

3

4                                     By  /s/ Andrew Bramhall
                                           QUINN EMANUEL URQUHART &
5                                          SULLIVAN, LLP
                                           Kevin P.B. Johnson
6                                          kevinjohnson@quinnemanuel.com
                                           Victoria F. Maroulis
7                                          victoriamaroulis@quinnemanuel.com
                                           Andrew J. Bramhall
8                                          andrewbramhall@quinnemanuel.com
                                           555 Twin Dolphin Drive, 5th Floor
9                                          Redwood Shores, California 94065-2139
                                           Telephone:     (650) 801-5000
10                                         Facsimile:     (650) 801-5100

11

12                                         *Attorneys for Defendant and Counterclaim-*
                                           *Plaintiff* NATERA, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California ▾

| | |
|---|---|
| Guardant Health, Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:21-cv-04062-EMC |
| Natera, Inc. | ) |
| _____ | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:                              NRG Oncology Foundation, Inc.
                                 c/o Hogan Lovells US LLP

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A

| Place: Allen Overy Shearman Sterling US LLP<br>599 Lexington Avenue, New York, NY 10022 | Date and Time:<br>May 31, 2024  11:59 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/06/2024

|  | |
|---|---|
| _____ | _____ |
| CLERK OF COURT | OR |
| *Signature of Clerk or Deputy Clerk* |    /s/ Saul Perloff |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Guardant Health, Inc._____ , who issues or requests this subpoena, are:
Saul Perloff | saul.perloff@aoshearman.com | 512-647-1971 | 300 W. Sixth Street, Ste 2250, Austin, Texas 78701

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:21-cv-04062-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#10065; I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

&#10065; I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Saul Perloff (157092)
saul.perloff@aoshearman.com
Kathy Grant *(pro hac vice)*
kathy.grant@aoshearman.com
Andre Hanson *(pro hac vice)*
andre.hanson@aoshearman.com
Olin "Trey" Hebert (*pro hac vice*)
trey.hebert@aoshearman.com
ALLEN OVERY SHEARMAN STERLING US LLP
300 W. Sixth Street, 22nd Floor
Austin, Texas 78701
Telephone        (512) 647-1900

Christopher LaVigne *(pro hac vice)*
christopher.lavigne@aosherman.com
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Ave
New York, NY 10022
Telephone        (212) 848-4000

Jennifer L. Keller (84412)
jkeller@kelleranderle.com
Chase Scolnick (227631)
cscolnick@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
Telephone (949) 476-0900

Attorneys for Plaintiff/Counterclaim-Defendant
GUARDANT HEALTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br>a Delaware corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>NATERA, INC.,<br>a Delaware corporation,<br><br>                Defendant. | Case No. 3:21-cv-04062-EMC<br><br>**GUARDANT HEALTH INC.'S NOTICE OF SUBPOENA DUCES TECUM ISSUED TO NON-PARTY NRG ONCOLOGY FOUNDATION, INC.** |

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2        PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

3 Procedure, Plaintiff Guardant hereby directs the document requests, described below, to **NRG**

4 **Oncology Foundation, Inc., ("NRG")** and requests that **no later than May 31, 2024, NRG**

5 **produce responsive documents** at the offices of A&O Shearman, 599 Lexington Avenue, New

6 York, NY 10022, or alternatively at a mutually agreed upon time and location.

7

8

9  Dated:  May 6, 2024               **ALLEN OVERY SHEARMAN STERLING**

10                                 **US LLP**
                                 **SAUL PERLOFF**

11

12                          By:   */s/ Saul Perloff*
                                Saul Perloff

13

14                         Attorney for Plaintiff
                         GUARDANT HEALTH, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 2 -
GUARDANT HEALTH INC.'S NOTICE OF SUBPOENA DUCES TECUM ISSUED TO
NON-PARTY NRG ONCOLOGY FOUNDATION, INC.

1

## **<u>CERTIFICATE OF SERVICE</u>**

2     I hereby certify that a true and correct copy of the above and foregoing document has been

3 served on May 6, 2024 to the following counsel of record via email.

4

5     Kevin P.B. Johnson     kevinjohnson@quinnemanuel.com

6     Victoria F. Maroulis     victoriamaroulis@quinnemanuel.com

7     Andrew J. Bramhall     andrewbramhall@quinnemanuel.com

8     Anne S. Toker     annetoker@quinnemanuel.com

9     Andrew Naravage     andrewnaravage@quinnemanuel.com

10    Elle Wang     ellewang@quinnemanuel.com

11

12

13            /s/ *Saul Perloff*
              Saul Perloff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 3 -
GUARDANT HEALTH INC.'S NOTICE OF SUBPOENA DUCES TECUM ISSUED TO
NON-PARTY NRG ONCOLOGY FOUNDATION, INC.

**ATTACHMENT A**

**INSTRUCTIONS**

1.      Pursuant to the Protective Order in this case entered on July 1, 2021, a non-party producing documents in the course of this action may designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the same constraints as the parties to this action. *See* Section 10.a of the Protective Order, attached hereto as Exhibit 1.

2.      References to the singular shall include the plural, references to the plural shall include the singular, references to one gender shall include the other, references to past tense shall include the present, and references to the present tense shall include the past tense.

3.      Your attention is directed to Rule 26(b)(5) of the Federal Rules of Civil Procedure for the information to be provided where a claim of privilege is asserted.

4.      If any document requested was, but is no longer, in your possession, custody, or control, state the subject matter of the document, its disposition, and the date or dates upon which such disposition was made, and additionally, produce all documents relating to the disposition of such document.

5.      If any document requested contains protected health information of a patient, please redact the patient name, date of birth, and other identifying information before producing that document.

6.      Copies of responsive documents and communications need not be produced more than once.

7.      Emails may be produced by "thread" such that the last communication of each email branch is produced, so long as the prior messages are reflected, including any attachments to interim emails.

**DEFINITIONS**

1.      ***ASCO-GI 2024.*** The term "ASCO-GI 2024" means the American Society of Clinical Oncology Gastrointestinal Cancers Symposium which took place in San Francisco, California and online from January 18-20, 2024.

2.      ***COBRA.*** The term "COBRA" means NRG-GI005, Phase II/III Study of Circulating

DOCUMENT PREPARED
ON RECYCLED PAPER

Tumor DNA as a Predictive Biomarker in Adjuvant Chemotherapy in Patients with State IIA Colon Cancer (COBRA).

3.    ***COBRA Investigators***. The term "COBRA INVESTIGATORS" means Van K. Morris, MD, Scott Kopetz, MD, PhD, Shannon L. Puhalla, MD, Peter C. Lucas, MD, PhD, Atif Iqbal, MD, Patrick M. Boland, MD, Dustin A. Deming, MD, Aaron J. Scott, MD, Howard J. Lim, MD, PhD, Samuel A. Jacobs, MD, and Theodore S. Hong, MD.

4.    ***Communication***. The term "COMMUNICATION(S)" means the transmittal, conveyance, or exchange of information (in the form of facts, ideas, inquiries, or otherwise) whether by written, oral or any other means, including, but not limited to meetings; presentations; seminars and/or webinars; letters; facsimiles; or electronic communications and electronic mail, including all enclosures or attachments accompanying the communication.

5.    ***Concerning***. The term "CONCERNING" means relating to, referring to, regarding, describing, evidencing or constituting.

6.    ***Document***. The term "DOCUMENT(S)" means all types of documents, electronically stored information and tangible things that are discoverable under the Federal Rules of Civil Procedure, regardless of their form.  The term "document" includes but is not limited to: writings, drawings, graphs, charts, photographs, sound recordings, videos, slides, images and other data or data compilations stored in any medium from which information can be obtained.  A draft of a non-identical copy is a separate document within the meaning of this term.

7.    ***NCI***. The term "NCI" means the National Cancer Institute including its officers, directors and employees.

8.    ***NRG***. The term "NRG" means NRG Oncology including its officers, directors and employees.

9.    ***NRG COBRA Participant***. The term "NRG COBRA PARTICIPANT" means Judy Langer, MD, Thomas George, MD, Greg Yothers, PhD, and Norman Wolmark, MD.

10.    ***Natera***. "NATERA" means Defendant Natera, Inc. including its officers, directors, employees and subsidiaries.

11.    ***Patient Advocacy Group.*** The term "PATIENT ADVOCACY GROUP" means

DOCUMENT PREPARED
ON RECYCLED PAPER

Colorectal Cancer Alliance, Colon Cancer Coalition, Fight Colorectal Cancer, Colontown, and/or The Colon Club.

12. ***Person.*** The term "PERSON" means all natural persons and all types and kinds of business or other entities, including, but not limited to, corporations, limited liability companies, partnerships, joint ventures, associations, sole proprietorships, government bodies and government agencies. Any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal and non-legal representatives, heirs, successors, assigns and any other person or entity acting on the behalf of such individual person. Any reference to a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, joint ventures, agents, employees, representatives, accountants, investment bankers, consultants, or attorneys acting on behalf of the corporation or other entity.

13. ***Protocol.*** The term "PROTOCOL" means the document that describes the background, rationale, objectives, design, methodology, statistical considerations, and/or organization of the NRG-GI005 clinical research study.

14. ***You, Your or Yours***. The terms "YOU," "your" or "yours" mean the person to whom these requests are directed.

15. The following rules of construction apply to all Matters of Inquiry and requests:

   a. All/Each. The terms "all" and "each" shall be construed as all and each.

   b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   c. Number. The use of singular for of any word includes the plural and vice versa.

   d. Including. The term "including" shall construed as "including, but not limited to."

DOCUMENT PREPARED
ON RECYCLED PAPER

## **DOCUMENT REQUESTS**

**Please produce the following requested documents, electronically stored information or things. Words that are capitalized are defined above.**

1. All COMMUNICATIONS from June 1, 2023, to September 30, 2023, CONCERNING the decision whether to close COBRA to accrual for futility in 2023 to or from an NRG COBRA PARTICIPANT and:

    a. another NRG COBRA PARTICIPANT;

    b. the NCI;

    c. a COBRA INVESTIGATOR

    d. NATERA; or

    e. Dr. Howard Hochster.

2. ALL COMMUNICATIONS from August 1, 2023, to January 31, 2024, CONCERNING what information to include or exclude in the abstract, poster and/or presentation given at ASCO GI 2024 relating to COBRA to or from an NRG COBRA PARTICIPANT and:

    a. another NRG COBRA PARTICIPANT;

    b. the NCI;

    c. a COBRA INVESTIGATOR

    d. NATERA; or

    e. Dr. Howard Hochster.

3. All COMMUNICATIONS from September 1, 2020, to July 31, 2021, CONCERNING the decision in or about December 2020 to temporarily suspend new patient enrollment to COBRA, and/or the decision to lift this suspension in 2021, and the reasons for those decisions to or from an NRG COBRA PARTICIPANT and:

    a. another NRG COBRA PARTICIPANT;

    b. the NCI;

    c. a COBRA INVESTIGATOR

    d. NATERA;

DOCUMENT PREPARED
ON RECYCLED PAPER

1          e.  Dr. Howard Hochster; or

2          f.  a PATIENT ADVOCACY GROUP.

3

4          4.     DOCUMENT(S) sufficient to identify the clinical recurrence of colorectal cancer

of the sixteen patients analyzed in the futility analysis of the COBRA study, which may be coded,

5

6      anonymized, or aggregated before production as appropriate to protect confidentiality of the

patients.

7

8          5.     DOCUMENT(S) sufficient to identify any current or past agreement(s), contractual

9      or otherwise, between YOU and NATERA, to the extent not obtained from NATERA.

10

11         6.     DOCUMENT(S) sufficient to identify any current or past agreement(s), contractual

or otherwise, between YOU and Dr. Howard Hochster.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Document Prepared
on Recycled Paper

- 5 -
GUARDANT HEALTH INC.'S NOTICE OF SUBPOENA DUCES TECUM ISSUED TO
NON-PARTY NRG ONCOLOGY FOUNDATION, INC.

# EXHIBIT 3

| From: | Mallon, Michael G <michael.mallon@hoganlovells.com> |
|---|---|
| Sent: | 05 September 2024 14:28 |
| To: | Trey Hebert; Ryan Landes; Cook, Susan M.; McGuire, Elizabeth A. |
| Cc: | QE-Natera-Guardant; SS-Guardant_Natera Team; GuardantVNatera@kelleranderle.com |
| Subject: | RE: Guardant v. Natera - Subpoena to NRG |

[EXTERNAL EMAIL from michael.mallon@hoganlovells.com]

Thank you for providing an updated statement of Guardant's position. Given the open dispute between the parties on this issue, as a third party we will not take a position on this matter, and in the meantime should not be unduly burdened by sitting for a deposition that may ultimately be improper. As such, NRG will await the resolution of this dispute between the parties. If the dispute is resolved in favor of a deposition, NRG will of course comply and sit for such a deposition with 30 days' notice (in order to hire counsel and prepare its representative).

Best regards,
Michael

**Michael G. Mallon**
Senior Associate

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017
Tel:      +1 212 918 3000
Direct:   +1 212 918 3165
Mobile:  +1 973 202 4261
Fax:      +1 212 918 3100
Email:   michael.mallon@hoganlovells.com
          www.hoganlovells.com

---

**From:** Trey Hebert <trey.hebert@aoshearman.com>
**Sent:** Thursday, September 5, 2024 4:28 PM
**To:** Ryan Landes <ryanlandes@quinnemanuel.com>; Mallon, Michael G <michael.mallon@hoganlovells.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

[EXTERNAL]
Michael,

Thank you for your call this afternoon.  As discussed, Guardant's position—that the deadline for COBRA discovery has passed and the court did not permit Natera to seek the deposition—has not changed.  Furthermore, as you consider Natera's threat to "seek relief from the court," the topic of discovery came up during a hearing last week.  Natera did

not raise its attempts to seek a deposition from NRG, much less seek permission to do so.  On the other hand, the court made clear it would not entertain further motion practice without good cause.

Best,
Trey


**Trey Hebert**
Associate

**A&O Shearman**
300 W. Sixth Street, Suite 2250  |  Austin, Texas  |  78701
D +1.512.647.1933 | M +1.512.599.7349
aoshearman.com | Trey.Hebert@aoshearman.com

---

**From:** Ryan Landes <ryanlandes@quinnemanuel.com>
**Sent:** Wednesday, September 4, 2024 10:48 PM
**To:** Mallon, Michael G <michael.mallon@hoganlovells.com>; Trey Hebert <Trey.Hebert@shearman.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <SS-Guardant_Natera_Team@Shearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** Re: Guardant v. Natera - Subpoena to NRG


**Caution: non-A&O Shearman email.**


Michael,

Further to this issue, Guardant stated today that "Guardant also has not 'obstructed' Natera's discovery of NRG in any way."  We look forward to your response regarding Natera's deposition subpoena tomorrow.

Best,
Ryan

---

**From:** Ryan Landes <ryanlandes@quinnemanuel.com>
**Sent:** Wednesday, September 4, 2024 9:28 AM
**To:** Mallon, Michael G <michael.mallon@hoganlovells.com>; Trey Hebert <trey.hebert@aoshearman.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com <GuardantVNatera@kelleranderle.com>
**Subject:** Re: Guardant v. Natera - Subpoena to NRG

Michael,

Please tell us by the end of the day Thursday whether NRG will be complying with Natera's deposition

subpoena. We have been patient waiting for a response but we need to know where things stand so we can seek relief from the court if necessary. Thank you.

**Ryan Landes**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3145 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ryanlandes@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Ryan Landes
**Sent:** Tuesday, August 27, 2024 1:45 PM
**To:** Mallon, Michael G <michael.mallon@hoganlovells.com>; Trey Hebert <trey.hebert@aoshearman.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com <GuardantVNatera@kelleranderle.com>
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

Michael,

Following up on this, has NRG retained new counsel regarding the deposition? If not, please let us know the anticipated timeline.

Thank you,

Ryan

---

**From:** Mallon, Michael G <michael.mallon@hoganlovells.com>
**Sent:** Tuesday, August 20, 2024 12:48 PM
**To:** Ryan Landes <ryanlandes@quinnemanuel.com>; Trey Hebert <trey.hebert@aoshearman.com>; Cook,

3

Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

**[EXTERNAL EMAIL from michael.mallon@hoganlovells.com]**

Ryan,

Thank you for again stating Natera's position. I believe NRG understands both parties' positions at this point. Hogan Lovells will not be representing NRG with respect to whether they will sit for the deposition or with defending such deposition. NRG is in the process of hiring new counsel to take over on that portion of this matter. Given this, NRG will need more time to get their new counsel up to speed and would not be able to sit for a deposition on your suggested date. I have instructed NRG to have their new counsel reach out to you on this as soon as such counsel is hired. Hogan Lovells will continue to represent NRG with respect to the document productions.

Best regards,

Michael

**Michael G. Mallon**
Senior Associate

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017
Direct:   +1 212 918 3165
Mobile:  +1 973 202 4261
Email:    michael.mallon@hoganlovells.com

**From:** Ryan Landes <ryanlandes@quinnemanuel.com>
**Sent:** Monday, August 19, 2024 3:26 PM
**To:** Trey Hebert <trey.hebert@aoshearman.com>; Mallon, Michael G <michael.mallon@hoganlovells.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG


**[EXTERNAL]**

Michael,


We disagree with Guardant for reasons previously stated. Natera served a timely and valid subpoena in May, long before the Court's statements that Guardant is referencing. It is not proper for Guardant to obstruct NRG's compliance with that subpoena.


Please let us know if you have any updates on the deposition. As I noted in my prior email, we are available to take it on August 23, including remotely if NRG prefers.


Thank you,

Ryan


**From:** Trey Hebert <trey.hebert@aoshearman.com>
**Sent:** Friday, August 16, 2024 3:13 PM
**To:** Mallon, Michael G <michael.mallon@hoganlovells.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG


**[EXTERNAL EMAIL from trey.hebert@aoshearman.com]**

Michael:

Thanks for the production and confirming that NRG believes its production is now complete.  We will review the documents and let you (and Natera's counsel) know whether we need to depose an NRG witness (and if so whom).

However, as we noted, the Court could not have been clearer – in both its Minute Order and during argument on Guardant's motion for sanctions – that ONLY Guardant has leave to take further COBRA discovery, including a deposition of NRG.

Please, let us know if you'd like to discuss.

Thanks,

Trey

**Trey Hebert**

Associate

**A&O Shearman**

300 W. Sixth Street, Suite 2250  |  Austin, Texas  |  78701

D +1.512.647.1933 | M +1.512.599.7349

aoshearman.com | Trey.Hebert@aoshearman.com

**From:** Mallon, Michael G <michael.mallon@hoganlovells.com>
**Sent:** Friday, August 16, 2024 11:43 AM
**To:** Ryan Landes <ryanlandes@quinnemanuel.com>; Trey Hebert <Trey.Hebert@shearman.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <SS-

Guardant_Natera_Team@Shearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

**Caution: non-A&O Shearman email.**

Thanks, Ryan. We believe the productions are now complete (per my email, we do reserve the right to supplement our productions should need be, but we do not foresee that happening and are done with reviewing documents). We will be in touch regarding a deposition as soon as I'm able to speak with my client about it.

Best regards,

Michael

**Michael G. Mallon**
Senior Associate

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017
Direct:    +1 212 918 3165
Mobile:   +1 973 202 4261
Email:    michael.mallon@hoganlovells.com

**From:** Ryan Landes <ryanlandes@quinnemanuel.com>
**Sent:** Friday, August 16, 2024 12:20 PM
**To:** Mallon, Michael G <michael.mallon@hoganlovells.com>; Trey Hebert <trey.hebert@aoshearman.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

**[EXTERNAL]**

Michael,

Thank you for providing NRG's production yesterday. Is NRG's production is now complete? Please also let us know if NRG is available for deposition on August 23.

Best,

Ryan

**Ryan Landes**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3145 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ryanlandes@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ryan Landes
**Sent:** Monday, August 12, 2024 2:42 PM
**To:** Mallon, Michael G <michael.mallon@hoganlovells.com>; Trey Hebert <trey.hebert@aoshearman.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

Michael,

We look forward to receiving NRG's supplemental production. We are available for the deposition on August 23 (assuming NRG's document production is completed by then), if that works for NRG. We remain open to accommodating on logistics.

To be clear, we disagree with Guardant with respect to the deposition.  The fact stands that Natera issued a valid deposition subpoena to NRG on May 16th—well before and separate from the hearing that Guardant quotes.  Please let us know if Guardant's comments have changed NRG's willingness to sit for deposition, so we can determine appropriate next steps.

Thank you,

Ryan

---

**From:** Mallon, Michael G <michael.mallon@hoganlovells.com>
**Sent:** Thursday, August 8, 2024 4:22 PM
**To:** Trey Hebert <trey.hebert@aoshearman.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

**[EXTERNAL EMAIL from michael.mallon@hoganlovells.com]**

---

Thank you for that clarification, Trey.

Best regards,

Michael

**Michael G. Mallon**
Senior Associate

___

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017
Direct:   +1 212 918 3165
Mobile:  +1 973 202 4261
Email:    michael.mallon@hoganlovells.com

___

**From:** Trey Hebert <trey.hebert@aoshearman.com>
**Sent:** Thursday, August 8, 2024 5:05 PM
**To:** Mallon, Michael G <michael.mallon@hoganlovells.com>; Ryan Landes
<ryanlandes@quinnemanuel.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A.
<elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-
guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com>
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

**[EXTERNAL]**

Michael:


It is not Guardant's position that NRG should only produce documents responsive to Guardant's May 6 requests
and *not* produce any further documents to Natera.  Although COBRA discovery ended two months ago, we do
not object to NRG completing its production of documents responsive to Natera's May 16 requests if the delay
in production was due to NRG's requirement to run those documents by NCI.


On the other hand, Natera is not entitled to seek, and NRG is not required to provide in response, additional
discovery—including depositions.  Judge Chen only re-opened COBRA discovery so that *Guardant* would have
the "opportunity to pursue additional" COBRA discovery from NRG and others.  When Guardant specifically
raised this issue—that Natera would seek additional discovery—Judge Chen recognized that Natera's and Dr.
Hochster's non-disclosure is "a one-way problem" that Guardant is entitled to correct:


    MR. SCOLNICK: Your Honor, if I could make one more

point, too. If the Court is inclined to reopen discovery in

some capacity, I would ask that the court limit that to

Guardant being able to take further discovery. Any depositions

will be Guardant's further depositions. Any further document

requests will be our further document requests. Anything

otherwise, allowing Natera at this point to take additional

depositions or additional discovery from a party, from an

nonparty would be to reward them for their misconduct.

THE COURT: I didn't perceive there was a request to

open discovery by Natera. I thought what we were talking about

is as a result of this non-disclosure and non-production, that

discovery would be extended in order to fix that problem.

MR. SCOLNICK: Right. Okay.

THE COURT: That's a one-way problem.

MR. SCOLNICK: Understood.


Accordingly, we object to Natera's efforts to schedule a deposition of NRG.  Depending on NRG's additional production, Guardant will consult with NRG whether and when a deposition of an NRG witness will take place and if so, how to split the time between Guardant and Natera.


Thanks,

Trey



**Trey Hebert**

Associate

**A&O Shearman**

300 W. Sixth Street, Suite 2250 | Austin, Texas | 78701

D +1.512.647.1933 | M +1.512.599.7349

aoshearman.com | Trey.Hebert@aoshearman.com

---

**From:** Mallon, Michael G <michael.mallon@hoganlovells.com>
**Sent:** Wednesday, August 7, 2024 6:00 PM
**To:** Ryan Landes <ryanlandes@quinnemanuel.com>; Trey Hebert <Trey.Hebert@shearman.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <SS-Guardant_Natera_Team@Shearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

**Caution: non-A&O Shearman email.**

Ryan and Trey,

Thank you for stating your positions.

Trey – is it Guardant's position that NRG should produce any remaining documents responsive to Guardant's requests and *not* produce any further documents to Natera? Or does Guardant's objection to Natera receiving further discovery only apply to the deposition you referenced?

Best regards,

Michael

**Michael G. Mallon**
Senior Associate

---

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017

Direct:    +1 212 918 3165
Mobile:    +1 973 202 4261
Email:     michael.mallon@hoganlovells.com

___

**From:** Ryan Landes <ryanlandes@quinnemanuel.com>
**Sent:** Wednesday, August 7, 2024 4:52 PM
**To:** Trey Hebert <trey.hebert@aoshearman.com>; Mallon, Michael G <michael.mallon@hoganlovells.com>;
Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A.
<elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-
guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

**[EXTERNAL]**

Michael,

We disagree with Guardant's position and will address this with them separately.  Thank you for the update on
the production and deposition.

Best,

Ryan

---

**From:** Trey Hebert <trey.hebert@aoshearman.com>
**Sent:** Wednesday, August 7, 2024 1:35 PM
**To:** Mallon, Michael G <michael.mallon@hoganlovells.com>; Ryan Landes
<ryanlandes@quinnemanuel.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A.
<elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-
guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

[**EXTERNAL EMAIL from trey.hebert@aoshearman.com**]

Michael,

To clarify, as Mr. Landes' email seems to suggest that Natera has a right to pursue additional discovery from NRG—it does not. Discovery in the Guardant v. Reveal case on COBRA closed on June 7, 2024 (Dkt. 510, referring to Dkt. 501). During the July 26, 2024 hearing on Guardant's motion for sanctions against Natera, the Court reopened COBRA discovery for *Guardant's benefit*. *See* Dkt. 597: "Guardant is granted the opportunity to pursue additional, limited discovery. Guardant may propound additionally, narrowly tailored discovery requests upon NRG . . . ." During the hearing on the motion, the Court was also express that *only* Guardant may pursue additional discovery. Tr. at 39:9-23. Once we have the additional NRG documents, Guardant will evaluate whether and when an NRG deposition would be appropriate.

Thanks,
Trey

**Trey Hebert**

Associate

**A&O Shearman**

300 W. Sixth Street, Suite 2250  |  Austin, Texas  |  78701

D +1.512.647.1933 | M +1.512.599.7349

aoshearman.com | Trey.Hebert@aoshearman.com

‌

**From:** Mallon, Michael G <michael.mallon@hoganlovells.com>
**Sent:** Wednesday, August 7, 2024 1:50 PM
**To:** Ryan Landes <ryanlandes@quinnemanuel.com>; Cook, Susan M. <susan.cook@hoganlovells.com>;
McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>

**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <SS-Guardant_Natera_Team@Shearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** RE: Guardant v. Natera - Subpoena to NRG

**Caution: non-A&O Shearman email.**

Ryan,

NRG is finalizing a supplemental production. Once that is produced (likely end of this week) and you have reviewed, we can discuss details for a deposition. We very much appreciate the flexibility as to time, location, and format.

Best,

Michael

**Michael G. Mallon**
Senior Associate
—

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017
Direct:   +1 212 918 3165
Mobile:  +1 973 202 4261
Email:    michael.mallon@hoganlovells.com
—

**From:** Ryan Landes <ryanlandes@quinnemanuel.com>
**Sent:** Wednesday, August 7, 2024 2:29 PM
**To:** Mallon, Michael G <michael.mallon@hoganlovells.com>; Cook, Susan M. <susan.cook@hoganlovells.com>; McGuire, Elizabeth A. <elizabeth.mcguire@hoganlovells.com>
**Cc:** QE-Natera-Guardant <qe-natera-guardant@quinnemanuel.com>; SS-Guardant_Natera Team <ss-

guardant_natera_team@aoshearman.com>; GuardantVNatera@kelleranderle.com
**Subject:** Guardant v. Natera - Subpoena to NRG

**[EXTERNAL]**

Counsel,

Could you please confirm if NRG has completed its document production?  If so, could you please provide a
date for a deposition of an NRG representative knowledgeable about the COBRA trial (NRG-GI0005) and
NRG's production?  *See* May 16, 2024 Subpoena to Testify to NRG Oncology Foundation.  We are happy to
work with you regarding the date, location, and format (in person vs. via zoom).

Thank you,

Ryan

**Ryan Landes**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3145 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ryanlandes@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message
may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended
recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any
review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately
by e-mail, and delete the original message.

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see
www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If
received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from
your system.

16

PRIVACY. Hogan Lovells processes personal data, including data relating to email communications, in accordance with the terms of its privacy policy which is available at www.hoganlovells.com/en/privacy.

This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its contents to any other person. Allen Overy Shearman Sterling US LLP is a limited liability partnership organised under the laws of the State of Delaware. Allen Overy Shearman Sterling US LLP is affiliated with Allen Overy Shearman Sterling LLP, a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA number 401323). The term partner is used to refer to a member of Allen Overy Shearman Sterling LLP or an employee or consultant with equivalent standing and qualifications. A list of the members of Allen Overy Shearman Sterling LLP and of the non-members who are designated as partners is open to inspection at its registered office at One Bishops Square, London E1 6AD. For further information about how Allen Overy Shearman Sterling US LLP is regulated, please see our website at aoshearman.com/en-gb/global/legal-notices. Our privacy policy is available at aoshearman.com/en-gb/global/legal-notices/privacy-policy

This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its contents to any other person. Allen Overy Shearman Sterling US LLP is a limited liability partnership organised under the laws of the State of Delaware. Allen Overy Shearman Sterling US LLP is affiliated with Allen Overy Shearman Sterling LLP, a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA number 401323). The term partner is used to refer to a member of Allen Overy Shearman Sterling LLP or an employee or consultant with equivalent standing and qualifications. A list of the members of Allen Overy Shearman Sterling LLP and of the non-members who are designated as partners is open to inspection at its registered office at One Bishops Square, London E1 6AD. For further information about how Allen Overy Shearman Sterling US LLP is regulated, please see our website at aoshearman.com/en-gb/global/legal-notices. Our privacy policy is available at aoshearman.com/en-gb/global/legal-notices/privacy-policy

This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its contents to any other person. Allen Overy Shearman Sterling US LLP is a limited liability partnership organised under the laws of the State of Delaware. Allen Overy Shearman Sterling US LLP is affiliated with Allen Overy Shearman Sterling LLP, a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA number 401323). The term partner is used to refer to a member of Allen Overy Shearman Sterling LLP or an employee or consultant with equivalent standing and qualifications. A list of the members of Allen Overy Shearman Sterling LLP and of the non-members who are designated as partners is open to inspection at its registered office at One Bishops Square, London E1 6AD. For further information about how Allen Overy Shearman Sterling US LLP is regulated, please see our website at aoshearman.com/en-gb/global/legal-notices. Our privacy policy is available at aoshearman.com/en-gb/global/legal-notices/privacy-policy

This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its contents to any other person. Allen Overy Shearman Sterling US LLP is a limited liability partnership organised under the laws of the State of Delaware. Allen Overy Shearman Sterling US LLP is affiliated with Allen Overy Shearman Sterling LLP, a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and

regulated by the Solicitors Regulation Authority of England and Wales (SRA number 401323). The term partner is used to refer to a member of Allen Overy Shearman Sterling LLP or an employee or consultant with equivalent standing and qualifications. A list of the members of Allen Overy Shearman Sterling LLP and of the non-members who are designated as partners is open to inspection at its registered office at One Bishops Square, London E1 6AD. For further information about how Allen Overy Shearman Sterling US LLP is regulated, please see our website at aoshearman.com/en-gb/global/legal-notices. Our privacy policy is available at aoshearman.com/en-gb/global/legal-notices/privacy-policy

# EXHIBIT 4

Pages 1 - 25

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen

GUARDANT HEALTH, INC.,            )
                                  )
          Plaintiff,              )
                                  )
    VS.                           )    NO. 3:21-cv-4062 EMC
                                  )
NATERA, INC.,                     )
                                  )
          Defendant.              )
_____   )

                          San Francisco, California
                          Thursday, February 15, 2024


          **TRANSCRIPT OF PROCEEDINGS BY ZOOM WEBINAR**

**APPEARANCES BY ZOOM WEBINAR:**

For Plaintiffs:
                    SHEARMAN & STERLING LLP
                    300 West 6th Street, 22nd Floor
                    Austin, TX 78701
            BY:  **SAUL H. PERLOFF**
                 **ATTORNEY AT LAW**

                    SHEARMAN & STERLING LLP
                    599 Lexington Avenue
                    New York, NY 10022
            BY:  **CHRISTOPHER LLOYD LaVIGNE**
                 **ATTORNEY AT LAW**

                    KELLER/ANDERLE LLP
                    18300 Von Karman Ave., Ste. 930
                    Irvine, CA 92612
            BY:  **JENNIFER LYNN KELLER**
                 **CHASE A. SCOLNICK**
                 **ATTORNEYS AT LAW**

REPORTED REMOTELY BY:  Rhonda L. Aquilina, RMR, CRR, CRC
                       CSR No. 9956, Official U.S. Reporter


                **UNITED STATES COURT REPORTERS**

**APPEARANCES CONT'D.**

For Defendant:

                  QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
                  555 Twin Dolphin Dr. - 5th Floor
                  Redwood Shores, California  94065
        BY:  **VICTORIA MAROULIS**
              **BRIAN C. CANNON**
              **MARGARET SHYR**
              **ATTORNEYS AT LAW**

                  QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
                  865 S. Figueroa Street, 10th Floor
                  Los Angeles, CA 90017
        BY:  **RYAN SADLER LANDES**
              **ATTORNEY AT LAW**

1          **THE COURT:**  All right.  Mr. Perloff.

2          **MR. PERLOFF:**  Yeah, if I may.  This idea that we're

3    not prejudiced because Guardant knew when the trial was closed,

4    we did know when the trial was closed.  But because the trial

5    was not closed due to a reason that was in this lawsuit, we

6    certainly didn't expect that five months later or three,

7    whatever, how many months afterward, we'd get a supplemental

8    report.

9          The prejudice comes in part from Dr. Hochster waiting to

10   file the supplemental report.

11         And I want to just mention something --

12         **THE COURT:**  Well, this is all triggered by the release

13   of the abstract which triggered the report.  So I agree with

14   you, it's not necessarily fair to do, you know, to do an

15   investigation when you don't have the abstract.  I don't want

16   to pin it on whether they delayed with Dr. Hochster.  I don't

17   think that's a fruitful area.

18         I think the question, the practical question is, all

19   right, maybe you have a right or an interest in talking to the

20   investigators, the authors of this report.  I don't know about

21   the sponsors, but, I mean, you know, you don't have a right to

22   cross-examine ever person who participated, but at least the

23   principal people to get to the bottom of what about, what the

24   explanation is, et cetera, et cetera.

25         How difficult would it be, did you make an effort to try

1  to contact any of the investigators in this report?

2      **MR. PERLOFF:**  No, not since we've received their

3  report, no.  But I do want to be clear, the reason we would

4  need to take the deposition -- you know, the deposition and

5  discovery of the sponsor NRG is -- and Mr. Cannon alluded to it

6  but cut off the beginning of the sentence -- the only thing

7  that came from the study that mentioned false positives, i.e.

8  specificity, came from that letter.  And what it said, and he

9  cut off the beginning part, was we learned from the -- from

10  Guardant that it had excessive false positives.  So Guardant

11  knows that it did not provide that information or say that.

12      So we need to know from NRG -- which apparently

13  Dr. Hochster has been in contact with during this case, we know

14  that from his deposition, he acknowledged that he was in

15  contact with them -- what communications went on, why did they

16  make this decision.  Why did they put that language in there

17  when the principal investigator said that's not right?  And so

18  at a bear minimum we would need to do that.

19      And then to the extent that he's drawing comparisons, do

20  other studies with different patient populations that we're

21  looking at things differently, different draws, if he's really

22  going to do that we would need to look at those as well.

23      In other words, we would need to have a completely full

24  and fair opportunity to defend ourselves.  Because this really

25  is the way that they're reporting it, they want to make it the

 1   new centerpiece of their case.

 2          **THE COURT:**  Right.  And you will have a -- they're

 3   saying that they're making Dr. Hochster available, and he

 4   should be subject to further examination.  He's filed a

 5   supplemental report, and you can respond to that.  You can

 6   respond with your rebuttal report.  I mean, all that seems

 7   doable.

 8      The only thing that's not directly within your control is

 9   access necessarily to the authors, the investigators, perhaps

10   the sponsor of the COBRA study.

11          **MR. PERLOFF:**  Right.  I mean, I think that's right.  I

12   mean, if the Court considers how long the parties spent looking

13   at just, for example, the Parikh study, which is at issue in

14   this lawsuit, it took almost a year if not a year to conduct

15   discovery to get the investigators, to get the authors.  And

16   here, you know, we'd be starting from scratch with a little

17   more than three and a half weeks until trial.  It could not be

18   done.

19      Even, honestly, it would be -- we would want, and I think

20   deserve to have, the written discovery from these different

21   people before we cross-examine him at his deposition.  And then

22   presumably they would want to take the deposition of our

23   counter expert, and based on whatever rebuttal report they

24   prepare.

25      And, again, I just -- the choice of having to either

```
1                    CERTIFICATE OF REPORTER

2          I certify that the foregoing is a correct transcript

3   from the record of proceedings in the above-entitled matter.

4

5   Dated:  February 16, 2024

6

7

8

9

10

11   _____

12        Rhonda L. Aquilina, CSR #9956, RMR, CRR, CRC
                  U.S. Court Reporter
13

14

15

16

17

18

19

20

21

22

23

24

25
```

# EXHIBIT 5

Pages 1 - 52

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen, Judge Presiding

GUARDANT HEALTH, INC.,          )
                                )
          Plaintiff,            )
                                )
  VS.                           )     NO. 3:21-cv-04062-EMC
                                )
NATERA, INC.,                   )
                                )
          Defendant.            )
_____)

San Francisco, California
Wednesday, August 28, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
                    ALLEN OVERY SHEARMAN STERLING US LLP
                    300 W. 6th Street - 22nd Floor
                    Austin, Texas  78701
          BY:  **SAUL H. PERLOFF, ATTORNEY AT LAW**

                    ALLEN OVERY SHEARMAN STERLING US LLP
                    599 Lexington Avenue
                    New York, New York  10022
          BY:  **CHRISTOPHER L. LAVIGNE, ATTORNEY AT LAW**


          **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


Stenographically Reported By:
Kelly Shainline, CSR No. 13476, RPR, CRR
Official Stenographic Reporter

```
 1  **APPEARANCES**:  (CONTINUED)

 2  For Plaintiff:

 3                          KELLER/ANDERLE LLP
                            18300 Von Karman Avenue - Suite 930
                            Irvine, California  92612
 4                  BY:  **JENNIFER L. KELLY, ATTORNEY AT LAW**
                         **CHASE A. SCOLNICK, ATTORNEY AT LAW**
 5
    For Defendant:
 6                          QUINN, EMANUEL, URQUHART & SULLIVAN LLP
                            555 Twin Dolphin Dr. - 5th Floor
 7                          Redwood Shores, California  94065
                    BY:  **VICTORIA F. MAROULIS, ATTORNEY AT LAW**
 8                       **BRIAN C. CANNON, ATTORNEY AT LAW**
                         **ANDREW J. BRAMHALL, ATTORNEY AT LAW**
 9                       **KAITLIN E. KEOHANE, ATTORNEY AT LAW**

10                          QUINN, EMANUEL, URQUHART & SULLIVAN LLP
                            865 South Figueroa Street - 10th Floor
11                          Los Angeles, California  90017
                    BY:  **VALERIE A. LOZANO, ATTORNEY AT LAW**
12
                            QUINN, EMANUEL, URQUHART & SULLIVAN LLP
13                          50 California Street - 22nd Floor
                            San Francisco, California  94111
14                  BY:  **JOCELYN MA, ATTORNEY AT LAW**

15

16

17

18

19

20

21

22

23

24

25
```

1        First, the Court issued its order on the letters for

2   request back in March 2022.  Discovery since closed, I think,

3   in July 2022.  So our position is that the -- continuing to

4   seek this discovery is untimely.

5        I think actually in the Court's order, March 22 order, it

6   specifically noted that discovery was closing as of May 2022

7   and requested that the Danish authorities promptly respond to

8   that -- to our request.

9        And I think the motion in limine order actually limited

10  how Natera -- excuse me -- Guardant can use any -- to the

11  extent it can use any evidence regarding the Reinert study.

12  And the letters of request continue to seek broad categories of

13  information relating to the Reinert study, which is -- which

14  goes way beyond what the Court permitted Guardant to use any of

15  this.

16        **THE COURT:**  The motion in limine goes to what's going

17  to be admitted at trial, not necessarily the scope of

18  discovery.  So you can get discovery, and I could say "See MIL

19  Number X."

20        **MS. KEOHANE:**  Well, Guardant is objecting pursuant to

21  the Danish -- in the Danish proceeding as its right.  The

22  court -- the Danish court requested whether Natera was going --

23  excuse me.

24        Natera is objecting as its right to.  The Danish court

25  requested whether Natera would be objecting.  It stated it

1   would.  Its Danish counsel yesterday submitted its objections.

2   Of course, we'll continue to cooperate with the Danish

3   authorities, but we do reserve our right to object to any

4   evidence Guardant obtains as a result of its letters of

5   request.

6          **THE COURT:**  So what do you want me to do?

7          **MR. SCOLNICK:**  Just to clarify, Your Honor, that this

8   discovery is authorized.  It was authorized by the Court's

9   order, and the Court reiterated the relevance of the evidence

10  in the motion in limine when it decided that evidence regarding

11  the Reinert study is admissible to rebut claims -- certain

12  claims that Natera is making.

13       And, further, significant aspects of Dr. Anderson's

14  testimony, Natera waived any objection, withdrew their

15  objection to the Henderson studies.  He's the author of that

16  too.  So --

17         **THE COURT:**  All right.  Well, as far as discovery

18  goes, it still obtains.  The question of what's admissible is a

19  different question.

20       So my view is that I authorized this discovery.  If there

21  was an objection based on relevance back then, that would have

22  been resolved -- brought to my attention and resolved.  So my

23  determination that this is relevant discovery still obtains,

24  and that should be what is represented to the Danish court.

25       As far as exceeding the deadline, I mean, obviously here

1    there are extenuating circumstances.  I don't think I set a

2    fast rule that if the Danish government doesn't respond, you're

3    out of luck.  As long as there was reasonable diligence and not

4    in the hands of the parties here but in the hands of a foreign

5    government and there is still time to receive this, again,

6    there may be further motions to exclude for other reasons at

7    trial, but it's not a reason not to obtain this discovery.

8          So my view is that this discovery request is still within

9    the realm of what I authorized.

10          **MR. SCOLNICK:**  Thank you, Your Honor.

11          I had just one very, very quick issue here.  If the Court

12   remembers, in March the Court allowed Natera to call as a

13   witness at trial Dr. Rabinowitz, who's Natera's founder.  One

14   of the conditions of that was that I was permitted to take a

15   short deposition, a half-day deposition, of Dr. Rabinowitz.

16          His deposition, that testimony, has raised significant

17   issues.  Those issues were not known to us at the time of the

18   in limine order or the time our motion in limines were due.  So

19   I'd ask the Court for leave to file just a couple very short

20   motions that were raised by his testimony that were made

21   necessary by the testimony that we objected to.

22          **THE COURT:**  Requests to revise my MIL rulings?

23          **MR. SCOLNICK:**  In some respects, yes, Your Honor,

24   because this testimony was not known at the time.  It was just

25   raised for the first time at the time the Court was deciding

1    the in limine orders -- motions, and we couldn't have raised it

2    earlier based on his testimony.  And, again, it was over our

3    objection, and I think that the motions are fair, reasonable,

4    and as timely as we could possibly make them given the

5    chronology.

6          MR. BRAMHALL:  Your Honor, Andrew Bramhall for Natera.

7       This is the first we're hearing this.  The deposition was

8    months ago, as Mr. Scolnick just said, of Dr. Rabinowitz.  I'm

9    not entirely sure even what he's referring to; but if there

10   were issues, I would expect them to be raised --

11         THE COURT:  When was the deposition taken?

12         MR. SCOLNICK:  A couple months ago, Your Honor.

13         THE COURT:  When?

14         MR. SCOLNICK:  I don't have the exact date, but I

15   believe it was June.

16         MR. BRAMHALL:  We were in the same room.  I'm sorry, I

17   don't recall.  I could figure out if you give me just a moment.

18   It's certainly been --

19         UNIDENTIFIED SPEAKER:  June 7th.

20         MR. BRAMHALL:  June 7th, Your Honor.

21         THE COURT:  And why is this being brought to me now?

22         MR. SCOLNICK:  Well, Your Honor, this is the first

23   in-person hearing we're having in front of you.  We're still

24   far enough in advance of trial where motions in limine would

25   not typically be due.  So I -- again, I think that it's --

1          **THE COURT:**  Except I advanced the motions in limine

2     specifically so that we would do things in an orderly way, and

3     the fact that this is the first in-person hearing we're having

4     is not a good excuse.

5          **MR. SCOLNICK:**  I apologize, Your Honor.  I'm sorry.

6          **THE COURT:**  I'm not going to -- you know, you-all keep

7     coming back to the well.  Sometimes all good things must come

8     to an end, and this one's coming to an end.  No more motions,

9     period.

10        Thank you.

11         **MR. SCOLNICK:**  Thank you, Your Honor.

12         **THE CLERK:**  This hearing is concluded.

13              (Proceedings adjourned at 12:42 p.m.)

14                        ---oOo---

1

2

3                    **<u>CERTIFICATE OF REPORTER</u>**

4              I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6

7    DATE:   Friday, August 30, 2024

8

9

10

11    _____

12              Kelly Shainline, CSR No. 13476, RPR, CRR
                     U.S. Court Reporter
13

14

15

16

17

18

19

20

21

22

23

24

25