

September 25, 2024

*VIA ECF*
The Honorable Edward M. Chen
USDC-Northern District of California
San Francisco Courthouse
Courtroom 5, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *Guardant Health, Inc. v. Natera, Inc.*
            USDC Northern District of California, Case No. 3:21-cv-04062-EMC

**Request that the Court Disregard Or Strike Improperly Submitted Pretrial Materials**

Dear Judge Chen:

    I write on behalf of Guardant Health, Inc. Late last evening, Defendant Natera, Inc. submitted a "Supplemental Pretrial Statement" and a second Trial Brief, Dkt. Nos. 669 and 673. The Parties, however, already provided their Joint Pretrial Statement, and submitted their Trial Briefs, Dkt. Nos. 361, 362, & 366, at the same time they filed all the other pretrial submissions including, for example, *in limine* motions. While the Court has directed the Parties to re-submit specific pretrial materials, including proposed jury instructions, Dkt. 504, deposition designations, Dkt. 599, and *voir dire* questionnaire, the Court did not request, direct, or specifically allow the Parties to re-submit either the Joint Pretrial Conference Statement or their Trial Briefs. Natera's filings therefore constitutes unauthorized submissions disallowed by this Court. *See* Dkt. 637.

    Purporting to rely on this Court's Amended Case management and Pretrial Order for Jury Trial, Dkt. 557, Natera sent a vaguely worded email on September 3 proposing a "schedule of the exchange of the joint pretrial conference statement," agreeing to provide to Guardant an "initial" draft by September 17. *See* Ex. A (Sept. 3, 2024 email from V. Parker). Dkt. 557 includes a general list of materials that had to be submitted in advance of the Final Pretrial Conference, including motions *in limine*, jury instructions, and a verdict form, Dkt. 557 at 6-7. But all the materials identified in Dkt. 557 already had been submitted (and in some instances resubmitted) by the Parties. Because the Court had been specific when it wished the Parties to *resubmit* specific pretrial materials, it was apparent the Court had not authorized the Parties to resubmit *every* pretrial submission identified in Dkt. 557.

    To avoid unnecessary or improper submissions, Guardant asked Natera to identify "[w]hat, specifically," Natera was "proposing the parties submit?" Ex. A (Sept. 6, 2024 email from T. Hebert). Rather than providing that explanation, Natera stated it wished to file an "updated pretrial conference statement" (which could have encompassed an array of materials, including "Use of Discovery Responses"), and that: "If Guardant does not wish to participate in the joint statement, please let us know so that we may inform the Court accordingly." *Id.* (Sept. 6, 2024 email from V.

Parker). Guardant again explained that the Parties already provided their Joint Pretrial Conference Statement, stated that "the Court has been very precise in directing the parties to resubmit those specific elements of the pretrial submissions" it wished supplemented, and again asked: "If there is something specific Natera wants to supplement*, please advise and we can discuss*. Otherwise, we oppose any unauthorized submissions." *Id.* (Sept. 8, 2024 email from T. Hebert) (emphasis added).[1]

Despite Guardant's express request, Natera made no attempt to meet and confer about submitting a revised Joint Pretrial Statement (and never mentioned a second Trial Brief at all) and disregarded its own deadline of providing a draft by September 17. Instead, yesterday afternoon on September 24, 2024, Natera sent a proposed "Joint" Pretrial Conference Statement that was filled with argument and inaccuracies and demanded Guardant's input in less than four and a half hours. *See* Ex. B (Sept. 24, 2024 email from V. Parker). Guardant again objected, explaining that this last-second ambush was improper and that the one-sided argument in Natera's proposal was inaccurate. *Id.* (Sept. 24, 2024 email from T. Hebert) Guardant advised Natera that, if it proceeded with this unauthorized submission, it should "inform the Court of Guardant's objection." *Id.* Natera failed to do so, instead stating in a footnote Guardant "declined" to "join in the filing." Dkt. 669 at 2, n.1.

Natera's submission is unnecessary, inaccurate, and improper. There is no value to a one-sided "Pretrial Conference Statement" that recites certain case developments, but ignores, for example, the pending motion for sanctions against Natera for its repeated and material misrepresentations to this Court about Dr. Hochster and COBRA. Natera's submission is also riddled with wholly wrong assertions, including, for example, Natera's claim that it is entitled to disgorgement, Dkt. 669 at 3, after the Court rejected Natera's damages expert's opinion on this issue. Dkt. 322. Natera also, for the first time, tries to raise a claim for *future corrective advertising,* Dkt. 669 at 3, when Natera never tried to do so before, and where there is nothing in the record to support it.

Natera's putative Pretrial Conference Statement mainly offers inappropriate attorney argument, such as Natera's ongoing disagreement with this Court's punitive damages instruction, Dkt. 669 at 3-4, and its preemptive attack on the use of discovery Guardant still hopes to obtain from Dr. Andersen and Aarhus University. *Id.* at 4-5.[2] Natera's submission also includes

---

[1] The Parties separately discussed updating exhibit and witness lists, and worked together to finalize those submissions.

[2] We anticipate that Natera plans to submit the Pretrial Conference Statement, and perhaps its second Trial Brief, to the Danish Authorities. In other words, it appears that Natera included this out-of-place argument concerning Dr. Andersen to improperly bootstrap its ongoing efforts in Denmark to prevent Guardant from taking discovery from the lead author of the key Reinert Study. But the Court has authorized this discovery and very recently reaffirmed that this discovery may proceed. Dkt. 637. It has also found evidence regarding the Reinert Study is admissible, and Natera expressly waived its objections to the admissibility of other evidence Guardant seeks in Denmark. *See* Dkt. No. 509, at 10, 15.

affirmative but unauthorized requests for relief—precluded by this Court's Order, Dkt. 637—that Guardant not be allowed to cross-examine Dr. Hochster on his misrepresentations to Guardant and this Court, Dkt. 669 at 5 and barring Guardant witnesses from offering testimony on COBRA—an issue brought into this case by Natera over Guardant's objections. *Id.* at 7-8. None of this is proper.

Beyond arguments already raised in its first Trial Brief, Natera's second Trial Brief regurgitates contentions Natera has presented *ad nauseum* to the Court about COBRA, again signaling it will spend a considerable portion of the limited trial time available trying to mislead the jury about the significance of an interim data analysis from a very small set of patients without known clinical outcomes. Natera also renews its attacks on Mr. Malackowski's opinions—attacks the Court rejected just a few days ago. Dkt. 663.

Trial and pretrial proceedings in this case require a level playing field. Natera has taken every opportunity to flout this Court's Rules and to take unfair advantage whenever and however it can. Natera's counsel made no attempt to meet and confer about these unauthorized pretrial submissions, and failed to comply with the spirit and plain meaning of this Court's Orders. Its "Pretrial Conference Statement" and second Trial Brief should be stricken or disregarded.

Respectfully submitted,

KELLER/ANDERLE LLP

Chase Scolnick
Partner

cc: All counsel of record via ECF