| | |
|---|---|
| Saul Perloff (157092)<br>saul.perloff@aoshearman.com<br>Katharyn Grant *(pro hac vice)*<br>kathy.grant@aoshearman.com<br>Andre Hanson *(pro hac vice)*<br>andre.hanson@aoshearman.com<br>Olin "Trey" Hebert *(pro hac vice)*<br>trey.hebert@aoshearman.com<br>ALLEN OVERY SHEARMAN<br>STERLING US LLP<br>300 W. Sixth Street, 22nd Floor<br>Austin, Texas 78701<br>Telephone  (512) 647-1900<br><br>Christopher LaVigne *(pro hac vice)*<br>christopher.lavigne@aoshearman.com<br>ALLEN OVERY SHEARMAN<br>STERLING US LLP<br>599 Lexington Ave<br>New York, NY 10022<br>Telephone  (212) 848-4000<br><br>Jennifer L. Keller (84412)<br>jkeller@kelleranderle.com<br>Chase Scolnick (227631)<br>cscolnick@kelleranderle.com<br>KELLER/ANDERLE LLP<br>18300 Von Karman Ave., Suite 930<br>Irvine, CA 92612<br>Telephone (949) 476-0900<br><br>Attorneys for Plaintiff/Counterclaim-Defendant GUARDANT HEALTH, INC. | Kevin P.B. Johnson (SBN 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (SBN 202603)<br>victoriamaroulis@quinnemanuel.com<br>Andrew J. Bramhall (SBN 253115)<br>andrewbramhall@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065-2139<br>Telephone    (650) 801-5000<br>Facsimile    (650) 801-5100<br><br>Anne S. Toker *(pro hac vice)*<br>annetoker@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010-1601<br>Telephone    (212) 849-7000<br>Facsimile    (212) 849-7100<br><br>Valerie Lozano (SBN 260020)<br>valerielozano@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone    (213) 443-3000<br>Facsimile    (213) 443-3100<br>Attorneys for Defendant/Counterclaim-Plaintiff NATERA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NATERA, INC.,<br><br>    Defendant and Counterclaim-Plaintiff. | Case No. 3:21-cv-04062-EMC<br><br>**JOINT SUPPLEMENTAL PRETRIAL STATEMENT**<br><br>Final Pretrial Conference: October 15, 2024<br>Time:                     9:00 a.m.<br>Place:                    Courtroom 5, 17th Flr |

The Parties to the above-entitled action jointly submit this Supplemental Pretrial Statement pursuant to this Court's Order, Dkt. 679 (Sept. 26, 2024).[1]

## I.  THE ACTION

### A.  Substance of the Action

The June 8, 2023 Joint Pretrial Statement was submitted at Dkt. 362.

Since the Court's Pretrial Conference Order of March 19, 2024 (Dkt. 501), the Court has issued several key pretrial orders, including its Order on Motions *in Limine* (Dkt. 509); the Court's Proposed Jury Instructions (Dkt. 610) and Verdict Form (Dkt. 612), Order Regarding Parties' Exhibit List Objections (Dkt. 611), and its Order Regarding *Daubert* Motion/Motion to Strike/Exclude supplemental opinions of Natera's expert Dr. Howard Hochster and Guardant's expert Mr. James Malackowski (Dkt. 663). The Court also issued an Order denying leave to file a motion for reconsideration (Dkt. 653), and an Order requiring Dr. Parikh to appear live at trial (Dkt. 683).

Outstanding issues awaiting resolution include:

- Natera's objections to the Court's Proposed Jury Instructions and Verdict Form, Dkt. Nos. 627 and 628;
- Guardant's objection to the Court's Proposed Jury Instructions, Dkt. 626;
- The Parties' objections to each other's deposition designations for Dr. Ryan Corcoran and Mr. Nitin Sood, Dkt. Nos. 646 and 648, *see also* Dkt. 683;
- Guardant's motion for sanctions, Dkt. Nos. 578, 582, 588, 692; *see also* Dkt. 642 (briefing schedule for additional submissions related to motion).

The Parties request the Court address these issues at the October 15, 2024 Pretrial Conference.

### B.  Relief Prayed

The Parties refer the Court to the previously submitted June 8, 2023 Joint Pretrial Statement, Dkt. 362.

## II.  FACTUAL BASIS OF THE ACTION

The Parties refer the Court to the previously submitted June 8, 2023 Joint Pretrial Statement, Dkt. 362.

---

[1] Natera also requests to raise additional proposals that Guardant would not agree to include in this joint statement at the pretrial conference.
- 2 -
JOINT SUPPLEMENTAL PRETRIAL STATEMENT
CASE NO. 3:21-CV-04062-EMC

**A.     Undisputed Facts**

The Parties refer the Court to the previously submitted June 8, 2023 Joint Pretrial Statement, Dkt. 362.

**B.     Disputed Facts**

The Parties refer the Court to the previously submitted June 8, 2023 Joint Pretrial Statement, Dkt. 362.

Natera states that the following additional fact is in dispute:

1. Whether the COBRA Clinical Trial and its early termination support the truth of Natera's advertising and the falsity of Guardant's advertising.

### III.     DISPUTED LEGAL ISSUES

The Parties refer the Court to the previously submitted June 8, 2023 Joint Pretrial Statement, Dkt. 362. In addition, the Parties dispute whether and to what extent evidence regarding COBRA is relevant or admissible. *See* Dkt. 493 at 9, 12, 13; *see also* Dkt. 653 (Sealed Order regarding Dkt. 632).

**[Natera's Position:** Additionally, Natera disputes whether punitive damages are available for claims of California common law unfair competition.**]**

### IV.     ANTICIPATED ISSUES FOR RESOLUTION AT OR BEFORE TRIAL

<u>Admissibility of evidence from Aarhus University and Dr. Andersen to be obtained pursuant to the Court's Letters of Request, and from NRG.</u> Pursuant to this Court's Letters of Request, Dkt. Nos. 153 & 157, and pursuant to this Court's reiteration that this evidence remains relevant, Dkt. 637, Guardant continues to seek documents and testimony from Aarhus University and Dr. Claus Lindbjerg Andersen. E.g., Dkt. 654. Upon acquisition of this evidence (which remains pending), Guardant anticipates amending its proposed exhibit list, witness list, and/or deposition designations. Natera anticipates objecting to any use of the Danish discovery at trial. (*See* Dkt. Nos. 329, 572, 611).

In addition, as allowed by this Court's Order, Dkt. 654, the Parties have deposed Dr. Van Morris as a representative of NRG, and will take a second NRG deposition of Dr. Thom George on October 18, 2024. Natera anticipates designating testimony from one or both of NRG's

witnesses. Guardant anticipates objecting to the relevance of this evidence, and subject to these objections anticipates that it may designate testimony from one or both of NRG's witnesses. Natera reserves its right to object to Guardant's designations.

<u>Limitations on the testimony/questioning of Dr. Hochster</u>. Depending on the Court's resolution of Guardant's pending motion for sanctions, Dkt. 578, the Parties may seek additional instructions or limitations on the testimony of Dr. Hochster. Guardant anticipates seeking a cautionary instruction to the Jury that Dr. Hochster has made material misrepresentations to this Court regarding his knowledge of and communications with others regarding the COBRA Study. Natera reserves the right to object, including on FRE 402 and 403 grounds, to issues relating to Dr. Hochster's search for and production of documents in this case.

<u>Renewal of previously resolved objections.</u> Both Parties anticipate seeking leave to renew objections previously resolved by this Court. Natera anticipates renewing its objection to this Court's requirement that deposition testimony from witnesses available for trial, and specifically the testimony of witnesses acting as corporate representatives pursuant to Rule 30(b)(6), be used only for impeachment or to refresh recollections. Natera further anticipates objecting to the availability of punitive damages. Guardant anticipates seeking leave to address the admissibility of evidence of misconduct by Natera and its witnesses, including with respect to their credibility.

<u>Amended scope of testimony for Guardant's employees and the potential that Dr. Corcoran may appear live at trial.</u> Based on the Court's ruling that evidence concerning the COBRA study is conditionally relevant, Guardant amended the scope of Drs. Helmy Eltoukhy and Justin Odegaard's anticipated testimony to include published studies involving Reveal as well as COBRA.

**[Natera's Position:** Guardant's disclosure on September 20, 2024, that Drs. Eltoukhy and Odegaard are purportedly knowledgeable about "published studies involving Reveal and, if admitted, the COBRA study" is untimely as it took place following the completion of depositions. Guardant's disclosure on September 20, 2024, that Dr. Ryan Corcoran may appear live at trial is likewise untimely.**]**

**[Guardant's Position:** The Court is very familiar with the history of Natera's attempt to

shift the focus of this case to COBRA, including through the false statements that are at the heart of Guardant's sanctions motion. Should Natera be allowed to present evidence of COBRA to the jury, Guardant must be allowed to provide testimony from all witnesses with relevant knowledge. Natera has known for years that Drs. Eltoukhy and Odegaard will serve as witnesses in this case, and further was allowed to take a Rule 30(b)(6) deposition of Dr. Craig Eagle on the topic of COBRA (a discovery device that Guardant was not afforded). There is no possible prejudice to Natera if these witnesses are allowed to testify about COBRA, and its objections are meritless.]

[**Natera's Position:** Authenticity of NRG Documents. Because Guardant would not agree to a stipulation regarding the authenticity of documents produced by NRG, Natera is in the process of obtaining a declaration from NRG regarding the authenticity of the documents NRG produced.]

[**Guardant's Position:** Natera's narrative is incomplete and misleading. Guardant proposed edits to a draft stipulation Natera had authored that would have encompassed documents to be produced by Aarhus University. Natera refused to accept this proposal and never meaningfully responded to Guardant's proposal. Guardant remains willing to negotiate a reasonable stipulation as to authenticity regarding both NRG's and Aarhus University's documents.]

[**Natera's Position:** Mr. Malackowski's revised figures in light of the Court's September 19, 2022 *Daubert* Order. Mr. Malackowski was ordered to revise any damages figure that "relies on" the May 2021 Projection. (Dkt. 663 at 1), which includes his lost profits calculation and three of his figures purporting to measure the "potential value" of Reveal. Mr. Malackowski relies on the May 2021 Projection for both lost profits calculation and for three of his figures purporting to measure the "potential value" of Reveal. Guardant has stated it intends to provide an updated report the week of October 7. To the extent Guardant does not do so, or to the extent the revisions are not consistent with the Court's order, Natera anticipates objecting or seeking other relief, including exclusion.]

[**Guardant's Position:** There is no dispute to be resolved here. Guardant is working diligently with Mr. Malackowski to update his report in light of the Court's September 19 Order. As Guardant has explained to Natera, relevant Guardant Finance personnel have been occupied

with Quarter-close responsibilities this week and next, but Guardant is endeavoring to update Mr. Malackowski's report by next week.**]**

## V. ESTIMATE OF TRIAL TIME

Pursuant to the Third Amended Case Management and Pretrial Order, Dkt. 694, the Parties will be limited to 18 hours each to make opening statement, present evidence (including the party's time on direct and cross examinations), and deliver closing arguments (barring any reallocation of trial time based on the Court's assessment of the cross-objections to deposition designations). Trial dates will be November 5 and 6 (8:30 AM- 2:00 PM), 7 (8:30 AM – 12:00 PM), 12 and 13 (8:30 AM – 4:00 PM), 14 (8:30 AM – 1:30 PM), 15, 18, 22, and, if necessary, 25 (8:30 AM – 4:00 PM). Presentation of evidence shall conclude no later than November 22. The Court has indicated that it expects final instructions and closings will also be complete on November 22. The Parties anticipate using the entirety of the time allotted.

## VI. TRIAL ALTERNATIVES AND OPTIONS

In addition to settlement discussions between in-house counsel, the Parties engaged in a day-long mediation before the Hon. Layn R. Phillips on June 29, 2022. The case did not resolve. On December 8, 2022, the Parties engaged in a mediation via Zoom with Judge Phillips' colleague, Ms. Niki Mendoza, to again discuss resolution. The case did not settle. The Parties engaged in a virtual mediation with Ms. Mendoza on May 19, 2023. The case did not resolve. The Parties engaged in another in-person mediation session with the Hon. Layn R. Phillips on July 8, 2024 but the case did not resolve.

## VII. STIPULATIONS

### A. Previous Stipulations

The Parties filed their prior stipulations at Dkt. 362.

### B. Suggestion For A Jury Glossary

The Parties believe that a glossary of technical terms or common acronyms would assist the Jury in their assessment of evidence and deliberations. If the Court agrees, the Parties will meet and confer on proposed terms and definitions for the glossary.

## VIII.   PRIOR FILINGS AND RULINGS

The Parties previously submitted a Joint Statement for Request for Evidentiary Rulings (Dkt. 362 – 3), Exhibit List Objections (Dkt. 464 and 466) and Motions *in Limine* (Dkt. 358, 363). The Court ruled on the Parties' Motions *in Limine* on April 16, 2024 (Dkt. 509), and on the Parties' Exhibit List Objections on August 2, 2024 (Dkt. 625-2).

The Parties previously submitted proposed jury instructions (Dkt. 543-5) and verdict forms (Dkt. 357, 359). On August 2, 2024, the Court issued its proposed jury instructions (Dkt. 610), and proposed verdict form (Dkt. 612). Guardant and Natera renewed certain objections to the Court's proposed jury instructions on August 23, 2024 (Dkt. Nos. 626, 627). Natera also filed objections to the Court's proposed verdict form (Dkt. 628).

Guardant's and Natera's Deposition Designations, Counter-Designations, and Objections were filed on September 9, 2024 (Dkt. Nos. 646, 648). The Court directed that Dr. Parikh shall appear live for testimony, and not through deposition designations. Dkt. 683. In addition, Guardant will ask Dr. Corcoran to appear live, to which Natera objects.

**[Natera's Position:** Natera states that Guardant should withdraw its deposition designations for Dr. Corcoran given Guardant's admission that it is able to procure Dr. Corcoran's attendance at trial.**]**

**[Guardant's Position:** Natera's again relies on erroneous statements to this Court. There has been no "admission" about Dr. Corcoran, because Guardant is *not* able to "procure" Dr. Corcoran's attendance at trial, as Natera knows. Instead, Guardant has *asked* Dr. Corcoran to appear at trial. To date, he has neither agreed nor refused to appear. Should he decline, Guardant will proceed via recorded testimony. Guardant will advise Natera and the Court if and when Dr. Corcoran provides a response. It is Guardant's hope that Dr. Corcoran will agree to appear live, as there is a strong preference for live testimony rather than of recorded testimony.**]**

## IX.   TRIAL WITNESSES

The Parties amended their witness lists after the Court's Pretrial Conference Order, Dkt. 501. Guardant moved three witnesses it had identified as "will call" to "may call" witnesses (Mr. Mark McCoy and Drs. Alexey Aleshin and Solomon Moshkevich), and added as "may call"

witnesses Drs. Shruti Sharma, Craig Eagle, and Claus Lindbjerg Andersen (by deposition). Dkt. 670. Depending on the testimony offered by NRG's representatives Drs. Van Morris and Thom George, Guardant may further amend its witness list to include one or more of NRG's representatives. Natera moved Dr. Aparna Parikh from its "may call" to its "will call" list, and added to its will call list Dr. Craig Eagle and a representative of NRG (now known to be Dr. Van Morris and/or Dr. Thom George), by deposition. Dkt. 669-1.

**[Natera's Position**: Given the length of the trial, the Parties agree to provide at least 72-hours' notice prior to calling an adverse witness subject to the Court's Guidelines for Trial in Civil Cases and conferral regarding witness availability and scheduling if necessary.**]**

**[Guardant's Position:** Given the length of trial, the Parties agree to provide at least 72 hours' notice prior to calling an adverse witness.**]**

The parties further agree to make their current and former employees who appear on the opposing party's witness list available for testimony upon 72 hours' notice, so that no subpoena is necessary. **[Natera's Position:** Such notice to take into account the availability of the witness.**]**

The parties agree to provide a list of witnesses they intend to call by 6:00 p.m. two calendar days in advance of each witness's testimony and will provide a list of exhibits and copies of demonstratives that will be used on direct examination for the next court day by 6:00 p.m. **[Natera's Position:** The same schedule should apply for disclosure of exhibits for adverse direct examinations.**]** The parties further agree to provide any objections to those exhibits and demonstratives by 8:00 p.m. that same day.

Stipulated and submitted,

Dated: October 3, 2024

**ALLEN OVERY SHEARMAN STERLING US LLP**
SAUL PERLOFF
CHRISTOPHER LAVIGNE
KATHY GRANT
ANDRE HANSON
TREY HEBERT

**KELLER/ANDERLE LLP**
JENNIFER KELLER
CHASE SCOLNICK

By:  /s/Chase Scolnick
    Chase Scolnick

Attorney for Plaintiff/Counter-Defendant
GUARDANT HEALTH, INC.

Dated: October 3, 2024

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
KEVIN P.B. JOHNSON
VICTORIA F. MAROULIS
ANDREW J. BRAMHALL
ANNE TOKER

By:  /s/Andrew J. Bramhall
    Andrew J. Bramhall

Attorney for Defendant/Counter-Plaintiff
NATERA, INC.

**FILER'S ATTESTATION**

Pursuant to Civil LR 5.1(i)(3), the undersigned hereby attests that concurrence in the filing of this **JOINT PRETRIAL STATEMENT** has been obtained from counsel for Guardant Health, Inc. and is electronically signed with the express permission of Natera's counsel.

Date: October 3, 2024

By:    */s/Andrew J. Bramhall*
        Andrew J. Bramhall

Attorney for Defendant/Counter-Plaintiff
NATERA, INC.