QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:      (650) 801-5000
Facsimile:       (650) 801-5100

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Valerie Lozano (Bar No. 260020)
valerielozano@quinnemanuel.com
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:      (650) 801-5000
Facsimile:       (650) 801-5100

Attorneys for Defendant and
Counterclaim-Plaintiff NATERA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA,

## SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., | Case No. 3:21-cv-04062-EMC |
| Plaintiff and Counterclaim-Defendant, | **NATERA INC.'S FOURTH AMENDED TRIAL WITNESS LIST** |
| vs. | |
| NATERA, INC., | |
| Defendant and Counterclaim-Plaintiff. | |

Pursuant to Fed. R. Civ. P. 26(a)(3)(B), Natera submits the amended list of witnesses they will or may call to testify at trial live or by deposition. The inclusion of a witness on this list does not require Natera to call that witness to testify, and does not imply or establish that Natera has the power to compel the live testimony of that witness or make that witness available to the opposing party. Natera expressly reserves the right to call any witness identified by Guardant, whether or not listed on Natera's list below. Natera also expressly reserves the right to call any witness for purposes of rebuttal, impeachment, or authentication of a document. Natera reserves all rights to and expects to supplement this disclosure including the expected length of testimony before the parties' agreed-upon date for filing pretrial materials.

Subject to, and without waiving the foregoing rights and objections (including those asserted in pre-trial filings), Natera identifies the following list of trial witnesses they may call to testify before the jury:

## I. NATERA'S WILL CALL WITNESSES

### A. Fact Witnesses

Natera expects to call the following fact witnesses, either live or by deposition,[1] at trial:

1. **Alexey Aleshin** (live): Issues related to research, development, testing, validation, use, and/or methodology of Signatera; Natera's technology, innovations and background; Natera's marketing/promotion of Signatera and tumor-informed approaches to cancer detection; research, clinical studies and publications relating to Signatera, including Natera's involvement, if any; Natera's collaborations and partnerships related to Signatera; statements made about Signatera and/or Reveal by Natera in marketing/promotion, and why those representations are not false and/or misleading; statements made about Signatera and/or Reveal by Guardant in marketing/promotion, and why those representations are false and/or misleading; Natera's efforts to educate the medical community about Signatera; the Parikh study and publication and Natera's commentary regarding that study and/or publication; the Reinert study and publication and Guardant's commentary regarding that study and/or publication; the COBRA Study; other topics discussed in his deposition,

---

[1] The nature of the testimony for those called by deposition is more specifically identified in the deposition designations.

including any topics on which he was designated as a 30(b)(6) witness.  Preliminary Time Allocation: 60 min.

2. **Steven Chapman** (live): Issues related to corporate structure, organization, investors, ownership and management of Natera; Natera's history, innovations and background; issues related to Natera's marketing/promotion/advertising of Signatera; harm suffered by Natera as a result of Guardant's false and misleading advertising statements; statements made about Signatera and/or Reveal by Natera in marketing/promotion, and why those representation are not false and/or misleading; other topics discussed in his deposition, including any topics on which he was designated as a 30(b)(6) witness.  Preliminary Time Allocation: 60 min.

3. **Craig Eagle** (live):  Issues related to the COBRA Study; issues related to the mechanism and performance of Reveal and the data on Reveal's clinical performance; issues related to Guardant's marketing materials for Reveal; issues related to statements made about Signatera and/or Reveal in marketing/promotion, and why those representations are false and/or misleading; as well as topics discussed in Dr. Eagle's deposition.  Preliminary Time Allocation: 30 min.

4. **Helmy Eltoukhy** (live): Issues related to corporate structure, organization, investors, ownership and management of Guardant; Guardant's history and background; issues related to Guardant's marketing and promotion of Reveal and his role involving the same; his involvement as final decisionmaker as chief executive; Guardant's conduct as it relates to scientific research; public comments he made regarding Medicare reimbursement and Reveal's alleged commercial success/growth; as well as the topics discussed in his deposition.  Preliminary Time Allocation: 60 min.

5. **Solomon Moshkevich** (live): Issues related to research, development, testing, validation, use, and/or methodology of Signatera; Natera's history, innovations, and background; Natera's marketing/promotion of Signatera; Signatera sales, pricing, and customers; research and clinical studies and publications relating to Signatera, including Natera's involvement, if any; Natera's collaborations and partnerships related to Signatera; statements made about Signatera and/or Reveal by Natera in marketing/promotion, and why those representations are not false and/or misleading; statements made about Signatera and/or Reveal by Guardant in marketing/promotion, and why those representations are false and/or misleading; the Parikh study and publication and Natera's commentary regarding that study and/or publication; the Reinert study and publication and Guardant's commentary regarding that study and/or publication; Natera's efforts to educate the medical community about Signatera; other topics discussed in his deposition, including any topics on which he was designated as a 30(b)(6) witness.  Preliminary Time Allocation: 75 min.

6. **Aparna Parikh** (live or by deposition): Issues related to her collaboration(s) with Guardant to develop, analyze and publish clinical validation data for Reveal; communications with Guardant related to the Parikh Study or to this litigation; issues related to the COBRA Study; issues related to the substance of her July 1, 2024 Expert Report; the authenticity and admissibility of documents produced by Aparna

Parikh and/or Massachusetts General Hospital ("MGH") in this case; as well as topics discussed in Dr. Parikh's depositions.  Preliminary Time Allocation: 60 min.

7. **Matthew Rabinowitz** (live): Dr. Rabinowitz's background as founder of Natera, the context and background of the founding of Natera and of Natera's technology development that led to and/or relates to Signatera.  Preliminary Time Allocation: 45 min.

8. **Representative of NRG** (by deposition): Issues related to the COBRA Study; issues related to the mechanism and performance of Reveal and the data on Reveal's clinical performance, including Guardant's knowledge of and representations to NRG related to Reveal's actual or expected clinical performance; communications with Guardant related to the COBRA Study or to this litigation; the authenticity and admissibility of documents produced by NRG in this case; as well as topics discussed in NRG's deposition.  Preliminary Time Allocation: 30 min.

**B.    Expert Witnesses**

Natera expects to call the following expert witnesses live at trial:

1. **Dr. Rebecca Betensky** (biostatistics expert, CV attached): the scope of testimony was previously disclosed in Dr. Betensky's expert report and deposition, but generally her testimony will include her background, opinions on clinical study design, biostatistics methodology, and performance as they relate to the Parikh Study, as well as the statistical conduct relating to that study; subject matter of the claims made by Guardant, such as sensitivity, specificity, positive predictive value, negative predictive value, statistical significance, statistical power, and appropriate methods for data analysis and evaluation; opinions offered in rebuttal to Guardant's experts.  Preliminary Time Allocation: 45 min.

2. **Dr. Howard Hochster** (medical expert, CV attached): the scope of testimony was previously disclosed in Dr. Hochster's expert reports and deposition, but generally his testimony will include his background, clinical practice and treatment of patients, opinions relating to the performance metrics that Guardant touts for Reveal in its marketing materials and Guardant's reliance on clinical trial data relating to Reveal; opinions relating to the performance metrics that Natera touts for Signatera and Natera's reliance on clinical trial data relating to Signatera; the use of tumor-naïve versus tumor-informed approaches for cancer detection in clinical oncology; opinions offered in rebuttal to Guardant's experts; and the COBRA Study. Preliminary Time Allocation: 45 min.

3. **Dr. Susan McDonald** (oncology marketing expert, CV attached): the scope of testimony was previously disclosed in Dr. McDonald's expert report and deposition, but generally her testimony will include her background, and rebuttal opinions to Mr. Sowers' opinions.  Preliminary Time Allocation: 45 min.

4. **Dr. Michael Metzker** (scientific expert, CV attached): the scope of testimony was previously disclosed in Dr. Metzker's expert reports and deposition, but generally his testimony will include his background, opinions relating to statements made

about Signatera and/or Reveal by Natera in marketing/promotion, and why those representations are not false and/or misleading; opinions relating to statements made about Signatera and/or Reveal by Guardant in marketing/promotion, and why those representations are false and/or misleading; opinions relating to the Parikh study; and opinions offered in rebuttal to Guardant's experts. Preliminary Time Allocation: 60 min.

5. **Dr. Jeffery Stec** (damages expert, CV attached): the scope of testimony was previously disclosed in Dr. Stec's expert reports and deposition, but generally his testimony will include his background, an analysis of the damages owed to Guardant based on Guardant's claims, and an analysis of the damages owed to Natera based on Natera's claims; and his rebuttal opinions to Mr. Malackowski's opinions. Preliminary Time Allocation: 75 min.

## II.   NATERA'S MAY CALL WITNESSES

### A.   Fact Witnesses

Natera may call the following fact witnesses, either live or by deposition,[2] at trial:

1. **Kimberly Banks** (live or by deposition): issues related to Guardant's influence over the Parikh Study; the unblinding of Parikh results to Guardant; issues related to the COBRA Study; issues related to the mechanism and performance of Reveal and the data on Reveal's clinical performance; and the topics discussed in Ms. Banks's deposition, including any topics on which she was designated as a 30(b)(6) witness.

2. **Ryan Corcoran** (by deposition): issues related to his collaboration with Guardant to develop, analyze and publish clinical validation data for Reveal; communications with Guardant relating to this litigation; as well as the topics discussed in Dr. Corcoran's deposition.

3. **Kevin Masukawa** (live or by deposition): issues related to Natera's marketing/promotion/advertising of Signatera; Natera's budgets, spend, and expenses for marketing/promotion/advertising related to Signatera and oncology generally; efforts undertaken by Natera related to correcting, responding to and/or mitigating Guardant's false and misleading statements about Reveal and/or Guardant, and the expenses incurred related thereto; statements made about Signatera and/or Reveal by Natera in marketing/promotion; and why those representation are not false and/or misleading; Natera's efforts to educate the medical

---

[2]   Natera reserves the right to play deposition designations from Guardant witnesses, including its designated 30(b)(6) witnesses pursuant to Fed. R. Civ. P. 32(a)(3); *see also Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-00106-LRH, 2015 WL 5089779, at *3 (D. Nev. Aug. 27, 2015) (finding "defendants' request to exclude videotaped deposition testimony contradicts the plain language of Rule 32(a)(3) ... Rimini's witnesses ... were deposed as Rule 30(b)(6) designees. Thus, their depositions are allowable under Rule 32(a)(3) for any purpose, even if the witness is available and will testify at trial"). Natera objects to any attempt by Guardant to deprive Natera of this right, as well as any attempt by Guardant to prejudice Natera's presentation of its case-in-chief.

community about Signatera and MRD assays generally; other topics discussed in his deposition, including any topics on which he was designated as a 30(b)(6) witness.

4.  **Mark McCoy** (live or by deposition): issues related to the topics discussed in Mr. McCoy's deposition, including any topics on which he was designated as a 30(b)(6) witness.

5.  **Justin Odegaard** (live or by deposition): issues related to the mechanism and performance of Reveal and the data analysis underlying the Parikh Study, as well as the topics discussed in Dr. Odegaard's deposition, including any topics on which he was designated as a 30(b)(6) witness.

6.  **Kristin Price** (live or by deposition): issues related to the Parikh Study and the related collaborations between MGH and Guardant to develop, analyze and publish clinical validation data for Reveal; issues related to Guardant's marketing materials for Reveal; as well as the topics discussed in Ms. Price's deposition, including any topics on which she was designated as a 30(b)(6) witness.

7.  **Victoria Raymond** (live or by deposition): issues related to Guardant's statements made about Signatera and/or Reveal in marketing/promotion, and why those representation are false and/or misleading; the Parikh Study and the related collaborations between MGH and Guardant to develop, analyze and publish clinical validation data for Reveal; as well as the topics discussed in Ms. Raymond's July 28, 2022 deposition, including any topics on which she was designated as a 30(b)(6) witness.

8.  **Thereasa Rich** (live or by deposition): issues related to Guardant's statements made about Signatera and/or Reveal in marketing/promotion, and why those representations are false and/or misleading; issues related to the COBRA Study; issues related to the mechanism and performance of Reveal and the data on Reveal's clinical performance; as well as the topics discussed in Ms. Rich's deposition, including any topics on which she was designated as a 30(b)(6) witness.

9.  **Nitin Sood** (by deposition): issues related to the research, development, testing, and marketing of Reveal, as well as concerning Guardant's collaboration and communication with the authors of the Parikh study; communications with Guardant relating to this litigation; as well as the topics discussed in Mr. Sood's deposition.

10. **AmirAli Talasaz** (live or by deposition): issues related to the Parikh Study and the related collaborations between MGH and Guardant to develop, analyze and publish clinical validation data for Guardant Reveal, and development, testing, and marketing of Reveal, as well as concerning Guardant's collaboration and communication with the authors of the Parikh study; Guardant's marketing; Guardant's finances, including projections and budgets; Guardant's purported damages, including its purported future corrective advertising estimates; as well as the topics discussed in Dr. Talasaz's deposition, including any topics on which he was designated as a 30(b)(6) witness.

11.   Custodian of Records for The General Hospital Corporation d/b/a Massachusetts General Hospital ("MGH") (live): authenticity and admissibility of documents produced by MGH in this case.

12.   Custodian of Records for Clinical Cancer Research ("CCR") (live): authenticity and admissibility of documents produced by CCR in this case.

13.   Custodian of Records for Guardant Health (live): authenticity of documents produced by Guardant Health in this case.

DATED:  September 24, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Kevin P.B. Johnson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall
andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Valerie Lozano (Bar No. 260020)
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Defendant and Counterclaim-Plaintiff
NATERA, INC.