QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Valerie Lozano (Bar No. 260020)
valerielozano@quinnemanuel.com
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Defendant and Counterclaim Plaintiff NATERA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    vs.<br><br>NATERA, INC.,<br><br>    Defendant and Counterclaim-Plaintiff. | CASE NO. 3:21-CV-04062-EMC<br><br>**NATERA, INC.'S OPPOSITION TO GUARDANT HEALTH, INC.'S MOTION FOR LEAVE TO FILE AN ADDITIONAL MOTION *IN LIMINE***<br><br>Place:    Courtroom 5, 17th Floor<br>Judge:    Hon. Edward M. Chen |

On the evening of October 11, one business day before the pretrial conference, Guardant Health, Inc. ("Guardant") filed a Motion for Leave to File an Additional Motion *in Limine* (the "Motion"), seeking to preclude certain testimony of Dr. Matthew Rabinowitz, the founder of Natera, Inc. ("Natera"). Mot. at 2. Guardant's Motion has already been denied by this Court. *See* Ex. 1 (August 28, 2024 Hearing Tr.) at 50:10-52:4. The Motion is additionally improper because it violates the Court's Scheduling Order (Dkt. 694). The Court should reject Guardant's meritless eleventh-hour invitation to reopen a closed matter.

As an initial matter, the Court already denied the relief Guardant is seeking. Guardant first rose this issue through an oral motion during the August 28, 2024 hearing. At that hearing, Guardant's counsel asked the court "for leave to file just a couple very short motions that were raised by [Dr. Rabinowitz's] testimony." Ex. 1 (August 28, 2024 Hearing Tr.) at 50:10-21. The Court rejected that request. Specifically, after learning that Dr. Rabinowitz's deposition took place on June 7, 2024—months before the August 28 hearing—the Court emphasized that it "advanced the motions *in limine* specifically so that we would do things in an orderly way . . . . No more motions, period." *Id.* at 51:20-21, 52:1-9. Nothing has changed since that hearing, and Guardant has not provided any reason that justifies revisiting the Court's prior ruling.

Guardant's Motion is additionally improper because it comes woefully late, in violation of the Court's Standing Order and Pretrial Order. The Court's Standing Order on Civil Pretrial Instructions states that any motion *in limine* should be served "[a]t least thirty-two (32) days before the pretrial conference" and filed "at least twenty-one (21) days prior to the conference." Judge Chen's Civil Pretrial Instructions at 4.[1] The Court reiterated this instruction in its Pretrial Order. *See* Dkt. 694 (Third Amended Case Management Scheduling Order); *see also* Dkt. 662 (Second Amended Case Management Scheduling Order dated September 16, 2024), Dkt. 557 (Amended Case Management Scheduling Order dated June 11, 2024); Dkt. 417 (Case Management Scheduling Order dated October 3, 2023). The date of the pretrial conference is October 15, 2024, a date that

---

[1] *See* https://www.cand.uscourts.gov/wp-content/uploads/judges/chen-emc/EMC-Pretrial-Instructions.pdf (last access October 14, 2024).

1  has been set since June 11, 2024.  Dkt. 557.  Thus, for motions *in limine* to be considered, the motion
2  must be served by September 13 and filed by September 24.  *See* Dkt. 694.  Those deadlines have
3  long passed.  There is no reason why Guardant could not have filed this Motion in a timely
4  manner.  Dr. Rabinowitz's deposition took place on June 7, 2024.  Ex. 1 (August 28, 2024 Hearing
5  Tr.) at 51:11-20.  Guardant should not be able to change the rules of the game without justification
6  on the eve of trial.

7  Further, in another violation of the Court's pretrial order, Guardant never sought to meet and confer before filing the Motion, and never otherwise raised this issue before it filed the Motion.  Rather, Guardant hid this issue in a vague sentence in its portion of the Joint Pretrial Statement.  Dkt. 699 at 4 ("Guardant anticipates seeking leave to address the admissibility of evidence of misconduct by Natera and its witnesses, including with respect to their credibility.").[2] Natera repeatedly sought to clarify the meaning of Guardant's vague statement and the "misconduct" that was referenced, but Guardant ignored those requests.  *See* Ex. 2 at 1-4 (Oct. 9, 2024 V. Parker Email, Oct. 10, 2024 V. Parker Email, Oct. 11, 2024 V. Parker Email, and Oct. 12, 2024 V. Parker Email).  Only ***after*** Guardant filed this Motion, and during a meet and confer for a different purpose, did Guardant explain that the alleged "misconduct" statement refers to the issues in its newly-filed Motion.

18  Guardant argues that "[t]here needs to be a level playing field."  Mot. at 5.  This statement reads particularly ironic as Guardant is the only party that is not playing by the rules.  Trial is in mere weeks, and the period for pretrial submissions has come to an end.  Natera respectfully requests the Court deny Guardant's Motion.

---

[2] Guardant initially refused to jointly submit a supplemental pretrial statement (Dkt. 669 at 2) and asked the Court to strike Natera's pretrial statement.  Dkt. 674.  Only after the Court ordered the parties to resubmit a joint pretrial statement (Dkt. 679) did Guardant comply.

1  DATED: October 14, 2024               QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
2

3

4                                        By */s/ Andrew J. Bramhall*
                                            Andrew J. Bramhall
5                                           Attorneys for NATERA, INC., a Delaware
                                            corporation, Defendant and Counterclaim Plaintiff
6