| | |
|---|---|
| Saul Perloff (157092)<br>saul.perloff@aoshearman.com<br>Kathy Grant (*pro hac vice*)<br>kathy.grant@aoshearman.com<br>Andre Hanson (*pro hac vice*)<br>andre.hanson@aoshearman.com<br>Olin "Trey" Hebert (*pro hac vice*)<br>trey.hebert@aoshearman.com<br>ALLEN OVERY SHEARMAN<br>STERLING US LLP<br>300 W. Sixth Street, 22nd Floor<br>Austin, Texas 78701<br>Telephone    (512) 647-1900<br><br>Christopher LaVigne (*pro hac vice*)<br>christopher.lavigne@aoshearman.com<br>ALLEN OVERY SHEARMAN<br>STERLING US LLP<br>599 Lexington Ave<br>New York, NY 10022<br>Telephone    (212) 848-4000<br><br>Jennifer L. Keller (84412)<br>jkeller@kelleranderle.com<br>Chase Scolnick (227631)<br>cscolnick@kelleranderle.com<br>Craig Harbaugh (194309)<br>charbaugh@kelleranderle.com<br>Gregory Sergi (257415)<br>gsergi@kelleranderle.com<br>KELLER/ANDERLE LLP<br>18300 Von Karman Ave., Suite 930<br>Irvine, CA 92612<br>Telephone   (949) 476-0900<br><br>Attorneys for Plaintiff/Counterclaim-Defendant GUARDANT HEALTH, INC. | Kevin P.B. Johnson (SBN 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (SBN 202603)<br>victoriamaroulis@quinnemanuel.com<br>Andrew J. Bramhall (SBN 253115)<br>andrewbramhall@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065-2139<br>Telephone     (650) 801-5000<br>Facsimile      (650) 801-5100<br><br>Anne S. Toker (*pro hac vice*)<br>annetoker@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010-1601<br>Telephone     (212) 849-7000<br>Facsimile      (212) 849-7100<br><br>Valerie Lozano (SBN 260020)<br>valerielozano@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone     (213) 443-3000<br>Facsimile      (213) 443-3100<br>Attorneys for Defendant/Counterclaim-Plaintiff NATERA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NATERA, INC.,<br><br>    Defendant and Counterclaim-Plaintiff. | Case No. 3:21-cv-04062-EMC<br><br>**JOINT STIPULATION RE JURY INSTRUCTIONS PURSUANT TO DKT. 719** |

The Parties to the above-entitled action jointly submit this Joint Stipulation re Jury Instructions pursuant to this Court's Order, Dkt. 719 (October 15, 2024). By entering this Stipulation, the parties expressly preserve, and do not waive, their previously submitted objections.

Instruction No. 35 re False Advertising – Lanham Act - Element One Part 1 - False or Misleading Statement

[The parties propose the following edit to Instruction Number 35:]

The party asserting a Lanham Act claim must prove that one or more statement of fact was false or misleading. In making this determination, you must consider any such statement in the context of the entire advertisement. The party may prove a statement is false or misleading in one of two ways:

1. By showing that the statement is literally false. Only an unambiguous message can be literally false. A statement may be literally false on its face, that is, when it explicitly states something untrue. A statement also may be literally false by necessary implication. A statement is literally false by necessary implication when it does not explicitly state something that is untrue, but considering the advertisement in its entirety, the only reasonable interpretation of the statement is that it is untrue. Advertisements using an "apples-to-oranges" comparison are literally false by necessary implication where things that are non-comparable are portrayed as otherwise equivalent.
2. By showing that a statement is misleading. A statement is misleading if it is literally true or ambiguous but misled, confused, or deceived a significant portion of the consuming public or is likely to mislead, confuse, or deceive customers.

Instruction No. 38 re False Advertising – Lanham Act – Claim Element One, Claims Relating to Peer-Reviewed, Published Articles

[The parties propose the following edit to Instruction Number 38:

Statements in a commercial advertisement or promotion which are based on test results from a peer-reviewed, published scientific study cannot be literally false unless that party challenging the advertisement proves that:
1. [**Guardant Proposal:** Even though the study is presumed reliable, t~~T~~he statement in the advertisement or promotion is not, on its face, supported by the peer-reviewed, published scientific study.]
[**Natera Proposal:** The statement in the advertisement of promotion is not, on its face, supported by the peer-reviewed, published science study. In other words, even if the study is reliable, it does not establish the statement at issue in the advertisement.]
2. The statement conveys a false message that is beyond the scope of the peer-reviewed, published scientific study, such as comparing test results from a different study when the results are not actually comparable.

     3.       The statement is supported by the peer-reviewed, published scientific study but the results of the study were fabricated or fraudulently created.

A party also may show that a commercial advertisement or promotion that relies on a peer-reviewed, published scientific study is misleading if it reports results from the study in a way that is deceptive and that deceived a significant portion of the commercial audience.

Instruction No. 48 re Lanham Act False Advertising – Actual Damages

[The parties propose the following edit to Instruction No. 48:]

A party has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the party for any injury you find was caused by the other party's false advertising.
Actual damages may include:
1. The injured party's lost profits, which is the profits it would have earned if not for the false or misleading advertising.
    a. The injured party's lost profit is determined by deducting all allowable expenses the party incurred from gross revenue the party would have generated by the product. Expenses are all costs incurred in generating the gross revenue.
    b. When considering a claim for lost profits, you may consider evidence that some or all of those claimed losses may be caused by other market factors or reasons and not as a result of the accused false advertising.
2. The cost of corrective advertising reasonably required to correct any deception caused by the false advertising. Corrective advertising costs must be attributable to the false or misleading advertising.

Instruction No. 52 re Willful False Advertising – Lanham Act

[The parties propose the following instruction:]

If you find that a party engaged in false advertising, you must also determine whether that party did so willfully. A party willfully engaged in false advertising if it knew its advertising was false or misleading, or it acted with reckless disregard for, or willful blindness to, the false or misleading nature of its advertising.

Stipulated and submitted,

Dated: October 18, 2024

**ALLEN OVERY SHEARMAN STERLING US LLP**

**SAUL PERLOFF**

By:   */s/ Saul Perloff*
      Saul Perloff

Attorney for Plaintiff/Counter-Defendant
GUARDANT HEALTH, INC.

Dated: October 18, 2024

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
KEVIN P.B. JOHNSON
VICTORIA F. MAROULIS
ANDREW J. BRAMHALL
ANNE TOKER

By:   */s/Andrew J. Bramhall*
      Andrew J. Bramhall

Attorney for Defendant/Counter-Plaintiff
NATERA, INC.

- 4 -
JOINT STIPULATION RE JURY INSTRUCTIONS
CASE NO. 3:21-cv-04062-EMC

**FILER'S ATTESTATION**

Pursuant to Civil LR 5.1(i)(3), the undersigned hereby attests that concurrence in the filing of this **JOINT STIPULATION RE JURY INSTRUCTIONS** has been obtained from counsel for Guardant Health, Inc. and is electronically signed with the express permission of Natera's counsel.

Date: October 18, 2024

By:   */s/Andrew J. Bramhall*
       Andrew J. Bramhall

Attorney for Defendant/Counter-Plaintiff
NATERA, INC.