UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>NATERA, INC.,<br><br>      Defendant. | Case No. 21-cv-04062-EMC<br><br>**FINAL VERDICT FORM** |

We, the jury, agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

### I.     GUARDANT'S FALSE ADVERTISING CLAIMS

1. Has Natera engaged in false advertising in violation of the Lanham Act?

    Yes (for Guardant) _____        No (for Natera) _____

*(If you answered "Yes" to Question 1, continue to Question 2.  If you answered "No" to Question 1, go to Section III.).*

2. Did Guardant prove by a preponderance of the evidence that Natera's false or misleading advertisement(s) actually deceive or have a tendency to deceive a substantial segment of consumers?

    Yes (for Guardant) _____        No (for Natera) _____

(*Regardless of your answer to Question 2, continue to Question 3.*)

3. Was Natera's false advertising willful?

   Yes (for Guardant) _____     No (for Natera) _____

(*Regardless of your answer to Question 3, continue to Question 4.*)

4. What sum of money, if any, if paid now, would fairly and reasonably compensate Guardant for its damages, if any, that were proximately caused by the false advertising that you found in your answer to Question 1?

   _____

(*Regardless of your answer to Question 4, continue to Question 5.*)

5. Should Natera disgorge profits in addition to damages awarded in Question 3 for its false advertising?

   Yes (for Guardant) _____     No (for Natera) _____

(*If you answered "Yes" to Question 5, continue to Question 6.  If you answered "No" to Question 5, do not answer Question 6 and go to Section II.*)

6. What sum of money, if any, fairly and reasonably represents Natera's profits from the actions you found in your answers to Question 4?

   _____

(*Continue to Section II.*)

## II. GUARDANT'S FALSE ADVERTISING CLAIM UNDER CALIFORNIA COMMON LAW

7. Did Guardant prove by clear and convincing evidence that it is entitled to recover punitive damages from Natera for its violation of false advertising under California common law?

    Yes (for Guardant) _____    No (for Natera) _____

(*If you answered "Yes" to Question 7, continue to Question 8.  If you answered "No" to Question 7, do not answer Question 8 and go to Section III.*)

8. What sum of money, if any, if paid now, would reasonably punish Natera's misconduct and deter future misconduct in violation of California common law in the form of punitive damages?

    _____

(*Continue to Section III.*)

## III. NATERA'S FALSE ADVERTISING CLAIMS

9. Has Guardant engaged in false advertising in violation of the Lanham Act?

    Yes (for Natera) _____    No (for Guardant) _____

(*If you answered "Yes" to Question 9, continue to Question 10.  If you answered "No" to Question 9, go to the end of this form.*)

3

10. Was Guardant's false advertising willful?

   Yes (for Natera) _____   No (for Guardant) _____

   (*Regardless of your answer to Question 10, continue to Question 11.*)

11. What sum of money, if any, if paid now, would fairly and reasonably compensate Natera for its damages, if any, that were proximately caused by the actions of Guardant that you found in your answers to Question 8?

   _____

   (*Continue to Section IV.*)

IV. **NATERA'S FALSE ADVERTISING CLAIM UNDER CALIFORNIA COMMON LAW**

12. Did Natera prove by clear and convincing evidence that it is entitled to recover punitive damages from Guardant for its violation of false advertising under California common law?

   Yes (for Natera) _____   No (for Guardant) _____

   (*If you answered "Yes" to Question 12, continue to Question 13.  If you answered "No" to Question 12, do not answer Question 13 and go to the end of this form.*)

13. What sum of money, if any, if paid now, would reasonably punish Guardant's misconduct and deter future misconduct in violation of California common law in the form of punitive damages?

   _____

4

Please have the presiding juror sign and date this form.

JURY FOREPERSON:

Print Name: _____

Date: _____

Sign Name: _____

After this verdict form has been filled out and signed, please notify the bailiff or court attendant that you are ready to present your verdict in the courtroom.

**IT IS SO ORDERED**.

Dated: October 25, 2024

_____
EDWARD M. CHEN
United States District Judge

5