OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
Northern District of California

CIVIL MINUTES

**Date:** November 4, 2024    **Time:** 8:39 AM -9:29    **Judge:** EDWARD M. CHEN
9:30-10:54 Motion Hearing
10:55 – 11:29 Break
11:30-11:56
2 Hours, 50 minutes

**Case No.:** 21-cv-04062-EMC    **Case Name:** Guardant Health, Inc. v. Natura, Inc.

**Attorneys for Plaintiff:** Saul Perloff, Chase Scolnick, Christopher LaVigne, Jennifer Keller
**Attorneys for Defendant:** Kevin Johnson, Andrew Bramhall, Victoria Maroulis, Margaret Shyr, Derek Shaffer

**Deputy Clerk:** Vicky Ayala    **Court Reporter:**

**PROCEEDINGS HELD BY ZOOM WEBINAR**

Emergency MOTION for Lesser Sanctions, Docket No. 749– Held.
Final Pretrial Conference to review Jury Questionnaires – Held.

**SUMMARY/MINUTE ORDER**

Parties stated appearances.

**Juror Questionnaires**

The Court and the Parties went through the juror questionnaires to determine excusals for hardship. The updated juror list has been sent to the jury administrator. Also the parties agreed the Court should give the general instruction on the elements of the Lanham Act in the preliminary instructions to the jury.

**Natera's Emergency Motion for Lesser Sanctions**

The Court heard argument regarding Natera's Emergency Motion for Lesser Sanctions. The Court ruled as follows:
1. Evidence obtained through COBRA discovery (TX-1667) where Guardant stated the intended clinical specificity of Reveal has always been 95% is admissible solely for the purpose of impeachment (in the event Guardant denies such).
2. Evidence obtained through COBRA discovery (TX-1663; TX-1636) regarding Guardant's update to the Reveal CHIP filter is admissible given the Court has found "there remains a genuine dispute of material as to whether Guardant's CHIP filter existed

and how well it worked," Dkt. No. 326 at 26 (MSJ Order), and changes to the CHIP filter may be relevant.

Insofar as certain evidence obtained through COBRA discovery is allowed in, the Parties were directed to meet and confer regarding the proper redactions to the documents to eliminate any mention of the COBRA trial. Natera's Counsel stated on the record that Natera no longer disputed the exclusion of Dr. Hochster's supplemental report or the exclusion of COBRA.

### **Dr. Andersen Deposition Testimony**

The Court heard argument regarding Natera's Objections to the Dr. Andersen Deposition. The Court ruled that it will not exclude the deposition testimony on any procedural grounds given the reliability of the video tape with the only issue pertaining to accuracy of the English translation. *See* F.R.E. 28(b)(4) ("*Letter of Request—Admitting Evidence.* Evidence obtained in response to a letter of request need not be excluded merely because it is not a verbatim transcript, because the testimony was not taken under oath, or because of any similar departure from the requirements for depositions taken within the United States."). The Court noted that this is the actual videotape of a witness, a certified translator offered a live translation from Danish to English, to which a US Certified Court Reporter then created a "verbatim transcript." Dkt. No. 765 at 6. The transcript is both English, and the audio of the video is, of course, also available to all parties. The Court further notes that Dr. Anderson is fluent in English, and that this deposition went forward in Danish solely per Natera's request. The video tape is the best first-hand evidence of Dr. Anderson's testimony.

Should Natera have issues with Guardant's translator's Danish to English translation of the testimony, the Parties were ordered to meet and confer to resolve any of those disputes. For any unresolved disputes to Dr. Andersen's testimony in Guardant's opening slides, the Parties are to submit the competing translations with the Court by 6PM today (11/4).

The Court further holds that Guardant is allowed to offer Dr. Andersen's testimony on the grounds that it shows Natera's state of mind in offering the advertisements in dispute, is relevant to the "apples to oranges" comparison of the Parikh and Reinart study, and is relevant to affirmatively rebut Natera's challenges to the Parikh study.

### **Other Matters**
- Guardant stated it would notify Natera by the end of the day should Guardant decide to drop the CHIP filter claim. (The Court notes, that Guardant has agreed to withdraw its claim against Natera based on Natera's statements about the CHIP filter.)
- Guardant shall disclose their first witness to Natera ASAP, as it is likely there will be time for a witness following the Parties' opening statements.