QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Valerie Lozano (Bar No. 260020)
valerielozano@quinnemanuel.com
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendant and Counterclaim-Plaintiff NATERA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC.<br><br>         Plaintiff and<br>         Counterclaim-Defendant,<br><br>    vs.<br><br>NATERA, INC.<br><br>         Defendant and<br>         Counterclaim-Plaintiff. | CASE NO. 3:21-CV-04062-EMC<br><br>**NATERA, INC'S TRIAL BRIEF REGARDING PREJUDICIAL "APPLES-TO-ORANGES" REFERENCES THROUGHOUT TRIAL** |

Natera files this motion to object to and attempt to cure Guardant's counsel's and its witnesses' repeated improper reference to "apples-to-oranges."  Because Guardant—over Natera's objection—convinced this Court to include the phrase "apples-to-oranges" as the legal standard for comparative advertising in the proposed final instructions (Dkt. 759, Instr. 31), Guardant's goal is clear: to refer to Natera's accused statements as the "apples-to-oranges" comparisons and have its witnesses trained to use the same language.  Using the phrase at trial assumes the characterization is predetermined and the legal conclusion is established.  The pervasive reference is prejudicial, threatens Natera's right to a fair trial, and demands immediate correction.  Natera requests the phrase be removed from the final instructions based on Guardant's trial conduct.  In the alternative, Natera requests a curative instruction to be given now, and a supplement to the final instructions to provide more explanation of the legal standard.

## BACKGROUND

Over objection (Dkt. 627, at 2-4), this Court ruled that the final instructions on liability would include for literal falsity the colloquial phrase "apples to oranges":

> Advertisements using an "apples-to-oranges" comparison are literally false by necessary implication where things that are non-comparable are portrayed as otherwise equivalent.

Dkt. 759, Instr. 31.  The Court provided no other guidance for the jury in the proposed instructions on evaluating such comparisons.  Nor did the Court explain what "apples-to-oranges" means and presupposes a colloquial understanding of the phrase.

From the first moment of trial, Guardant has repeatedly relied on a conclusory statement about "apples-to-oranges."  In the opening statement, Guardant's counsel stated:

- "So during trial, we're going to show you a number of these ***apples-to-oranges*** comparisons."  Tr. 209:19-20.
- "So let's talk about the studies.  For its ***apples-to-oranges*** comparison, Natera chose what we're going to be calling the Reinert, or Danish study . . . ."  Tr. 210:10-12.
- "So Natera weaponized their ***apples-to-oranges*** chart."  Tr. 217:10.

Even worse, in the premise to questions, Guardant's counsel has referred to Natera's accused statements as if the "apples-to-oranges" characterization has already been determined:

- "I want to shift gears and discuss with you Signatera's *apples-to-oranges* comparison chart." Tr. 567:8-567:9 (Masukawa Adverse Direct).
- "And, again, you, as a physician, just looking at the footnotes here, would you be able to determine that this is an unfair *apples-to-oranges* comparison?" Tr. 309:21-23 (Odegaard Direct).

And Guardant witnesses have been trained to repeat the phrase in their testimony: "So in both cases, it's in sort of an *apples-to-oranges* comparison, because different amounts of blood went in, different scanning, the scans were taken at different points." Tr. 309:7-9 (Odegaard Direct). The phrase was pervasive in the first days of trial. Tr. 406:24-407:1 ("Q. Did you think that this was a misleading *apples-to-oranges* comparison? A. Yes.") (Price Direct). Tr. 579:6-579:8 ("It wasn't true at all, that it was as close to an apples-to-apples comparison as you could get. It was *apples-to-oranges*, wasn't it?") (Masukawa Adverse Direct).

## ARGUMENT

Guardant's trial conduct prejudices Natera in multiple ways and must be corrected to preserve a fair trial to allow Natera to defend itself against allegations of false advertising.

***First***, if the legal standard in the final instructions remains "apple-to-oranges," then counsel must not refer to documents as "apples-to-oranges" comparisons. That is the final legal conclusion, and referring to documents as if they meet the ultimate conclusion is improper. *U.S. v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001), *as amended* (Feb. 14, 2001) ("The lay witness may not, however, testify as to a legal conclusion."). It is a basic rule of trial that counsel should not make final legal arguments or conclusions under the guise of questioning witnesses. *Imbach v. Clark*, No. ED CV 09-1957-GW PLA, 2012 WL 3206670, at *37 (C.D. Cal. Jan. 10, 2012), *report and recommendation adopted*, No. ED CV 09-1957-GW PLA, 2012 WL 3206643 (C.D. Cal. Aug. 3, 2012).

Guardant's counsel's repeated references to the "apples-to-oranges" comparison documents are no different from referring to accused products in a patent case as the infringed products, or in defamation case, the slanderous statements. Because of the Court's proposed instruction, the jury decides whether the accused statements are "apples-to-oranges"—not Guardant's counsel in the

premise to their questions.  There are many ways for Guardant to refer to the accused comparisons without presupposing the final legal conclusion.

***Second***, without context "apples-to-oranges" is a meaningless phrase that invites superficial agreement.  It is not a technical phrase.  It is not in the glossary.  It is not a legal phrase.  It does not appear in the Lanham Act.  Natera has searched and—amongst appellate decisions—**no** Ninth Circuit, **no** other Circuit Court of Appeals and **no** Supreme Court decision has **ever** used the phrase "apples-to-oranges" to describe at-issue comparisons in a Lanham Act false advertising case, let alone letting it forth as the legal standard for liability.  It appears to be *sui generis* to this Court and invites further prejudice and error as this trial proceeds.[1]

As a result of Guardant's repeated use of the phrase at trial, Natera has already been prejudiced.  As such, Natera requests that the phrase "apples-to-oranges" be removed from the final instructions.  Many other ways exist to express the legal standard including following Ninth Circuit and Supreme Court precedent.

If the Court, however, proceeds with the final instruction as written over Natera's continuing objection, in order to minimize further compounding prejudice, Natera requests that the following curative instruction be provided:

> As I have previously advised you, after the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.  You have heard the phrase "apples-to-oranges" in this trial.  That is a turn-of-phrase, and it is not the complete legal standard for false advertising.  I will advise you of the complete legal standard at the conclusion of the evidence.  It will be your job to make the conclusion about whether the comparisons at issue are false advertising or not.  Whatever witnesses may say about them, the ultimate decision is up to you given all the evidence in the case.

---

[1] The Court's decision *Clorox Co. v. Reckitt Benckiser, PLC*, 398 F. Supp. 3d 623 (N.D. Cal. 2019) (comparing Clorox and Lysol, "non-comparable products") from which the phrase was drawn was a Rule 12 analysis and did not involve jury instructions or repeated references to the legal conclusion as is occurring here.  As stated above, there are no reported appellate decisions setting forth this phrase as the legal standard under the Lanham Act.

In addition, Natera requests that this Court provide additional context around comparable versus non-comparable "things" as set forth in the final instructions, as well as the phrase "apples-to-oranges."

## CONCLUSION

Natera respectfully requests the Court grant the relief sought herein.

DATED: November 11, 2024            QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By */s/ Brian C. Cannon*
                                       Brian C. Cannon
                                       Attorneys for NATERA, INC.,
                                       a Delaware corporation,
                                       Defendant and Counterclaim Plaintiff