Saul Perloff (157092)
saul.perloff@aoshearman.com
Kathy Grant *(pro hac vice)*
kathy.grant@aoshearman.com
Andre Hanson *(pro hac vice)*
andre.hanson@aoshearman.com
Olin "Trey" Hebert *(pro hac vice)*
trey.hebert@aoshearman.com
ALLEN OVERY SHEARMAN
STERLING US LLP
300 W. Sixth Street, 22nd Floor
Austin, Texas 78701
Telephone    (512) 647-1900

Christopher LaVigne *(pro hac vice)*
christopher.lavigne@aoshearman.com
ALLEN OVERY SHEARMAN
STERLING US LLP
599 Lexington Ave
New York, NY 10022
Telephone    (212) 848-4000

Jennifer L. Keller (84412)
jkeller@kelleranderle.com
Chase Scolnick (227631)
cscolnick@kelleranderle.com
Craig Harbaugh (194309)
charbaugh@kelleranderle.com
Gregory Sergi (257415)
gsergi@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
Telephone   (949) 476-0900

Attorneys for Plaintiff/Counterclaim-
Defendant GUARDANT HEALTH, INC.

Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (SBN 202603)
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall (SBN 253115)
andrewbramhall@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone     (650) 801-5000
Facsimile       (650) 801-5100

Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
Telephone    (212) 849-7000
Facsimile     (212) 849-7100

Valerie Lozano (SBN 260020)
valerielozano@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone     (213) 443-3000
Facsimile     (213) 443-3100
Attorneys for Defendant/Counterclaim-
Plaintiff NATERA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., | Case No. 3:21-cv-04062-EMC |
| Plaintiff and Counterclaim-Defendant, | **JOINT SUBMISSION RE OBJECTIONS REGARDING EXHIBITS FOR USE ON TRIAL DAY SIX (Dkt. Nos. 751 and 719)** |
| vs. | |
| NATERA, INC., | |
| Defendant and Counterclaim-Plaintiff. | |

Witnesses called for Day 6, Thursday November 154th, 2024: Solomon Moshkevich, Mark McCoy, and Nitin Sood.

Natera may use the following exhibits with Solomon Moshkevich: TX-1; TX-4; TX-47; TX-76; TX-94; TX-108; TX-120; TX-125; TX-126; TX-127; TX-133; TX-179; TX-235; TX-238; TX-239; TX-242; TX-249; TX-291; TX-342; TX-343; TX-357; TX-365; TX-542; TX-544; TX-546; TX-549; TX-550; TX-573; TX-576; TX-619; TX-650; TX-1104; TX-1259; TX-1260; TX-1265; TX-1268; TX-1290; TX-1308; TX-1576; TX-1810; TX-1811; TX-1814; TX-1815.; and demonstratives DDX5. Natera reserves the right to use all documents with Mr. Moshkevich that Guardant uses with Mr. Moshkevich.

| Exhibit No. | Description | Guardant's Objections | Natera's Response | Court's Outcome [leave blank] |
|---|---|---|---|---|
| TX-1268 | Article - Coombes et al., Personalized Detection of Circulating Tumor DNA Antedates Breast Cancer Metattatic Reburrence (2019) | R, FRE 403, FRE 702 Journal article concerning use of Signatera in breast cancer patients is not relevant to issues in case, which involve assays for detection of MRD in CRC. Mr. Moshkevich is not an author of the study. | TX-1268 is a peer-reviewed article published the same year as the Reinert study (2019) discussing the performance of Signatera. It is relevant to the performance of Signatera based on plasma volume size, which Guardant has put at issue. | |
| TX-1811 | Guardant-produced document titled "Tasks between July-Sept 2021-2021-10-08-10-20-50.xlsx" | FN, H, R

Although a summary document produced by Guardant, Natera did not seek to introduce this document through a Guardant witness knowledgeable about how it was | TX-1811 is an internal Guardant document, for which Guardant does not dispute authenticity, that has the same format and similar content to TX-1810 that was admitted through Guardant's witness, Ms. Price. There is no dispute over what the | |

| | | | | |
|---|---|---|---|---|
| | | compiled, what it represents, or anything else about its contents. Mr. Moshkevich is a fact witness. He has no knowledge about this document and cannot testify about what this document represents or shows. | document is or that it contains portions of emails sent by Guardant's sales representations to doctors making false and misleading claims regarding Reveal that are directly at issue. | |
| TX-1814 | Email from Guardant salesperson produced by Guardant bearing Bates numbers GHI00040079-GHI00040081 | FN, H, R<br><br>Although a summary document produced by Guardant, Natera did not seek to introduce this document through a Guardant witness knowledgeable about how it was compiled, what it represents, or anything else about its contents. Mr. Moshkevich is a fact witness. He has no knowledge about this document and cannot testify about what this document represents or shows. | TX-1814 is an email that was sent to a third-party doctor by a Guardant sales representative. Akin to Dr. Eltouhky reviewing materials sent to doctors by Natera sales representatives, Mr. Moshkevich should be permitted to testify regarding materials and representations that Guardant sales representatives were sharing publicly; the content of the communication goes to the false and misleading Guardant statements at issue in this case. | |
| TX-1815 | Email from Guardant salesperson produced by Guardant bearing Bates numbers GHI00039068-GHI00039071 | FN, H, R<br><br>Although this is an internal Guardant email that includes Guardant witness Kristin Price, Natera elected not to introduce this document through Ms. Price. Mr. Moshkevich is a fact witness who | TX-1815 is an email that was sent to a third-party doctor by a Guardant sales representative. Akin to Dr. Eltouhky reviewing materials sent to doctors by Natera sales representatives, Mr. Moshkevich should be permitted to testify regarding | |

| | | has no direct or indirect knowledge that provides an adequate basis for any testimony about the truth of any assertion in this email, what this communication represents or otherwise shows. | materials and representations that Guardant sales representatives were sharing publicly; the content of the communication goes to the false and misleading Guardant statements at issue in this case. | |

Guardant may use the following exhibits with Solomon Moshkevich: TX-1; TX-4; TX-38; TX-39; TX-40; TX-41; TX-42; TX-43; TX-44; TX-47; TX-48; TX-49; TX-50; TX-53; TX-54; TX-55; TX-58; TX-59; TX-60; TX-64; TX-95; TX-96; TX-150; TX-152; TX-157; TX-221; TX-222; TX-226; TX-227; TX-248; TX-330; TX-422.

| Exhibit No. | Description | Natera's Objections | Guardant's Response | Court's Outcome [leave blank] |
|---|---|---|---|---|
| TX-39 | Email re Whats the plan and time to fix no calls on signatera with attachment | Relevance, Dkt. 611 at 11 | Natera internal email sent to the witness; relevant to both plasma and tissue failure, which both influence the overall failure rate for Signatera | |
| TX-40 | Email re Signature Tissue Failure Rate Dashboard | Relevance, foundation, Dkt. 611 at 11 | Natera internal email sent to the witness; Relevant to both plasma and tissue failure, which both influence the overall failure rate for Signatera | |
| TX-41 | Oncology Commercial Milestones | Relevance, foundation, Dkt. 611 at 11 | Natera internal presentation discusses Signatera's tissue failure rate, which, with plasma failure rate comprise the overall failure rate for Signatera | |
| TX-44 | Excerpts of Video of | Foundation, | Video was produced | |

| | | | | |
|---|---|---|---|---|
| | Natera_470242: Signatera Validated Across Multiple Tumor Types and Transcription | authenticity, 403, 611(a), video | by Natera. Witness testified to accuracy of relevant portion of transcript at deposition. | |
| TX-50 | Excerpts of video presentation entitled 'Guardant Competitive Overview: Reveal and g360' (Transcription Included) | Foundation, authenticity, 403, 611(a), video | Video was produced by Natera. Witness testified to accuracy of relevant portion of transcript at deposition. | |
| TX-55 | Excerpts of Video Presentation: Evidence Review: Tumor-informed vs Tumor-naïve MRD" | Foundation, authenticity, 403, 611(a), video | Video was produced by Natera. Witness testified to accuracy of relevant portion of transcript at deposition. | |
| TX-58 | Email; re: Issues regarding Guardant Reveals's clinical validation data in CRC | MIL (MoldDX), 105 | Natera's objection was overruled at Dkt. 611 at p. 11. Guardant does not seek to introduce as evidence that Natera caused delay of Reveal's Medicare approval, but rather as part of its overall campaign against Reveal. | |
| TX-221 | Email re Defining comparable and "equivalence" to Signatera in CRC | MIL (MolDX), 105 | Natera's objection was overruled at Dkt. 611 at p. 11. Guardant does not seek to introduce as evidence that Natera caused delay of Reveal's Medicare approval, but rather as part of its overall campaign against Reveal. | |
| TX-226 | Email re We have a meeting with MolDx tomorrow to discuss comperable/equivalent | MIL (MolDX), 105 | Guardant does not seek to introduce as evidence that Natera caused delay of Reveal's Medicare approval, but rather as part of its overall campaign to position | |

| Exhibit No. | Description | Guardant's Objections | Natera's Response | Court's Outcome [leave blank] |
|---|---|---|---|---|
| | | | Reveal as "inferior." | |
| TX-227 | Email re Medicare reveal plan | MIL (MolDX), 105 | Guardant does not seek to introduce as evidence that Natera caused delay of Reveal's Medicare approval, but rather as part of its overall plan to "get KOLs attacking [Reveal] hard." | |
| TX-422 | Transcript of Audio-Recorded Scientific Talk - Exhibit No. 055 | Foundation, authenticity, 403, 611(a), video | Natera waived its objections at Dkt. 732. Witness gave this talk and testified about transcript at deposition. Discussion focuses on differences between Reveal and Signatera. | |

Natera may use the following exhibits with Mark McCoy:  TX-1; TX-89; TX-90; TX-144; TX-145; TX-146; TX-584; TX-585; TX-597; TX-602; TX-603; TX-607; TX-608; TX-609; TX-610; TX-611; TX-612; TX-613; TX-1198.  Natera reserves the right to use all documents with Mr. McCoy that Guardant uses with Mr. McCoy.

| Exhibit No. | Description | Guardant's Objections | Natera's Response | Court's Outcome [leave blank] |
|---|---|---|---|---|
| TX-597 | Article - Response to Comments: MolDX: Signatera and Minimal Residual Disease Testing for Colorectal Cancer (A58331) | H, R<br><br>Comments by unidentified persons concerning the clinical utility of Signatera are hearsay and irrelevant. Document has no connection to Guardant or witness or his "state of mind." | Document relevant to Guardant's state of mind in connection with its scheme to Fast-Follow Signatera's Medicare; relevant to McCoy's state of mind re same, as Guardant's 30(b)(6) on Medicare and MolDx related issues. | |

| | | | | |
|---|---|---|---|---|
| TX-609 | Email from McCoy re: Guardant Reveal Technical Assessment Submission | Court already sustained Guardant's objection to this exhibit at Dkt. 779 | Technical assessment relevant to the performance of Reveal and Medicare coverage of Reveal; McCoy author of email and is Guardant's 30(b)(6) on Medicare and MolDx related issues. | |
| TX-610 | Email from McCoy re: Guardant Reveal Technical Assessment Submission | R, Natera MIL 2

Email concerns reasons for delay in achieving approval for Reveal from MOLDX

Also Guardant MIL 2 –includes criticisms of Parikh Study for reasons unrelated to prospectiveness or blinding | Outside the scope of MIL; relevant to the performance of Reveal, rebutting Guardant's argument that Natera caused delay in Medicare coverage for Reveal, and Guardant's state of mind; McCoy is author of email and is Guardant's 30(b)(6) on Medicare and MolDx related issues. | |
| TX-611 | Guardant Responses to Landsverk Questions | R, Natera MIL 2

Email concerns reasons for delay in achieving approval for Reveal from MOLDX

Also Guardant MIL 2 – document discusses data from COSMOS study unrelated to Reveal's specificity | Outside the scope of MIL; relevant to the performance of Reveal, rebutting Guardant's argument that Natera caused delay in Medicare coverage for Reveal, and Guardant's state of mind; McCoy is author of document and is Guardant's 30(b)(6) on Medicare and MolDx related issues. | |
| TX-612 | Email from Eagle re: Guardant Reveal Technical Assessment Submission | R, H, Natera MIL 2

Email concerns reasons for delay in achieving approval for Reveal from MOLDX | Outside the scope of MIL; relevant to the performance of Reveal, rebutting Guardant's argument that Natera caused delay in Medicare coverage for Reveal, and Guardant's state of mind; McCoy is author of email and is Guardant's 30(b)(6) on Medicare and MolDx related issues. | |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   |   |   |   |

Guardant may use the following exhibits with Mark McCoy:  TX-143.

Natera may use the following exhibits with Nitin Sood:  TX-535; TX-536; TX-537; TX-538; TX-718; TX-719; TX-725; TX-728; TX-729.  Natera reserves the right to use all documents with Mr. Sood that Guardant uses with Mr. Sood.

| Exhibit No. | Description | Guardant's Objections | Natera's Response | Court's Outcome [leave blank] |
|---|---|---|---|---|
| TX-535 | Email from Sood re: LUNAR 1 MolDX deck | Natera MIL 2, email concerns Guardant's planned MolDx communications, Outside the scope of Natera's designations – not critical to understanding testimony and addresses additional topics beyond scope of witnesses' testimony. | Cover email attaching and providing context for TX-536, which is discussed in testimony which has been designated and not objected to. |   |
| TX-536 | GHGC L1.2 CRC PowerPoint | COBRA, Natera MIL 2, concerns Guardant's planned MolDx communications, Outside the scope of designations – document is not critical to understanding witness' testimony and addresses additional topics far beyond scope of his testimony. | Testimony regarding this exhibit was designated and not objected to. |   |

|  |  |  |  |  |
|--|--|--|--|--|

Guardant did not disclose any exhibits for Nitin Sood.

DATED: November 13, 2024

                                                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Andrew J. Bramhall*
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Andrew J. Bramhall (Bar No. 253115)
    andrewbramhall@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065-2139
    Telephone:  (650) 801-5000
    Facsimile:   (650) 801-5100

    Attorneys for Defendant and Counterclaim-Plaintiff, NATERA, INC.

Dated: November 13, 2024           A&O SHEARMAN

                                               By:   */s/ Saul Perloff*
                                                        Saul Perloff

                                              Attorney for Plaintiff/Counter-Defendant GUARDANT HEALTH, INC.

## FILER'S ATTESTATION

Pursuant to Civil LR 5.1(i)(3), the undersigned hereby attests that concurrence in the filing of this **JOINT SUBMISSION RE EXHIBIT OBJECTIONS DAYS ONE AND TWO** has been obtained from counsel for Guardant Health, Inc. and is electronically signed with the express permission of Guardant Health, Inc.'s counsel.

Date: November 13, 2024

By:  */s/ Andrew J. Bramhall*

Attorney for Defendant/Counter-Plaintiff
NATERA, INC.

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 5-5, I certify, that on November , 2024, this document, filed with the Court through the CM/ECF system, will be sent electronically to the registered participants at their e-mail addresses as identified in the Notice of Electronic Filing (NEF). Non-CM/ECF participants will be served via First-Class Mail.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 13th day of November.

/ */s/ Andrew J. Bramhall*