**Saul Perloff (157092)**
saul.perloff@aoshearman.com
**Katharyn Grant** *(pro hac vice)*
kathy.grant@aoshearman.com
**Andre Hanson** *(pro hac vice)*
andre.hanson@aoshearman.com
**Olin "Trey" Hebert** *(pro hac vice)*
trey.hebert@aoshearman.com
**ALLEN OVERY SHEARMAN STERLING US LLP**
300 W. Sixth Street, 22nd Floor
Austin, TX 78701
Telephone (512) 647-1900

**Christopher LaVigne** *(pro hac vice)*
christopher.lavigne@sherman.com
**ALLEN OVERY SHEARMAN STERLING US LLP**
599 Lexington Ave
New York, NY 10022
Telephone (212) 848-4000

**Jennifer L. Keller (84412)**
jkeller@kelleranderle.com
**Chase Scolnick (227631)**
cscolnick@kelleranderle.com
**Craig Harbaugh** (194309)
charbaugh@kelleranderle.com
**Gregory Sergi** (257415)
gsergi@kelleranderle.com
**KELLER/ANDERLE LLP**
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
Telephone (949) 476-0900

Attorneys for Plaintiff/Counterclaim-Defendant
GUARDANT HEALTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC.<br><br>   Plaintiff and<br>   Counterclaim-Defendant,<br><br> vs.<br><br>NATERA, INC.<br><br>   Defendant and<br>   Counterclaim-Plaintiff. | Case No. 3:21-cv-04062-EMC<br><br>**GUARDANT'S ADVISORY REGARDING NATERA VIOLATION OF JOINT STATEMENT (DKT. 25-3)**<br><br>Next Trial Date: November 15, 2024 |

Guardant advises the Court that Natera violated the Joint Statement, Dkt. 25-3, on the day after it told this Court to instruct the jury there had been no such violations.

The Joint Statement provides that "the Parties will mutually refrain from communicating any direct comparison" "with any customers or potential customers, between the Guardant Reveal™ ('Reveal') assay and the Signatera™ ('Signatera') assay," and "specifically will not state that either product is superior to the other with respect to" either pre-surgical, serial, or longitudinal sensitivity. Dkt. 25-3. Because of the impact the Joint Statement has had on Guardant's ability to conduct corrective advertising, Guardant asked the Court to provide a neutrally worded instruction to the jury. Natera, however, has insisted on an affirmative agreement from Guardant that Natera has not violation the Joint Statement. E.g., Trial Tr. 690:1-4:

> Your Honor, if Guardant will agree to the last sentence, which is, "Neither party in this trial contends that the other party violated this agreement," then that would be fine with Natera.

Guardant declined to request such an instruction, because it would not be accurate. Trial Tr. 696:12-19 (noting that in light of Natera's ongoing advertising, Guardant does not "think that it's fair to us to tell the jurors that that's not a violation")

Natera's raised these arguments on November 12, 2024. A day later, a Natera sales representative sent the following email to an Oklahoma oncologist that, fortuitously, was forwarded to Guardant:

> From: Tracy Powell [mailto:trpowell@natera.com]
> Sent: Wednesday, November 13, 2024 3:32 PM
> To: Tina Hoggatt <thoggatt@nhs-ok.org>
> Subject: Signatera CtDNA tissue informed test
>
> CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or on clicking links from unknown senders.
>
> Hi Tina,
>
> Thanks again for your time today. I've included some of the recent highlights to our newest data. As mentioned, **Signatera is a tissue-informed CtDNA test**, so it has much higher sensitivity and specificity than Guardant reveal/tissue naive tests (Cobra trial at MD Anderson was stopped early as the investigators did not see benefit in the test). Because we use the patient's own tumor to design our test, we've been very accurate at predicting treatment response and detecting recurrence much earlier than scans. In addition, Natera can do hereditary cancer testing and CGP (tumor profiling) all off of the same blood draw-saving you time.

The Correspondence is in direct violation of the Joint Statement, and represents Natera's ongoing

DOCUMENT PREPARED ON RECYCLED PAPER

1  indifference to its own agreement, the Orders of this Court, and its representations to Your Honor.

2  Guardant wishes to discuss the appropriate remedy for Natera's breach of the Joint
3  Statement, to include allotting some of Natera's time to Guardant, with the Court this morning.

4  Respectfully submitted,

6  Dated: November 15, 2024

**ALLEN OVERY SHEARMAN STERLING US LLP**

**SAUL PERLOFF**
By:  /s/ *Saul Perloff*
     Saul Perloff

Attorney for Plaintiff
GUARDANT HEALTH, INC.

DOCUMENT PREPARED ON RECYCLED PAPER