QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Valerie Lozano (Bar No. 260020)
valerielozano@quinnemanuel.com
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendant and Counterclaim-
Plaintiff NATERA, INC.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Derek L. Shaffer (Bar No. 212746)
1300 I Street, Suite 900
Washington, DC 20005
derekshaffer@quinnemanuel.com
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC.<br><br>           Plaintiff and<br>           Counterclaim-Defendant,<br><br>    vs.<br><br>NATERA, INC.<br><br>           Defendant and<br>           Counterclaim-Plaintiff. | CASE NO. 3:21-CV-04062-EMC<br><br>**NATERA, INC.'S PROFFER OF EXCLUDED EVIDENCE**<br><br>**REDACTED FOR PUBLIC FILING** |

Natera respectfully submits this proffer of excluded evidence. The exhibits and/or testimony excluded by the Court's evidentiary rulings are attached to the accompanying Declaration of Kaitlin E. Keohane. This evidence was excluded over Natera's objections, as stated on the record. Natera reserves the right to supplement its proffer of excluded evidence.

- Guardant's Response to Interrogatory No. 25 (Proffer Exhibit A), which authenticated Trial Exhibits 1808, 1809, 1810 (admitted into evidence without objection), and 1811, and would have been relevant to showing the extent of Guardant's false advertising, and its effects on Natera.

- Exhibits disclosed to be introduced through Dr. Metzker, specifically TX 560, TX 587, TX 687, TX 691, TX 692, TX 693, TX 697, TX 699, TX 700, TX 900, TX 981, TX 984, and TX 1478, which would have been relevant to showing the Parikh study was not blinded or prospective.

- Guardant's earning call transcript, TX 1771, which is relevant to rebut Dr. Eltoukhy's testimony that Natera's conduct harmed Guardant or deprived patients of access to Reveal. Tr. 796:1-12.

- TX 145 (Guardant – Specific Responses to the questions posed in the 6/28 email) and TX 612 (Email from Eagle re: Guardant Reveal Technical Assessment Submission), which are relevant to Guardant's knowledge of its relative performance as compared to Signatera, and the falsity of claims in Guardant's advertising.

- AmirAli Talasaz's LinkedIn post and subsequent apology letter, TX 1794 and 1795, which are relevant to Guardant's beliefs regarding appropriate conduct among competitors.

- TX 1786 and 1787, the second Parikh Study, which is relevant to the Parikh Study's characterization as a prospective, rather than retrospective, study.

- Testimony related to Guardant Reveal's ███████████ ███████, in 2023. Tr. 955:2-23; Tr. 1358:22-1360:14. The fact that Guardant Reveal ████████████ ████████████████████ is relevant to Guardant's claim for prospective corrective advertising damages.

- Testimony regarding Guardant's statement in an email that ████████████ ████████████████ Tr. 948:12-19. As well as testimony regarding Guardant employees' ███████████████ Tr. 1565:21-1566:20.

- Testimony regarding Dr. Eltoukhy's personal income during the 2020-2021 timeframe (Tr. 758:12-759:7), which is relevant to Guardant's claim that Natera caused it harm and deprived patients of tests, as well as Dr. Eltoukhy's bias.

- Testimony from Natera's expert regarding the scope of Medicare coverage that Guardant Reveal has obtained, when it was sought and obtained, and the impact of Guardant's expert's assumptions regarding damages. Tr. 1578:3-20, Rough Tr. Day 8 104:11-104:15, 106:12-17.  This testimony is relevant to rebut Guardant's representations regarding the impact of statements made by Natera to MolDX, including causation related to the disgorgement damages Guardant is seeking from Natera.  Guardant's CEO was permitted to testify that Guardant obtained Medicare coverage in "mid-2022," but Natera was not permitted to elicit testimony from its expert regarding the ████████████████████████████████ and that it occurred years after Natera obtained full coverage.  Additionally, the following exhibits would have been offered for admission but for the Court's prior rulings excluding evidence relating to MolDx: TX-535, TX-536, TX-597, TX-609, TX-610, TX-611.

- Testimony from the October 25, 2024 deposition of Dr. Claus Andersen (Proffer Exhibit B) that the Court excluded is relevant to establish Dr. Andersen's state of mind and reaction to the Parikh Study, which is relevant to respond to Guardant's allegations that Natera "targeted" Drs. Parikh and Corcoran with "attacks" and "pressure[d] these doctors to conceal their findings."  *See* Tr. at 202:15-23.  Furthermore, Guardant designated testimony that Dr. Andersen stating that he did not use Reveal, and the testimony designated by Natera but excluded by the Court is relevant to why Dr. Andersen did not use Reveal in studies he conducted.

- Rebuttal testimony from Dr. Jeffrey Stec that Mr. Malackowski's $75 million in prospective corrective advertising damages opinions are flawed because: (a) Guardant had the financial means to engage in corrective advertising (other than comparative advertising) to mitigate its harm but has failed to do so; and (b) Guardant no longer sells the version of the product that is the subject of the Parikh study and the at-issue advertisements, and the current version is different.  This testimony was fully within the bounds of the Court's Order on Motion in *Limine* No 4.  Dkt. 509 at 17 ("[T]o the extent that Natera argues that Guardant had an obligation and failed to mitigate damages by engaging in *comparative* corrective advertising, the Court is inclined to find that it is permissible and necessary for Guardant to introduce at least portions of the Joint [Statement].  However, it was not permitted.  11/18/2024 Rough Tr. at 160:16-162:3.

DATED: November 18, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ *Victoria F. Maroulis*

Attorneys for NATERA, INC., a Delaware corporation, Defendant and Counterclaim Plaintiff