1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    GUARDANT HEALTH, INC.,
8                    Plaintiff,                    Case No.  21-cv-04062-EMC
9           v.
                                                   **SECOND REVISED FINAL JURY**
10   NATERA, INC.,                                 **INSTRUCTIONS**
11                   Defendant.
12
13

14          Consistent with the Court's comments in reading the instructions, the Court issues an

15   amended set of jury instructions to include the disjunctive "or" in Instruction No. 33, and the

16   removal of Instruction No. 44 on Mitigation.

17

18          **IT IS SO ORDERED.**

19

20   Dated: November 18, 2024

21

22

23   _____
24   EDWARD M. CHEN
     United States District Judge
25

26

27

28

United States District Court
Northern District of California

## I.    PRELIMINARY INSTRUCTIONS

### 1.    Instruction No. 1: Duty of the Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

2.  **Instruction No. 2: Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a false advertising case between two medical diagnostic testing companies.

The plaintiff and counterclaim defendant is Guardant Health, Inc., which I'll call Guardant.

The defendant and counterclaim plaintiff is Natera, Inc., which I'll call Natera.

Guardant and Natera compete in the market for cancer detection tests. Guardant markets a product called "Reveal." Natera markets a product called "Signatera." Reveal and Signatera are used to detect colorectal cancer, or "CRC." Specifically, they are used to detect if cancer is still present, or has recurred, after a CRC patient has been treated with surgery to remove the cancer tumor, and in some cases with chemotherapy.

In this lawsuit, both parties allege that the other engaged in false advertising related to the parties' respective products. Both parties deny the other's allegations.

### 3.    <u>Instruction No. 3: Implicit/Unconscious Bias</u>

We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background.  Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own.  We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case.  You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case.  If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another.  You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases.  Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your

4

1

individual evaluations of that evidence, your reason and common sense, and these instructions.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**4.**    <u>**Instruction No. 4: What is Evidence**</u>

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I [may instruct] [have instructed] you to accept as proved.

**5.**     **Instruction No. 5: What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

United States District Court
Northern District of California

6.    **Instruction No. 6: Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

United States District Court
Northern District of California

### 7. <u>Instruction No. 7: Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**8.**    **Instruction No. 8: Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence corroborated or contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

You must avoid allowing your determination of credibility to be influenced by your own bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9.      **<u>Instruction No. 9: Ruling on Objections</u>**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**10.**    **<u>Instruction No. 10: No Transcript Available to Jury</u>**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11

United States District Court
Northern District of California

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**11.**     <u>**Instruction No. 11: Taking Notes**</u>

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. Although the jury will have all the admitted exhibits during deliberation, you may want to note exhibit numbers in your notes if you think that will aid your memory. You will be given an index of exhibits at the end of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**12.      Instruction No. 12: Ability to Hear**

If you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

### 13.    <u>Instruction No. 13: Bench Conferences and Recesses</u>

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

United States District Court
Northern District of California

16

United States District Court
Northern District of California

**14.      Instruction No. 14: Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

18

**15.** <u>**Instruction No. 15: Publicity During Trial**</u>

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

16.     **<u>Instruction No. 16: Outline of Trial</u>**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Guardant will then present evidence, and counsel for Natera may cross-examine. Then Natera may present evidence, and counsel for Guardant may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## II.    INSTRUCTIONS DURING TRIAL

### 17.    Instruction No. 17: Impeachment Evidence, Witness

The evidence that a witness has lied under oath on a prior occasion, etc., may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**18.**  __Instruction No. 18: Use of Interrogatories__

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

2

### 19.    <u>**Instruction No. 19: Use of Requests for Admission**</u>

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

United States District Court
Northern District of California

**20.** **Instruction No. 20: Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**21.**    **Instruction No. 21: Charts and Summaries Received in Evidence**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

25

**22.**    **<u>Instruction No. 22: Stipulations of Fact</u>**

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you]. You must therefore treat these facts as having been proved.

23.    **Instruction No. 23: Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

You should consider any deposition testimony presented to you in court in lieu of live testimony in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

United States District Court
Northern District of California

### 24.    <u>Instruction No. 24: Expert Opinion</u>

You are about to hear testimony from [name]who will testify about [his/her] opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

25.    **Instruction No. 25: Cautionary Instructions**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So, you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

### III.     <u>INSTRUCTIONS AFTER THE CLOSE OF EVIDENCE</u>

**26.**    <u>Instruction No. 26: Duty of the Jury</u>

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**27.**    **Instruction No. 27: Liability of Corporations, Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**28.**    <u>**Instruction No. 28: Burden of Proof -- Preponderance of the Evidence**</u>

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. Unless you are instructed otherwise in these instructions, the burden of proof is by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**29.     Instruction No. 29: Burden of Proof, Clear and Convincing Evidence**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**30.**  **Instruction No. 30: False Advertising, Lanham Act, Elements**

Guardant claims that Natera is liable for false advertising, and Natera claims that Guardant is liable for false advertising. To succeed on this claim, the party making the claim must prove each of the following by a preponderance of the evidence:

1. The other party made one or more false or misleading statements of fact about Reveal or Signatera in a commercial advertisement or promotion.

2. The false or misleading statement(s) deceived or had the tendency to deceive a substantial segment of its audience;

3. The deception was material, in that it was likely to influence the purchasing decision;

4. The other party caused the false or misleading statement(s) to enter interstate commerce; and

5. The party was or is likely to be injured as a result of the false or misleading statement(s).

If you find that a party has proved each of these elements on its claim, then you must find for it on that claim.  If, on the other hand, you find that a party has failed to prove any one of these elements on its claim, you must find for the other party on that claim.

**31.** <u>**Instruction No. 31: False Advertising – Lanham Act - Element One Part 1 - False or Misleading Statement**</u>

The party asserting a Lanham Act claim must prove that one or more statement of fact was false or misleading. In making this determination, you must consider any such statement in the context of the entire advertisement**.** The party may prove a statement is false or misleading in one of two ways:

1.    By showing that the statement is literally false. Only an unambiguous message can be literally false. A statement may be literally false on its face, that is, when it explicitly states something untrue. A statement also may be literally false by necessary implication. A statement is literally false by necessary implication when it does not explicitly state something that is untrue, but considering the advertisement in its entirety, the only reasonable interpretation of the statement is that it is untrue. Advertisements using an "apples-to-oranges" comparison are literally false by necessary implication where things that are non-comparable are portrayed as otherwise equivalent.

2.    By showing that a statement is misleading. A statement is misleading if it is literally true or ambiguous but misled, confused, or deceived a significant portion of the consuming public or is likely to mislead, confuse, or deceive customers.

**32.**    **Instruction No. 32: False Advertising – Lanham Act – Element One Part 2 –**
**Commercial Advertisement or Promotion**

A party asserting a Lanham Act claim must prove that the statement was made in commercial advertising or promotion. A statement constitutes a commercial advertisement or promotion if it is commercial speech, which is speech that is:

1.    made for the purpose of influencing customers to buy the products of the party making the statement; and

2.    was sufficiently disseminated to the relevant purchasing public to constitute promotion within that industry.

To determine whether the statement was sufficiently disseminated to constitute promotion, you may consider the size of the market, the frequency and means of dissemination of the statement, and the number of recipients of the statement.

The statement need not be made in a traditional advertising campaign and may consist instead of less formal types of advertising and promotion.

**33.**    **Instruction No. 33: False Advertising – Lanham Act – Claim Element One, Claims Relating to Peer-Reviewed, Published Articles**

Statements in a commercial advertisement or promotion which are based on test results from a peer-reviewed, published scientific study cannot be literally false unless that party challenging the advertisement proves that:

1.    The statement in the advertisement of promotion is not, on its face, supported by the peer-reviewed, published science study. In other words, even if the study is reliable, it does not establish the statement at issue in the advertisement; or

2.    The statement conveys a false message that is beyond the scope of the peer-reviewed, published scientific study, such as comparing test results from a different study when the results are not actually comparable; or

3.    The statement is supported by the peer-reviewed, published scientific study but the results of the study were fabricated or fraudulently created.

A party also may show that a commercial advertisement or promotion that relies on a peer-reviewed, published scientific study is misleading if it reports results from the study in a way that is deceptive and that deceived a significant portion of the commercial audience.

United States District Court
Northern District of California

**34.**    **Instruction No. 34: False Advertising – Lanham Act – Element Two**

If a party proves that the other party made in its advertising a statement that is literally false on its face or that is literally false by necessary implication, you may presume that consumers were deceived or had a tendency to be deceived by the false or misleading statement.

If you find that the other party did not make a statement that is literally false, but only misleading, the party must prove that the misleading statement actually deceived or had a tendency to deceive a substantial segment of consumers.   In determining whether a statement actually or had a tendency to deceive the target audience, you may take into consideration the nature of the audience, including how informed or sophisticated the audience is and how likely their purchasing decisions are to be influenced by the complained-of statements.

You may also presume that consumers were deceived or had a tendency to be deceived by the false or misleading statement if a party proves: (1) that the other intended to deceive consumers with its advertising, or (2) that the other party published deliberately false comparative claims in its advertising.

A party may overcome these presumptions by proving that consumers were not deceived.

**35.**    **Instruction No. 35: False Advertising – Lanham Act – Element Three**

To prevail on a false advertising claim under the Lanham Act, a plaintiff must prove that the deception is material.

A false or misleading statement is material if: (1) it is likely to influence customer purchasing decisions; or (2) it misrepresents an inherent quality or characteristic of the product that was the subject of the statement.

United States District Court
Northern District of California

36.    **Instruction No. 36: False Advertising – Lanham Act – Element Five**

A party asserting a false advertising claim must prove injury. Injury may be proven by showing the diversion of its sales or the lessening of the goodwill that a party's products enjoy with the buying public.

Because Guardant and Natera are direct competitors, you may presume that a misrepresentation that tends to mislead consumers caused commercial injury.

Either party may overcome this presumption by proving that the other party has suffered no injury and is not likely to suffer injury.

37. **<u>Instruction No. 37: False Advertising – Lanham Act - Explanations and</u>**
    **<u>Disclaimers</u>**

False or misleading advertising claims are not excused or remedied by the use of explanations or disclaimers if those explanations or disclaimers are presented in a way that readers will tend to overlook them.

You may consider how informed or sophisticated the audience in determining whether the readers would tend to overlook those disclaimers.

**38.**     **Instruction No. 38: False Advertising – Lanham Act – Opinions**

Only statements of fact that are capable of being proven true or false are actionable under the Lanham Act.  Opinion statements that cannot be proven true or false are not actionable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 39.    Instruction No. 39: California State Common Law Unfair Competition

California common law claims are substantially congruent to claims made under the Lanham Act. If you find that either party has violated the Lanham Act, then you must find that it has also violated California unfair competition common law.

United States District Court
Northern District of California

40.   **Instruction No. 40: Lanham Act False Advertising – Monetary Recovery**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find that a party is liable for false advertising under the Lanham Act, you must determine the appropriate monetary recovery for the other party.

The party bringing a claim for false advertising has the burden of proving damages by a preponderance of the evidence.   Damages means the amount of money that will reasonably and fairly compensate that party for any injury you find was caused by the other party and that is attributable to the wrongdoer's unlawful conduct.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.  Damages need not be calculated with absolute exactness.  However, there must be a reasonable basis for computation.

A party bringing a claim for false advertising may recover the following:

1. Actual damages resulting from other party's false advertising; and

2. Any profits earned by the other party as a result of its false advertising, also known as "disgorgement of profits."

I will now explain these two categories further.

44

**41.**    **Instruction No. 41: Lanham Act False Advertising – Actual Damages**

A party has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the party for any injury you find was caused by the other party's false advertising.

Actual damages may include:

1.    The injured party's lost profits, which is the profits it would have earned if not for the false or misleading advertising.

     a.    The injured party's lost profit is determined by deducting all allowable expenses the party incurred from gross revenue the party would have generated by the product. Allowable expenses are all costs incurred in generating the gross revenue.

     b.    When considering a claim for lost profits, you may consider evidence that some or all of those claimed losses may be caused by other market factors or reasons and not as a result of the accused false advertising.

2.    The cost of corrective advertising reasonably required to correct any deception caused by the false advertising. Corrective advertising costs must be attributable to the false or misleading advertising.

**42.**    **Instruction No. 42: Lanham Act False Advertising – Disgorgement of Profits**

In addition to actual damages, the plaintiff is entitled to any profits earned by the defendant that are attributable to the false advertisement, which the plaintiff proves by a preponderance of the evidence. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is calculated by deducting expenses from gross revenue.

Gross revenue is all of the defendant's earnings from the sale of its product. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all of the defendant's overhead and production costs incurred in producing the gross revenue. Those expenses may include wages and sales commissions. The expenses must be directly attributable to producing the defendant's product. The defendant has the burden of proving (1) the expenses and (2) the portion of the profits that is not attributable to the false advertising but which is attributable instead to other factors.

**43.**    **Instruction No. 43: Damages under California State Common Law**

If you find a party liable for common law unfair competition, then you must determine an amount that is fair compensation for all of the injured party's actual damages. A party has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the party for any injury you find was caused by the other party's unfair competition.

You may not award damages for state common law unfair competition that you have already awarded as damages for a violation of the Lanham Act.

If you find a party liable for common law unfair competition, you may also award punitive damages. The purposes of punitive damages are to punish the party found liable and to discourage similar conduct in the future.

You may award punitive damages against the liable party only if the injured party proves by clear and convincing evidence that the liable party engaged in that conduct with malice, oppression, or fraud.

"Malice" means that the liable party acted with intent to cause injury or that the liable party's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that the liable party's conduct was despicable and subjected the injured party to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that the liable party intentionally misrepresented or concealed a material fact and did so intending to harm the injured party.

There is no fixed formula for determining the amount of punitive damages.  If you decide

to award punitive damages, you should consider all of the following factors in determining the amount:

a) How reprehensible was the liable party's conduct? In deciding how reprehensible the liable party's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether the liable party disregarded the health or safety of others;

3. Whether the injured party was financially weak or vulnerable and liable party knew the injured party was financially weak or vulnerable and took advantage of it;

4. Whether the liable party's conduct involved a pattern or practice; and

5. Whether the liable party acted with trickery or deceit.

b) Is there a reasonable relationship between the amount of punitive damages and the injured party's harm?

c) In view of the liable party's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because the liable party has substantial financial resources.

Punitive damages may not be used to punish the liable party for the harm to anyone other than the injured party in this case.

**44.**     [No Instruction]

### 45.    <u>Instruction No. 45: Willful False Advertising – Lanham Act</u>

If you find that a party engaged in false advertising, you must also determine whether that party did so willfully.  A party willfully engaged in false advertising if it knew its advertising was false or misleading, or it acted with reckless disregard for, or willful blindness to, the false or misleading nature of its advertising.

## IV.    FINAL INSTRUCTIONS

### 46.    Instruction No. 46: Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**47.    Instruction No. 47: Consideration of Evidence – Conduct of Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence

that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

54

1

2

### 48.    __Instruction No. 48: Communication with the Court__

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**49.**    <u>**Instruction No. 49: Return of Verdict**</u>

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.