**Saul Perloff (157092)**
saul.perloff@aoshearman.com
**Katharyn Grant** *(pro hac vice)*
kathy.grant@aoshearman.com
**Andre Hanson** *(pro hac vice)*
andre.hanson@aoshearman.com
**Olin "Trey" Hebert** *(pro hac vice)*
trey.hebert@aoshearman.com
**ALLEN OVERY SHEARMAN STERLING US LLP**
300 W. Sixth Street, 22nd Floor
Austin, TX 78701
Telephone (512) 647-1900

**Christopher LaVigne** *(pro hac vice)*
christopher.lavigne@sherman.com
**ALLEN OVERY SHEARMAN STERLING US LLP**
599 Lexington Ave
New York, NY 10022
Telephone (212) 848-4000

Attorneys for Plaintiff/Counterclaim-Defendant
GUARDANT HEALTH, INC.

**Jennifer L. Keller (84412)**
jkeller@kelleranderle.com
**Chase Scolnick (227631)**
cscolnick@kelleranderle.com
**Craig Harbaugh** (194309)
charbaugh@kelleranderle.com
**Gregory Sergi** (257415)
gsergi@kelleranderle.com
**KELLER/ANDERLE LLP**
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
Telephone (949) 476-0900

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC.<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NATERA, INC.<br><br>Defendant and Counterclaim-Plaintiff. | Case No. 3:21-cv-04062-EMC<br><br>**GUARDANT'S TRIAL BRIEF REGARDING NATERA'S ANTICIPATED AND MISLEADING ARGUMENT TO THE JURY THAT GUARDANT'S PRESENTATION AT THE JP MORGAN INVSTORS CONFERENCE WAS "ADVERTISING"**<br><br>Next Trial Date: November 22, 2024 |

Guardant respectfully offers this trial brief regarding Natera's anticipated—and misleading—arguments to the jury stating or suggesting that Guardant's presentation at the JP Morgan investors conference should be considered "advertising." The uncontradicted evidence by both Parties' witnesses is that JP Morgan is an "investors conference," and there is no evidence that this investors conference was attended by oncologists.

During proceedings on Monday, November 18, the Court directed the Parties to discuss whether they could stipulate, in connection with closing arguments, whether statements to investors, and in particular Guardant's presentation at the 2021 JP Morgan Healthcare Conference (TX-573), can be considered "advertising." Trial Tr. 1937:8-12.

The issue is important because the Court already held in Dkt. 509 that communications to *investors* do not constitute advertising:

> Statement not made to consumers but which simply have an eventual impact upon purchasing behavior do not fall under the Act. For example, in *Sigma Dynamics, Inc. v. E. Piphany, Inc.*, the court found that statements made to primarily influence investors, rather than consumers, but which could ultimately influence consumers, were not cognizable under the Lanham Act. 2004 WL 2648370 at *3 (N.D. Cal. 2004). There, the defendant had made statements to investors during earnings conference calls, for the purpose of reporting the defendant's financial condition. *Id.* The court dismissed these claims, in part because plaintiffs failed to allege that consumers attended the conference calls. *Id.* Thus "[s]tatements made during an earnings conference call primarily to influence investors that may have an incidental effect of promoting goods to customers are not within the reach of the Lanham Act." *Id.* (citing *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003), *overruled on other grounds by Skidmore as Tr. For Randy Craig Wolfe Tr. V. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)). *See also Tercica, Inc. v. Insmed Inc.*, 2006 WL 1626930, at *17-18 (N.D. Cal. June 9, 2006) (no claim where statements were made to potential investors during conference calls and in press releases because no consumer attended the call). The Lanham Act requires that the communication be directed at or received by consumers.

Dkt. 509 at 5-6; *see also* Dkt. 611 at 9 ("Statements made to investors, rather than consumers, are not actionable under the Lanham Act. *See* MIL Order at 5-6.")

During the November 18 discussion with the Court, Natera's counsel had suggested that "the whole JPMorgan conference, I mean, there are plenty of consumers that attend those. So I'm not sure that moves the needle, but I'll look at it." Trial Tr. 1937:14-17. In fact, the consistent and uncontradicted evidence presented at trial is that the JP Morgan conference is an ***investor's***

DOCUMENT PREPARED
ON RECYCLED PAPER

*conference*, and thus squarely within this Court's ruling that it does not constitute advertising. This evidence includes the admission of Natera's former vice president of oncology marketing:

> Q.    And what is the JPMorgan conference?
> A.    JPMorgan is an annual conference held here in San Francisco with investors and companies presenting their -- some of their data.

Trial Tr. at 655-56 (K. Masuakawa); *see also* Trial Tr. 726-27 (H. Eltoukhy) (Describing JP Morgan: "An investor conference is mostly focused on the financial performance of, you know, companies that are presenting there, their financial outlook, and then at a high level some of the products that could help that financial outlook.") There is no testimony or other evidence in this case that JP Morgan is attended by the customers of Signatera or Reveal, that is, CRC oncologists.

Guardant accordingly asked Natera to agree that "the parties stipulate that neither party will argue or suggest to the jury that earnings calls or investor presentations, including those presented at the JP Morgan Conference, constitute advertising." A. Hanson email (Nov. 19, 2024). Natera declined to agree, and did not respond to Guardant's request to meet and confer. Instead, it argued that the document is in evidence, and had been characterized as "advertising" in Natera's pleadings and earlier submissions:

> We cannot agree to your late request for a stipulation regarding the JP Morgan slides or earnings calls. The Pretrial Conference Statement includes the stipulated facts and there are no court rulings directed to these specific documents. Indeed, the court rejected Natera's request to have the accused advertisements as part of the verdict form. Dkt. 357 (Natera proposed verdict form); Dkt. 507 n.1 (Natera's proposed instructions); Dkt. 736-1 (final verdict form). As you know, the JP Morgan presentation has been an important part of this case from the beginning and has always been considered commercial advertising by both the parties and the Court. See, e.g., Dkt. 48 (Natera's Counterclaims) at 63, Ex. B at 19 and 33 (referencing Guardant's January 11, 2021 presentation at JPM); Dkt. 120 (MTD Order) at 16 (referring to Guardant's "marketing presentation at the J.P. Morgan Healthcare Conference"); Dkt. 328 (Daubert Order) at 8 (Court lists the JPM presentation as an "instance" of "Guardant's advertising regarding Reveal"); Dkt. 604 at 3 (Natera lists JPM presentation in list of false and misleading "ads"). We also note that Guardant's objection to TX-573 on grounds that it was not an advertisement was expressly overruled. Tr. 461:16-462:3.

R. Landes email (Nov. 19, 2024). Rather than addressing the consistent evidence introduced at this trial that the JP Morgan conference is a communication with *investors*, Natera insisted that misleading arguments to the jury could be cured through post-trial motion practice:

> The documents are in evidence, the instructions are complete, and both parties are

free to argue to the jury under the Court's instruction as to what does and does not constitute a commercial advertisement or promotion.  Dkt 759 at Instruction Nos. 30, 32.  If either party believes the other has not met its burden, post-trial motions are the process to resolve those disputes..

*Id.*

Guardant respectfully contends that it would make far more sense to address this issue *before* Natera's counsel further misleads the jury, rather than to allow such deception and attempt to cure the unnecessary confusion of this jury through a new trial. While the JP Morgan presentation—like certain statements to MolDX—is in evidence, and Natera may rely on it for its own state-of-mind, it demonstrably and as a matter of law and undisputed fact ***is not advertising.*** Accordingly, Guardant respectfully asks the Court to direct Natera to refrain from arguing or otherwise suggesting to the jury that Guardant's JP Morgan presentation to investors constituted "advertising."

Respectfully submitted,

Dated: November 20, 2024

**ALLEN OVERY SHEARMAN STERLING US LLP**

**SAUL PERLOFF**
By:  *   /s/ Saul Perloff*
Saul Perloff

Attorney for Plaintiff
GUARDANT HEALTH, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 20, 2024, to the counsel of record via email to qe-natera-guardant@quinnemanuel.com.

**<u>Counsel for Defendants:</u>**

Kevin P.B. Johnson

Victoria F. Maroulis

Andrew J. Bramhall

Anne S. Toker

Valerie Lozano

Andrew Naravage

Ryan Landes

Elle Wang

Margaret Shyr

Ryan Hudash

Brian Cannon

Jocelyn Ma

Kaitlin Keohane

Victoria Parker

*/s/ Saul Perloff*

Saul Perloff

GUARDANT'S TRIAL BRIEF THAT JP MORGAN PRESENTATION WAS NOT ADVERTISING
CASE NO. 3:21-CV-04062-EMC

DOCUMENT PREPARED
ON RECYCLED PAPER