UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUARDANT HEALTH, INC.,

    Plaintiff,

v.

NATERA, INC.,

    Defendant.

Case No. 21-cv-04062-EMC

**ORDER RE: SCOPE OF GUARDANT'S SANCTIONS BRIEFING**

Docket No. 877

Parties submitted a joint submission regarding the potential scope of Guardant's post-trial briefing on additional sanctions. Upon review, the Court **DENIES** Guardant's request to file further sanctions motions, beyond the sanctions re: COBRA. The other raised matters do not under the circumstances, including the verdict rendered, warrant sanctions, though the Court finds some of the conduct troubling and hardly indictive of good and best practices[1].

**IT IS SO ORDERED**.

Dated: January 7, 2025

EDWARD M. CHEN
United States District Judge

---

[1] The testimony of Dr. Stec elicited by Natera's counsel at trial in which Dr. Stec started to testify about Guardant's failure to engage in "corrective advertising" was particularly troubling. It threatened to disrupt the trial proceedings by inviting in the final days of trial (when Guardant was facing diminishing time limit to present its case) a minitrial concerning the stipulation limiting comparative advertising which earlier had been the subject of extensive discussion and which the parties up to that point had studiously avoided. Though Natera's counsel stated their questioning about corrective advertising was meant to elicit whether Guardant had financial means, counsel should have known this invited opening the Pandora's box. Rather than eliciting testimony which threatened to cross the line, counsel cocould and should have warned the Court and opposing counsel ahead of time of her intent and work out a process that could ensure any testimony would properly be cabined. Nonetheless, no prejudice flowed from counsel's conduct in light of the jury's verdict.