QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Valerie Lozano (Bar No. 260020)
valerielozano@quinnemanuel.com
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Anne S. Toker (*pro hac vice*)
annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Derek L. Shaffer (Bar No. 212746)
1300 I Street, Suite 900
Washington, DC 20005
derekshaffer@quinnemanuel.com
Telephone: (202) 538-8000
Facsimile:  (202) 538-8100

Attorneys for Defendant and Counterclaim-Plaintiff NATERA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> vs. <br><br> NATERA, INC., <br><br> Defendant and Counterclaim-Plaintiff. | Case No. 3:21-CV-04062-EMC <br><br> **NATERA, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant/Counterclaim-Plaintiff Natera, Inc. ("Natera") submits this Administrative Motion to File Under Seal Natera's Response to Dkt. 730 Re Sanctions and supportive documents ("Administrative Motion").  This motion is based on the points and authorities herein and the accompanying Declaration of Ryan Hudash in Support of this Administrative Motion.

The Declaration of Ryan Hudash filed herewith ("Hudash Declaration") identifies the documents that contain Natera's confidential information, as well as the highly confidential communications between Natera's counsel in the above-captioned proceeding, Quinn Emanuel, and the third party expert, Dr. Howard Hochster, as well as Dr. Hochster's colleagues and associates in the oncology field whose communications were produced by Rutgers Cancer Institute, and Natera requests that this information be sealed pursuant to N.D. Cal. Civil Local Rule 79-5.  In making this request, Natera has carefully considered the legal standard in determining which information would be the subject of the present request to seal.  Natera makes this request with the good faith belief that the information sought to be sealed consists of the confidential information and communications of Natera, Quinn Emanuel, Dr. Hochster, and other colleagues and associates of Dr. Hochster, and that public disclosure would prejudice and cause competitive harm to them.

Although courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents" and "start with a strong presumption in favor of access to court records" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)), "[r]ecords attached to non-dispositive motions are not subject to th[at] strong presumption" (*Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621- WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).  Instead, a showing of "good cause . . . will suffice," since "the public has less of a need for access to court records attached only to non-dispositive motions" given that they "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana*, 447 F.3d at 1179 (internal citations omitted).  "Good cause" is met where there is a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.

2002)). "A court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2019 WL 13423737, at *2 (N.D. Cal. Jan. 30, 2019).

Natera's Response to Dkt. 730 Re Sanctions is filed in response to the Court's Order of October 23, 2024 (Dkt. 730) regarding sanctions, which is not a dispositive motion and involved information that ultimately was not relevant to the case. Thus, only the lesser "good cause" standard needs to be met. As explained in the accompanying Hudash Declaration, the confidential information that Natera seeks to seal meets the good cause standard because it comprises of confidential communications and information shared between Natera's counsel, Quinn Emanuel, and its expert witness, Dr. Hochster—including attorney work product—and Dr. Hochster's confidential communications with colleagues and associates related to his work at the Rutgers Cancer Institute and whose communications were produced by Rutgers Cancer Institute in response to Guardant's subpoena. The identified documents also contain, reflect, and describe emails and documents designated in this action as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Parties' Protective Order (Dkt. 57) as they contain commercially sensitive information.

Disclosure of the confidential information in the documents identified below would prejudice and cause harm to Natera, Quinn Emanuel, and third-parties, including Dr. Hochster and his colleagues and associates in the oncology field. First, certain documents contain Quinn Emanuel's confidential communications regarding this litigation, which is not generally shared publicly. Second, Natera also seeks to seal communications between Dr. Hochster and other colleagues and associates in the oncology field whose communications were produced by Rutgers Cancer Institute in response to Guardant's subpoena, including internal discussions and analyses of data underlying a clinical trial, which are not similarly not shared publicly. If such information was made public, it could result in undue burden by causing personal and professional harm to Dr. Hochster and his colleagues in the oncology field, who are not parties to this case. *See deBarros v. Walmart Stores, Inc.*, 857 F. Supp. 2d 1109, 1113 (D. Or. 2012) ("[L]itigants should have the

1  opportunity to prevent information from being publicly released if that information could be
2  damaging to reputation and privacy.").

3  Additionally, some of the documents and information Natera seeks to seal reflect work
4  product communications between Quinn Emanuel and Dr. Hochster, which should be kept
5  confidential in light of the protection that such information is ordinarily given. *See In re Hewlett-*
6  *Packard Co. S'holder Derivative Litig.*, 716 F. App'x 603, 609 (9th Cir. 2017) (district court did not
7  abuse its discretion by keeping "materials protected by the attorney-client privilege and the work
8  product doctrine" sealed following final judgment); *Capitol Specialty Ins. Corp. v. GEICO Gen.*
9  *Ins. Co.*, No. CV 20-672-RSWL-EX, 2021 WL 7708484, at *3 (C.D. Cal. Apr. 14, 2021) (granting
10 requests to seal given that "[a]ttorney-client privileged materials, of course, are archetypical
11 examples of material that has traditionally been kept secret for important policy reasons") (internal
12 quotations and citations omitted).

13 Finally, the documents and information Natera seeks to seal relate to orders that the Court
14 has filed under seal. Specifically, Judge Kim's Order Regarding Motion To Compel (Dkt. 675) and
15 this Court's Order Granting In Part And Deferring In Part Guardant's Motion For Sanctions (Dkt.
16 730) were filed under seal and remain under seal.

17 On the other hand, the public has minimal interest in accessing the materials Natera seeks to
18 seal. This information is at most "tangentially related"—if related at all—to the merits of the case
19 and was not used at trial, such that its disclosure is "not necessary for the public's understanding of
20 the case." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (applying Ninth
21 Circuit law). Disclosure of this information would thus only serve the "improper purposes" of
22 "gratify[ing] private spite" and "promot[ing] public scandal." *Id.* at 1179.

23 In compliance with Civil Local Rule 79-5(d), unredacted versions of the below listed
24 documents accompany this Administrative Motion.

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Natera's Response to Dkt. 730 | Entire document | Natera, Quinn Emanuel and/or third party Dr. Howard Hochster and third party oncology associates and colleagues of Dr. Hochster |

| | | |
|---|---|---|
| Declaration of Andrew Bramhall in Support of Natera's Response to Dkt. 730 ("Bramhall Decl.") | Entire document | Natera, attorneys Quinn Emanuel and/or third party Dr. Howard Hochster |
| Declaration of Brian Cannon in Support of Natera's Response to Dkt. 730 | Entire document | Natera, Quinn Emanuel and/or third party Dr. Howard Hochster |
| Declaration of Ryan Landes in Support of Natera's Response to Dkt. 730 | Entire document | Natera, Quinn Emanuel and/or third party Dr. Howard Hochster |
| Declaration of Victoria Maroulis in Support of Natera's Response to Dkt. 730 | Entire document | Natera, Quinn Emanuel and/or third party Dr. Howard Hochster |
| Declaration of Marco Perez in Support of Natera's Response to Dkt. 730 | Entire document | Quinn Emanuel and/or third party Dr. Howard Hochster |
| Declaration of Margaret Shyr in Support of Natera's Response to Dkt. 730 | Entire document | Natera, Quinn Emanuel and/or third party Dr. Howard Hochster |
| Declaration of Elle Wang in Support of Natera's Response to Dkt. 730 ("Wang Decl.") | Entire document | Natera, Quinn Emanuel and/or third party Dr. Howard Hochster |
| Wang Decl. Ex. 1 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 2 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 3 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 4 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 5 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 6 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 7 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |

|  |  |  |
|---|---|---|
| Wang Decl. Ex. 8 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 9 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 10 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 11 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster, Guardant |
| Wang Decl. Ex. 12 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 13 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 14 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 15 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 16 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Wang Decl. Ex. 17 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |
| Bramhall Decl. Ex. 18 | Entire document | Natera, Quinn Emanuel and third party Dr. Howard Hochster |

DATED: January 17, 2025											QUINN EMANUEL URQUHART & SULLIVAN, LLP


By <u>*/s/ Kevin P.B. Johnson*</u>
    Kevin P.B. Johnson
    Attorneys for NATERA, INC., a Delaware corporation, Defendant and Counterclaim-Plaintiff