UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUARDANT HEALTH, INC.,

              Plaintiff,

     v.

NATERA, INC.,

             Defendant.

Case No. 21-cv-04062-EMC

**ORDER APPOINTING SPECIAL MASTER**

IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 53, Ismail Ramsey is appointed as Special Master. The Parties were given notice of the Court's intent to appoint the Special Master for the purposes specified herein. *See* Dkt. 945. The Parties also were given notice and an opportunity to be heard on the Court's selection of the Special Master and the specific duties to be assigned the Special Master.

The Special Master filed a declaration under 28 U.S.C. § 455 stating that there are no grounds for disqualification. During the course of the proceedings, the Special Master and the Parties shall notify the Court immediately if they become aware of any new potential grounds that would disqualification.

The Court has considered the fairness to the Parties of appointing a Special Master, with respect to the likely expenses and time involved. Given the special circumstances, the Court finds appointment of the Special Master is in the best interests of the parties and will expedite resolution of the issues assigned to the Special Master.

1.     <u>Scope of Special Master's Duties</u>

The Special Master shall have all the authority provided in Rule 53(c) to determine,

consistent with this Court's prior Orders, Dkt. 730 & 945, (1) the appropriate apportionment among Natera, Quinn Emanuel, and the individual Quinn Emanuel attorneys of the compensatory sanctions imposed by this Court's Order Granting Further Compensatory Sanctions; Deferring Allocation and Punitive Sanctions, Dkt. 945 (July 9, 2025); and (2) any appropriate punitive sanctions or disciplinary measures, including but not limited to referral to the State Bar of California, with respect to the individual Quinn Emanuel attorneys for their involvement with the issues addressed in the Court's Order Granting in Part and Deferring in Part Guardant's Motion for Sanctions, Dkt. 730 (Oct. 23, 2024) and Order Granting Further Compensatory Sanctions; Deferring Allocation and Punitive Sanctions, Dkt. 945 (July 9, 2025) . The Special Master shall prepare a report and recommendation to this Court with respect to those two issues.   The Court has already assessed the amount of the total monetary sanctions to be imposed and already found Quinn Emanuel firm acted in bad faith in making misrepresentations to Magistrate Judge Kim and to this Court.  In determining the appropriate apportionment thereof, the Special Master may take into account the relative culpability of Natera, the firm, and individual attorneys responsible therefor.  The report and recommendation shall be provided to the Court within 75 days of this Order.

The Special Master is authorized to receive and consider documents and information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order entered in this matter. The Special Master may rule upon any claims asserting attorney-client privilege or work-product protection over documents that may be relevant to the Special Master's duties, including whether any such claims were waived by Natera and/or Quinn Emanuel through its post-trial submission of declarations by individual attorneys. Given the unique nature of the duties assigned to the Special Master, the Special Master may order, *sua sponte*, the production of documents from Natera, Quinn Emanuel, and the individual Quinn Emanuel attorneys, as deemed necessary to fulfill the Special Master's duties.

The Special Master shall conduct an evidentiary hearing. The Special Master may hear testimony under oath from any witness the Special Master determines may have testimony relevant to fulfilling the duties assigned herein. The Special Master, *sua sponte*, may call

individual Quinn Emanuel attorneys to testify under oath in response to the Special Master's own questions.

At the discretion of the Special Master, Guardant's counsel of record may be permitted to participate in the proceedings before the Special Master, including by calling and questioning relevant witnesses as deemed appropriate by the Special Master.

2. *Ex Parte* Communications

Pursuant to Rule 53(b)(2)(b), the Special Master may communicate *ex parte* with the Court at any time. The Special Master shall not communicate *ex parte* with any party absent consent of all Parties or order of this Court (upon request of the Special Master if necessary). If the Special Master determines it is necessary to review certain documents to determine the validity of any attorney-client privilege or work-product protection claim, it shall order such documents to be submitted for its *in camera* review.

The proceedings conducted and the report and recommendation filed by the Special Master shall presumptively be deemed public. If any party wishes any proceeding or filing by the Special Master sealed from the public, it shall make an appropriate motion to the Special Master. Any sealing must be justified by good cause.

3. Preservation of Records

The Special Master shall maintain files consisting of all documents submitted by the parties and any written orders, findings, and/or recommendations. The Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing system, and preserve all filings, documents submitted for consideration, orders, and reports. A transcript shall be prepared of all proceedings before the Special Master by a court-certified reporter.

4. Action on Special Master's Orders, Reports, or Recommendations

Any party wishing to file objections to or a motion to adopt or modify the Special Master's

orders, reports, and/or recommendations must file such objections or motion with the Court within ten (10) days. In acting on an order, report, or recommendation of the Special Master, all parties will be afforded an opportunity to be heard and the Court may, in its discretion, receive additional evidence and adopt, affirm, modify, wholly or partly reject or reverse, or make any further orders it deems appropriate.

      5.    <u>Compensation of Special Master</u>

Natera shall bear the costs of the Special Master. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill the Special Master's duties under this Order or such other Orders as the Court may issue.

**IT IS SO ORDERED**.

Dated: July 23, 2025

_____
EDWARD M. CHEN
United States District Judge