Derek L. Shaffer (SBN 212746)
derekshaffer@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 13th Street NW, Suite 600
Washington, DC  20004
Telephone: (202) 538-8000
Facsimile:  (202) 538-8100

Christopher Tayback (SBN 145532)
christayback@quinnemanuel.com
B. Dylan Proctor (SBN 219354)
dylanproctor@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 Figueroa Street, l0th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Sara Pollock (SBN 281076)
sarapollock@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile:  (650) 801-5100

*Attorneys for Natera, Inc.,*
*Quinn Emanuel Urquhart & Sullivan, LLP,*
*Andrew Bramhall, Brian Cannon,*
*Ryan Landes, and Elle Wang*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    vs.<br><br>NATERA, INC.,<br><br>    Defendant and Counterclaim-Plaintiff. | Case No. 3:21-cv-04062-EMC<br><br>**QUINN EMANUEL PARTIES' RESPONSE AND OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS** |

The Quinn Emanuel Parties (specifically, Quinn Emanuel Urquhart & Sullivan, LLP, Andrew Bramhall, Brian Cannon, Ryan Landes, and Elle Wang) hereby respectfully object to the Special Master's Report and Recommendation dated January 9, 2026 ("Report"), as follows.

**<u>RESPONSE AND OBJECTIONS TO REPORT AND RECOMMENDATION</u>**

The Quinn Emanuel Parties respectfully submit this response and objections to the Special Master's Report and Recommendation not to challenge or contest the specific findings and recommendations he made, but to reiterate certain procedural objections regarding how those findings and recommendations were made.

Before turning to those procedural points, however, the Quinn Emanuel Parties wish to acknowledge, explicitly, the extensive investment of time, effort, and thought that the Special Master made in conducting his analysis. The Special Master spent months studying the evidence in this matter, both documentary and testimonial. To aid his examination, the Quinn Emanuel Parties were fully open and transparent with the Special Master and produced thousands of internal, contemporaneous attorney records for his review. The Special Master's final Report is based on a rigorous assessment of those documents, as well as scores of hours of witness testimony. While the Quinn Emanuel Parties do not agree with all of the Special Master's specific findings, they wish to express their appreciation for the detailed and rigorous manner in which he approached the issues.

The Quinn Emanuel Parties also wish to emphasize their clear recognition of the deficiencies that the Special Master, and previously this Court, identified, and to reiterate their express apology to this Court and to all concerned. As a result of these events, Quinn Emanuel has redoubled its efforts to ensure the highest level of representation at all times, emphasizing within the firm the ethical "obligations that <u>every</u> Quinn Emanuel attorney must abide by at all times while acting on behalf of the Firm and in the course of representing the Firm's clients," including, "first and foremost, an obligation to not make false or misleading statements" to a tribunal. Final Joint Appendix ("J-APPX") at J-APPX-003909-3911 (December 11, Tayback Email attaching Memorandum from Executive Committee) (emphasis in original). As a firm, Quinn Emanuel understands the "extreme seriousness" of this Court's findings, as well as those made in the Report. *Id*. at J-APPX-003910 (Letter from Executive Committee). Each of the affected individual attorneys

also fully understands the gravity of the Court's findings and those made by the Special Master. In their testimony, they accepted responsibility and expressed contrition (*see, e.g.*, J-APPX-001851 at J-APPX-001996-1997 (Bramhall Tr. at   146:23-147:12); J-APPX-002828 at J-APPX-002828 (Cannon Tr. at 10:11-23); J-APPX-002549 at J-APPX-002558 (Landes Tr. at 10:2-10); J-APPX-002087 at J-APPX-002008-2009 (Wang Tr. at 122:22-123:3), even while explaining that they had all been misled by Natera's outside expert, Dr. Hochster, who repeatedly and persistently misstated the facts—first to Quinn Emanuel's attorneys during the course of the events and then, as the Special Master expressly found, to the Special Master. *See* Report at 8 (finding that the Special Master could not rely on Dr. Hochster's testimony because it "contradicts many aspects of his own earlier sworn testimony and the documentary record").

Nevertheless, while the Quinn Emanuel Parties acknowledge the Special Master's findings and are prepared to accept his recommendations, they hereby respectfully reiterate the procedural objections they have previously asserted:

Due Process Protections:  As the Quinn Emanuel Parties have previously asserted (*e.g.*, ECF 946, 951), heightened due process protections apply where punitive damages are at issue. *See, e.g.*, *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017); *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1089 (9th Cir. 2021).  Accordingly, "'the contemnor must be afforded the full protection of a criminal jury trial,' including the right to be advised of the charges, the right to a disinterested prosecutor, the right to assistance of counsel, a presumption of innocence, proof beyond a reasonable doubt, the privilege against self-incrimination, the right to cross-examine witnesses, the opportunity to present a defense and call witnesses, and the right to a jury trial if the fine or sentence imposed will be serious." *Am. Unites for Kids*, 985 F.3d at 1089 (quoting *F.J. Hanshaw Enter., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1138-39 (9th Cir. 2001)); *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1162 (9th Cir. 2024) (noting the independent prosecutor requirement).  These protections did not exist during the Special Master proceedings, including because there was no jury, the beyond-a-reasonable-doubt standard of proof was not applied, findings of bad faith had already been made, and an adverse private party (Guardant) was permitted to act as a de facto prosecutor, including by cross-examining Natera's witnesses.  The

Quinn Emanuel Parties respectfully restate and incorporate herein their prior procedural objections for preservation.

Privilege Waiver and Public Disclosure:  In its July 23, 2025 Order, the Court empowered the Special Master to "rule upon any claims asserting attorney-client privilege or work-product protection over documents that may be relevant to the Special Master's duties." ECF 947.  Pursuant to that authority, on August 20, 2025, the Special Master directed the Quinn Emanuel Parties to produce documents responsive to seven discrete topics, solely to the Special Master for *in camera* review.  J-APPX-300419 at J-APPX-300428 (August 20, 2025 Kates Email attaching Modified Special Master's First Document Requests to Natera).  The Special Master also found a limited waiver as to certain documents containing fact work product which he ordered produced to Guardant. Report at 17-18.  The Special Master confirmed that the production to the Special Master, as well as the more limited productions to Guardant and a third-party witness, were made under Federal Rule of Evidence 502(d).  *Id*.; J-APPX-003455-56 (August 22, 2025 Rule 502(d) Order); J-APPX-003452-3454 (August 22, 2025 Natera Parties' Objections and Responses to Modified Special Master's First Document Requests); J-APPX-003779 (October 3, 2025 Ramsey Email re: Objections to Production to Guardant Pursuant to Rule 502(d) Order); J-APPX-003905-3908 (November 26, 2025 Ramsey Email re: Production to Dr. Hochster Pursuant to Rule 502(d) Order).

The purpose of Rule 502(d) is to allow parties to produce privileged materials for limited purposes—here, for the Special Master's *in camera* review and investigation—without effecting a broader waiver that would extend to other parties or proceedings.  The Quinn Emanuel Parties hereby preserve their objections to any findings of waiver.  J-APPX-003768-3773 (September 30, 3025 Natera Parties' Objections to Document Production to Guardant); J-APPX-003825-3830 (October 14, 2025 Natera Parties' Objections to Second Production to Guardant); J-APPX-003869-3873 (October 24, 2025 Natera Parties' Objections to Additional Production to Guardant); J-APPX-003888-3893 (November 25, 2025 Natera Parties' Objections to Production to Dr. Hochster and Guardant).  Furthermore, the Quinn Emanuel Parties object to the public disclosure of these privileged or protected materials, including the transcripts of witness interviews, which were conducted pursuant to the Rule 502(d) Order, and documents produced to Guardant in these

proceedings. To the extent this objection is overruled, Quinn Emanuel requests the opportunity to apply redactions to sensitive information.

Scope of the Appointment Order: Two Quinn Emanuel attorneys, Victoria Maroulis and Margaret Shyr, testified before the Special Master as witnesses in the absence of any sanctions motion against them or notice that they could be the subject of sanctions proceedings. The Court has now issued an Order to Show Cause as to them, pursuant to the Special Master's Report which makes findings as to those attorneys despite their status in the Special Master Proceedings as non-party witnesses. Quinn Emanuel respectfully objects to this order of operations, in which findings were made before notice was provided. *Cf. In re Ruffalo*, 390 U.S. 544, 551-52 & n.4 (1968) (due process violated where attorney had no notice that his actions would be considered an offense until after he testified about those actions, even though he was permitted to respond to the charges thereafter). Because an "order referring a case to a special master is [] the source and the limit of the master's duties and powers," *United States v. Clifford Matley Fam. Tr.*, 354 F.3d 1154, 1159 (9th Cir. 2004), Quinn Emanuel respectfully submits that the Report should not have addressed the possibility of sanctions against non-party witnesses in the first instance.

*        *        *

Quinn Emanuel very much wishes to avoid any further imposition on the Court's limited time and resources. To promote judicial economy, Quinn Emanuel thus respectfully suggests that the Court hold the above objections in abeyance pending the Special Master's issuance of an Amended Report and Recommendation that includes his final recommendations as to Ms. Maroulis and Ms. Shyr. That sequencing would give the Court the ability to address the objections at issue here simultaneously with any and all objections that may arise from the Amended Report and Recommendation.

///

///

///

///

///

The Quinn Emanuel Parties thank the Court for its time, and apologize again for the deficiencies that have been identified, along with the ongoing imposition on the Court's resources which they engendered.

Respectfully submitted,

DATED:  January 20, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____*/s/ Christopher Tayback*_____
Derek L. Shaffer (SBN 212746)
derekshaffer@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, Suite 900
Washington, DC  20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Christopher Tayback (SBN 145532)
christayback@quinnemanuel.com
B. Dylan Proctor (SBN 219354)
dylanproctor@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 Figueroa Street, l0th Floor
Los Angeles, California 90017
Telephone  (213) 443-3000
Facsimile   (213) 443-3100

Sara Pollock (SBN 281076)
sarapollock@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile   (650) 801-5100

*Attorneys for Natera, Inc.,*
*Quinn Emanuel Urquhart & Sullivan, LLP, Andrew Bramhall, Brian Cannon, Rvan Landes, and Elle Wang*