Derek L. Shaffer (SBN 212746)
derekshaffer@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 13th Street NW, Suite 600
Washington, DC  20004
Telephone: (202) 538-8000
Facsimile:  (202) 538-8100

Christopher Tayback (SBN 145532)
christayback@quinnemanuel.com
B. Dylan Proctor (SBN 219354)
dylanproctor@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 Figueroa Street, l0th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Sara Pollock (SBN 281076)
sarapollock@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile:  (650) 801-5100

*Attorneys for Natera, Inc.,*
*Quinn Emanuel Urquhart & Sullivan, LLP,*
*Andrew Bramhall, Brian Cannon,*
*Ryan Landes, Elle Wang, Victoria Maroulis,*
*and Margaret Shyr*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    vs.<br><br>NATERA, INC.,<br><br>    Defendant and Counterclaim-Plaintiff. | Case No. 3:21-cv-04062-EMC<br><br>**QUINN EMANUEL PARTIES' RESPONSE AND OBJECTIONS TO SPECIAL MASTER'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS** |

The Quinn Emanuel Parties (specifically, Quinn Emanuel Urquhart & Sullivan, LLP, Ms. Maroulis and Ms. Shyr) hereby respectfully object to the Special Master's Supplemental Report and Recommendation, which was circulated on March 2, 2026 ("Supplemental Report"), as follows.

## RESPONSE AND OBJECTIONS TO SUPPLEMENTAL REPORT AND RECOMMENDATION

Like the objections filed on January 20, 2026 (ECF No. 1011), the Quinn Emanuel Parties respectfully submit this response and objections to the Special Master's Supplemental Report not to challenge or contest the specific findings and recommendations he made, but to reiterate certain procedural objections regarding how those findings and recommendations were made.

Again as stated in the objections filed in response to the Special Master's initial Report and Recommendation, the Quinn Emanuel Parties wish to acknowledge, explicitly, the extensive investment of time, effort, and thought that the Special Master made in conducting his analysis, including a detailed review of the extensive record and witness testimony made available by the Quinn Emanuel Parties. While the Quinn Emanuel Parties do not agree with all of the Special Master's specific findings, they wish to express their appreciation for the detailed and rigorous manner in which he approached the issues.

The Quinn Emanuel Parties again wish to emphasize their clear recognition of the deficiencies that the Special Master, and previously this Court, identified, and to reiterate their express apology to this Court and to all concerned. As a firm, Quinn Emanuel understands the "extreme seriousness" of this Court's findings, as well as those made in the Report. *Id*. at J-APPX-003910 (Letter from Executive Committee). Like their colleagues who were the subject of the initial Report, Ms. Maroulis and Ms. Shyr also fully understand the gravity of the Court's findings and those made by the Special Master. In their testimony, they accepted responsibility and expressed contrition (*see, e.g.*, J-APPX-002535 to -536 (Shyr Tr.) 125:2-126:10; N-APPX-00303 to -304 (Shyr Privileged Tr.) 228:12-229:10; J-APPX-001800 to-801 (Maroulis Tr.) 69:20-70:5), even while explaining that they had been misled by Natera's outside expert, Dr. Hochster, who repeatedly and persistently misstated the facts—first to Quinn Emanuel's attorneys during the course of the events and then, as the Special Master expressly found, to the Special Master. *See* Initial Report at

8 (finding that the Special Master could not rely on Dr. Hochster's testimony because it "contradicts many aspects of his own earlier sworn testimony and the documentary record").

Nevertheless, while the Quinn Emanuel Parties acknowledge the Special Master's findings and are prepared to accept his recommendations, they hereby respectfully reiterate the procedural objections they have previously asserted:

Due Process Protections:  As the Quinn Emanuel Parties have previously asserted (*e.g.*, ECF 946, 951, 1011, J-APPX-004091 (2/3/26 QE Opening Brief on Punitive Sanctions); J-APPX-004119 (2/11/26 QE Reply Brief on Punitive Sanctions)), heightened due process protections apply where punitive sanctions are at issue.  *See, e.g.*, *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017); *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1089 (9th Cir. 2021).  Accordingly, "'the contemnor must be afforded the full protection of a criminal jury trial,' including the right to be advised of the charges, the right to a disinterested prosecutor, the right to assistance of counsel, a presumption of innocence, proof beyond a reasonable doubt, the privilege against self-incrimination, the right to cross-examine witnesses, the opportunity to present a defense and call witnesses, and the right to a jury trial if the fine or sentence imposed will be serious."  *Am. Unites for Kids*, 985 F.3d at 1089 (quoting *F.J. Hanshaw Enter., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1138-39 (9th Cir. 2001)); *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1162 (9th Cir. 2024) (noting the independent prosecutor requirement).  These protections did not exist during the Special Master proceedings, including because there was no jury, the beyond-a-reasonable-doubt standard of proof was not applied, findings of bad faith had already been made, and an adverse private party (Guardant) was permitted to act as a de facto prosecutor, including by cross-examining Natera's witnesses.

The Special Master found such protections were not required because the punitive sanction he proposes for Quinn Emanuel was not "serious" pursuant to *Coleman v. Newsom*, 131 F.4th 948, 964 (9th Cir. 2025), a case neither party cited in briefing nor argued applied to this proceeding.  *Compare* Supplemental Report at 4, 7-8 (describing *Coleman v. Newsom* as "controlling authority.") *with* J-APPX-004091 (2/3/26 QE Opening Brief on Punitive Sanctions); J-APPX-004099 (2/9/26 GH Response on Punitive Sanctions); J-APPX-004119 (2/11/26 QE Reply Brief on Punitive

OBJECTIONS TO SPECIAL MASTER'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS

Sanctions).  *Coleman v. Newsom* is inapposite here.  In that case, the Ninth Circuit found the fine imposed by the district court was not punitive, but "ultimately civil in nature due to its compensatory nature," even though it was "certainly serious."  *Id*. at 964.  By contrast here, the fine awarded against Quinn Emanuel is admittedly punitive, ***not*** compensatory.  Supplemental Report at 19-20.  Because the required due process protections were not afforded to Quinn Emanuel in these proceedings, the Quinn Emanuel Parties respectfully restate and incorporate herein their prior procedural objections for preservation.  Nevertheless, as previously stated, Quinn Emanuel recognizes the gravity of the Court's and Special Master's findings, accepts responsibility, and will not challenge the $100,000 punitive sanction recommended in the Report.  However, because those recommended sanctions have not yet been adopted by the Court, the firm must respectfully preserve its objections to the procedural framework for awarding punitive sanctions, for the record.

Privilege Waiver and Public Disclosure:  In its July 23, 2025 Order, the Court empowered the Special Master to "rule upon any claims asserting attorney-client privilege or work-product protection over documents that may be relevant to the Special Master's duties."  ECF 947.  Pursuant to that authority, on August 20, 2025, the Special Master directed the Quinn Emanuel Parties to produce documents responsive to seven discrete topics, solely to the Special Master for *in camera* review.  J-APPX-003419 (August 20, 2025 Kates Email attaching Modified Special Master's First Document Requests to Natera).  The Special Master also found a limited waiver as to certain documents containing fact work product which he ordered produced to Guardant.  Report at 17-18.  The Special Master confirmed that the production to the Special Master, as well as the more limited productions to Guardant and a third-party witness, were made under Federal Rule of Evidence 502(d).  *Id*.; J-APPX-003455-56 (August 22, 2025 Rule 502(d) Order); J-APPX-003452-3454 (August 22, 2025 Natera Parties' Objections and Responses to Modified Special Master's First Document Requests); J-APPX-003779 (October 3, 2025 Ramsey Email re: Objections to Production to Guardant Pursuant to Rule 502(d) Order); J-APPX-003905-3908 (November 26, 2025 Ramsey Email re: Production to Dr. Hochster Pursuant to Rule 502(d) Order).

The purpose of Rule 502(d) is to allow parties to produce privileged materials for limited purposes—here, for the Special Master's *in camera* review and investigation—without effecting a

broader waiver that would extend to other parties or proceedings.  The Quinn Emanuel Parties hereby restate and preserve their objections to any findings of waiver.  J-APPX-003768-3773 (September 30, 2025 Natera Parties' Objections to Document Production to Guardant); J-APPX-003825-3830 (October 14, 2025 Natera Parties' Objections to Second Production to Guardant); J-APPX-003869-3873 (October 24, 2025 Natera Parties' Objections to Additional Production to Guardant); J-APPX-003888-3893 (November 25, 2025 Natera Parties' Objections to Production to Dr. Hochster and Guardant).  Furthermore, the Quinn Emanuel Parties again object to the public disclosure of these privileged or protected materials, including the transcripts of witness interviews, which were conducted pursuant to the Rule 502(d) Order, and documents produced to Guardant in these proceedings.  To the extent this objection is overruled, Quinn Emanuel requests the opportunity to apply redactions to sensitive information.

Scope of the Appointment Order and Findings Regarding Ms. Maroulis and Ms. Shyr:  As acknowledged in the Supplemental Report, Victoria Maroulis and Margaret Shyr testified before the Special Master as witnesses in the absence of any sanctions motion against them or notice that they could be the subject of sanctions proceedings.  Supplemental Report at 9.  In response to the Court's Order to Show Cause as to Ms. Maroulis and Ms. Shyr, the Supplemental Report now makes recommendations as to those attorneys based on findings that were previously made when they were non-party witnesses.  While the Special Master provided Ms. Maroulis and Ms. Shyr with an opportunity to be interviewed again, Quinn Emanuel respectfully objects to the order of operations, in which Ms. Maroulis and Ms. Shyr testified and findings were made against them before notice was provided.  *Cf. In re Ruffalo*, 390 U.S. 544, 551-52 & n.4 (1968) (due process violated where attorney had no notice that his actions would be considered an offense until after he testified about those actions, even though he was permitted to respond to the charges thereafter).  Because such defects cannot be cured retroactively and an "order referring a case to a special master is [] the source and the limit of the master's duties and powers," *United States v. Clifford Matley Fam. Tr.*, 354 F.3d 1154, 1159 (9th Cir. 2004), the Quinn Emanuel Parties respectfully submit that the Report should not have addressed the possibility of sanctions against non-party witnesses in the first

instance and that the Supplemental Report exacerbates rather than cures the prejudice to Ms. Maroulis and Ms. Shyr.

*    *    *

The Quinn Emanuel Parties thank the Court for its time, and apologize again for the deficiencies that have been identified, along with the ongoing imposition on the Court's resources that those deficiencies engendered.

Respectfully submitted,

DATED:  March 23, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____ /s/ Christopher Tayback _____
Derek L. Shaffer (SBN 212746)
derekshaffer@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, Suite 900
Washington, DC  20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Christopher Tayback (SBN 145532)
christayback@quinnemanuel.com
B. Dylan Proctor (SBN 219354)
dylanproctor@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 Figueroa Street, l0th Floor
Los Angeles, California 90017
Telephone  (213) 443-3000
Facsimile   (213) 443-3100

Sara Pollock (SBN 281076)
sarapollock@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile   (650) 801-5100

*Attorneys for Natera, Inc.,*
*Quinn Emanuel Urquhart & Sullivan, LLP, Andrew*
*Bramhall, Brian Cannon, Ryan Landes, Elle Wang,*
*Victoria Maroulis and Margaret Shyr*