Derek L. Shaffer (SBN 212746)
derekshaffer@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, DC  20004
Telephone: (202) 538-8000
Facsimile:  (202) 538-8100

Sara Pollock (SBN 281076)
sarapollock@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile:  (650) 801-5100

Christopher Tayback (SBN 145532)
christayback@quinnemanuel.com
B. Dylan Proctor (SBN 219354)
dylanproctor@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 Figueroa Street, l0th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Natera, Inc.,*
*Quinn Emanuel Urquhart & Sullivan, LLP,*
*Andrew Bramhall, Brian Cannon,*
*Ryan Landes, Elle Wang, Victoria Maroulis,*
*and Margaret Shyr*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NATERA, INC.,<br><br>Defendant and Counterclaim-Plaintiff. | Case No. 3:21-cv-04062-EMC<br><br>**NATERA PARTIES' BRIEF IN RESPONSE TO ECF NO. 1019 AND ADMINISTRATIVE MOTION TO SEAL**<br><br>Hearing Date: April 20, 2026 |

As requested by the Court in ECF No. 1019, and pursuant to Civil Local Rules 7-11 and 79-5, Defendant/Counterclaim-Plaintiff Natera, Inc. ("Natera"), Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), Andrew Bramhall, Brian Cannon, Ryan Landes, Elle Wang, Victoria Maroulis and Margaret Shyr (collectively with Natera and Quinn Emanuel, the "Natera Parties") submit this brief respectfully requesting that: (1) the redacted portions of the Special Master's Reports and Recommendation ("Reports") remain under seal as these redacted portions of the Reports reflect attorney-client privileged communications; and (2) while the Natera Parties do not object to the April 20, 2026 hearing being open to the public, to the extent the Court anticipates that the April 20, 2026 hearing will involve discussion of redacted documents or testimony in the Special Master's Reports, they request that those portions be sealed.  The Natera Parties' request is based on the points and authorities herein and the accompanying Declaration of Christopher Tayback in Support of this Administrative Motion.

### A.    Request To Permanently Seal Redacted Portions of Reports

During the Special Master proceedings and pursuant to discovery requests issued by the Special Master, Quinn Emanuel produced thousands of documents to the Special Master for *in camera* review pursuant to a Rule 502(d) Order.  Quinn Emanuel's production included contemporaneous emails and text messages with its client Natera, as well as internal Quinn Emanuel emails, text messages, and meeting notes.  The Special Master ordered that a limited subset of Quinn Emanuel's internal documents and Quinn Emanuel attorneys' testimony be provided to Guardant pursuant to a narrowly tailored waiver of work product protection.  J-APPX-003852 (10/14/2025 Ramsey Email Regarding Public Access); 1/9/26 Report at 17-18.

The Special Master's detailed Reports contain tailored redactions that cover material Quinn Emanuel produced to the Special Master for *in camera* review and for which the Special Master did not find any waiver, as well as testimony regarding those materials.  The redacted portions of the Reports contain documents and witness testimony reflecting communications between Quinn Emanuel and its client Natera; internal Quinn Emanuel communications regarding those privileged discussions with Natera; and other internal Quinn Emanuel communications that involve issues outside of those addressed by the Special Master's Proceedings.  *See* January 9, 2026 Report at 8,

24-29, 37, 53-54; March 2, 2026 Report at 15, 17. Such materials have not been produced to Guardant or publicly disclosed, and the Natera Parties assert that the redacted portions of the Reports remain protected by the attorney-client privilege and attorney work product doctrine.

The Natera Parties respectfully request that the confidential communications between Natera and Quinn Emanuel, and among Quinn Emanuel attorneys, relating to Quinn Emanuel's ongoing legal representation of Natera remain under seal. The public disclosure of these communications would vitiate the attorney-client privilege that exists and has not been waived by Natera, and would prejudice not only Natera (as the holder of the privilege), but also the important policy underlying the attorney-client privilege to protect the confidences of a client. Protecting Natera's privilege is particularly appropriate here, where the Special Master, as a part of his detailed review of the evidence, found Natera did not act in bad faith and recommended that no sanctions be apportioned to Natera. 1/9/26 Report at 23-25. Further, providing Guardant – and the broader public – access to the Natera Parties' privileged and opinion work product materials would also create prejudice and inequity for Natera, as the post-trial judgment adverse to Guardant in the underlying litigation is on appeal, and Natera is seeking a retrial. *See United States v. Sanmina Corp. & Subsidiaries*, 968 F.3d 1107, 1122, 1124-25 (9th Cir. 2020) (discussing distinction between fact and opinion work product). Giving Guardant (and the general public) access to the Natera Parties' privileged communications and opinion work product would create a severe risk of prejudice to Natera by revealing counsel's mental impressions and strategic case planning related to the underlying litigation, which was beyond the scope of the Special Master's inquiry and the disclosure of which does not fulfill any public interest in these proceedings.

While the Natera Parties recognize that there is a "general right to inspect and copy public records and documents, including judicial records and documents" and "a strong presumption in favor of access to court records" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted)), such a presumption does not—and cannot—apply here to justify the disclosure of the contents of privileged communications Quinn Emanuel provided to the Special Master pursuant to a Rule 502(d) Order. The Special Master's analysis (while important) was not a trial on the merits nor was it related to the underlying claims. *Id.* at 1097

(distinguishing between "dispositive" and "non-dispositive" issues in ruling on sealing).  In such circumstance, a lower good cause standard applies.  *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).  "The 'Good cause' standard requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).  "A court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"  *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2019 WL 13423737, at *2 (N.D. Cal. Jan. 30, 2019).

There is good cause to maintain the redacted portions of the Reports under seal.  As set out in the attached Declaration of Christopher Tayback, the redacted portions of the Reports reflect information produced to the Special Master pursuant to a Rule 502(d) Order for *in camera* review and contain communications protected by the attorney-client privilege and opinion work-product protection.  Such communications should be kept confidential to preserve all applicable privilege and work product protections. *See In re Hewlett-Packard Co. Shareholder Derivative Litig.*, 716 F. App'x 603, 609 (9th Cir. 2017) (district court did not abuse its discretion by keeping "material protected by the attorney-client privilege and the work product doctrine" sealed following final judgment); *Capitol Specialty Ins. Corp. v. GEICO Gen. Ins. Co.*, No. CV 20-672-RSWL-EX, 2021 WL 7708484, at *3 (C.D. Cal. Apr. 14, 2021) (granting requests to seal given that "[a]ttorney-client privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons") (internal quotations and citations omitted).

Moreover, the redactions have been narrowly tailored by the Special Master, and the unredacted portions of the Reports contain detailed information regarding the events considered by the Special Master.  Accordingly, the disclosure of the redacted portions is "not necessary for the public's understanding of the case."  *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (applying Ninth Circuit law).

In compliance with Civil Local Rule 79-5(d), unredacted versions of the below listed documents accompany this Administrative Motion.

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| January 9, 2026 Report (ECF No. 1017) | Portions identified by the Special Master on pages 8, 24-29, 37, 53-54 | Quinn Emanuel, Natera |
| March 2, 2026 Report (ECF No. 1018) | Portions identified by the Special Master on pages 15, 17 | Quinn Emanuel, Natera |

### B.    Request For Closure of Courtroom to The Public To The Extent Redacted Portions of Reports Discussed

For the same reasons set out above, to the extent the redacted portions of the Reports or any other attorney-client communications are intended to be discussed at the April 20, 2026, the Natera Parties would request that the courtroom be closed to the public for that discussion. Otherwise, the Natera Parties do not object to the courtroom being open to the public.

DATED: March 23, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____*/s/ Christopher Tayback*_____
Christopher Tayback
*Attorneys for Natera, Inc.,*
*Quinn Emanuel Urquhart & Sullivan, LLP, Andrew Bramhall, Brian Cannon, Ryan Landes, Elle Wang, Victoria Maroulis, and Margaret Shyr*

-4-                                                              Case No. 3:21-cv-04062-EMC

NATERA PARTIES' BRIEF IN RESPONSE TO ECF NO. 1019 AND ADMINISTRATIVE MOTION TO SEAL