Derek L. Shaffer (SBN 212746)
derekshaffer@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, DC  20004
Telephone: (202) 538-8000
Facsimile:  (202) 538-8100

Sara Pollock (SBN 281076)
sarapollock@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile:  (650) 801-5100

Christopher Tayback (SBN 145532)
christayback@quinnemanuel.com
B. Dylan Proctor (SBN 219354)
dylanproctor@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 Figueroa Street, l0th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Natera, Inc.,
Quinn Emanuel Urquhart & Sullivan, LLP,
Andrew Bramhall, Brian Cannon,
Ryan Landes, Elle Wang, Victoria Maroulis,
and Margaret Shyr*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC.<br><br>    Plaintiff and<br>    Counterclaim-Defendant,<br><br>  vs.<br><br>NATERA, INC.<br><br><br>    Defendant and<br>    Counterclaim-Plaintiff. | CASE NO. 3:21-cv-04062-EMC<br><br>**DECLARATION OF CHRISTOPHER TAYBACK IN SUPPORT OF THE NATERA PARTIES' BRIEF IN RESPONSE TO ECF NO. 1019 AND ADMINISTRATIVE MOTION TO SEAL** |

I, Christopher Tayback, declare:

1.      I am an attorney licensed to practice in the State of California.  I am a partner with the law firm of Quinn Emanuel Urquhart & Sullivan LLP, counsel for Defendant and Counterclaim-Plaintiff Natera, Inc. ("Natera"), Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), Andrew Bramhall, Brian Cannon, Ryan Landes, Elle Wang, Victoria Maroulis and Margaret Shyr (collectively with Natera and Quinn Emanuel, the "Natera Parties") in the above-captioned matter. I submit this declaration based on personal knowledge and following a reasonable investigation.  If called upon as a witness, I could competently testify to the truth of each statement herein.

2.      Pursuant to Civil Local Rule 79-5, I submit this declaration in support of the Natera Parties' Brief in Response to ECF No. 1019 and Administrative Motion to Seal.

3.      In making the request to maintain under seal the redacted portions of the January 9, 2026 Report and Recommendation and the March 2, 2026 Supplemental Report and Recommendation ("Reports"), the Natera Parties have carefully considered the relevant legal standard and the policy considerations outlined in the Northern District of California's Civil Local Rule 79-5.  The Natera Parties make this request with the good faith belief that the information sought to be sealed meets both the compelling interest and good cause standards because it reflects confidential information protected by the attorney-client privilege and work product doctrine, and is not the type of information generally shared publicly; it was produced to the Special Master pursuant to a Rule 502(d) Order for a purpose unrelated to the underlying merits litigation.  The Natera Parties request that the Court maintain under seal the portions of the Reports identified in the table below.

| Document | Portions to Be Filed Under Seal | Under Seal ECF No. | Reason Such Information Should Be Sealed |
|---|---|---|---|
| January 9, 2026 Report and Recommendation ("January Report") | Excerpts Highlighted by the Special Master | 1017 | **8:20, 22-24** This portion of the Report reflects direct quotes reflecting attorney-client privileged communications and opinion work product, which is confidential to Natera and Quinn Emanuel. |

| | | | |
|---|---|---|---|
| | | | This information was provided to the Special Master pursuant to the Rule 502(d) Order, was not ordered produced to Guardant, and remains confidential. Any disclosure of the information would destroy attorney-client privilege and opinion work product protections which would prejudice Quinn Emanuel's client, Natera, who remains adverse to Guardant in the underlying litigation in which it is seeking a retrial.<br><br>Further, this information would provide no value if it were made public given that it is at most "tangentially related"—if related at all—to the merits of the underlying litigation, such that its disclosure is "not necessary for the public's understanding of the case." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (applying Ninth Circuit law).<br><br>A less restrictive alternative than sealing the highlighted portions would not be sufficient to protect the privileges and protections subject to Natera's communications with its attorneys especially where, as here, the underlying litigation remains ongoing. See *In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 F. App'x 603, 609 (9th Cir. 2017) (district court did not abuse its discretion by keeping "materials protected by the attorney-client privilege and the work product doctrine" sealed following final judgment).<br><br>**24:6-8**<br>This portion of the Report reflects attorney-client communications between Jon Rabin, Natera's in-house counsel, and Quinn Emanuel, as well as Mr. Rabin's opinion work product. This information is and remains confidential to Quinn Emanuel and Natera. |

TAYBACK DECLARATION ISO THE NATERA PARTIES' BRIEF IN RESPONSE TO ECF NO. 1019 AND ADMINISTRATIVE MOTION TO SEAL

| | | | |
|---|---|---|---|
| | | | For the same reasons set out above, this information is protected by the attorney-client privilege and work product protection and should remain under seal.<br><br>**25:22-26:5**<br>This portion of the Report reflects direct quotes reflecting attorney-client privileged communications between Natera and Quinn Emanuel.  It also reflects opinion work product.  This information is and remains confidential to Natera and Quinn Emanuel.<br><br>For the same reasons set out above, this information is protected by the attorney-client privilege and work product protection and should remain under seal.<br><br>**26:13-17; 27:1-2; 28:7; 29:24**<br>This portion of the Report reflects direct quotes reflecting attorney-client privileged communications between Quinn Emanuel and Natera, as well as Quinn Emanuel's opinion work product.  This information is and remains confidential to Natera and Quinn Emanuel.<br><br>For the same reasons set out above, this information is protected by the attorney-client privilege and work product protection and should remain under seal.<br><br>**37:17-20**<br>This portion of the Report reflects direct quotes reflecting attorney-client privileged communications between Quinn Emanuel and Natera, as well as Quinn Emanuel's opinion work product.  It also includes quotes from the portion of Mr. Bramhall's testimony for which Guardant's counsel was not present.  This information is and remains confidential to Natera and Quinn Emanuel.<br><br>For the same reasons set out above, this information is protected by the attorney-client privilege and work product protection and should remain under seal. |

-4-

Case No. 3:21-cv-04062-EMC

| | | | 53:19-54:4<br>This portion of the Report reflects Quinn Emanuel's opinion work product regarding its representation of Natera.  This information was provided to the Special Master pursuant to the Rule 502(d) Order, was not ordered produced to Guardant, and remains confidential.<br><br>For the same reasons set out above, this information is protected by work product protection and should remain under seal. |
|---|---|---|---|
| March 2, 2026 Supplemental Report and Recommendations ("Supplemental Report") | Excerpts marked as "REDACTED" by the Special Master | 1018 | **15:4-5**<br>This portion of the Supplemental Report reflects reference to a portion of Ms. Shyr's testimony for which Guardant's counsel was not present, and reflects Quinn Emanuel's opinion work product.  This information is and remains confidential to Natera and Quinn Emanuel.<br><br>For the same reasons set out above, this information is protected by work product protection and should remain under seal.<br><br>**17:12-14, 19**<br>This portion of the Supplemental Report reflects Quinn Emanuel's opinion work product, which is and remains confidential to Natera and Quinn Emanuel.<br><br>For the same reasons set out above, this information is protected by work product protection and should remain under seal. |

//

//

//

//

//

//

//

TAYBACK DECLARATION ISO THE NATERA PARTIES' BRIEF IN RESPONSE TO ECF NO. 1019 AND ADMINISTRATIVE MOTION TO SEAL

4.      The information that the Natera Parties seek to seal is narrowly tailored.  A less restrictive alternative than sealing would not be sufficient.  The Natera Parties respectfully request that the Court seal the above-identified portions of the Reports.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 23, 2026 in Los Angeles, CA.

/s/ Christopher Tayback
Christopher Tayback

TAYBACK DECLARATION ISO THE NATERA PARTIES' BRIEF IN RESPONSE TO ECF NO. 1019 AND ADMINISTRATIVE MOTION TO SEAL