Derek L. Shaffer (SBN 212746)
derekshaffer@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 13th Street NW, Suite 600
Washington, DC  20004
Telephone: (202) 538-8000
Facsimile:  (202) 538-8100

Christopher Tayback (SBN 145532)
christayback@quinnemanuel.com
B. Dylan Proctor (SBN 219354)
dylanproctor@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 Figueroa Street, l0th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Sara Pollock (SBN 281076)
sarapollock@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile:  (650) 801-5100

*Attorneys for the Natera Parties*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDANT HEALTH, INC., | Case No. 3:21-cv-04062-EMC |
| Plaintiff and Counterclaim-Defendant, | **NATERA PARTIES' OPPOSITION TO GUARDANT'S MEMORANDUM IN SUPPORT OF UPDATED AWARD OF MONETARY SANCTIONS** |
| vs. | |
| NATERA, INC., | **REDACTED FOR PUBLIC FILING** |
| Defendant and Counterclaim-Plaintiff. | |

**TABLE OF CONTENTS**

**Page**

I.    PROCEDURAL BACKGROUND ................................................................................1

II.   LEGAL STANDARD ..........................................................................................4

III.  ARGUMENT ...................................................................................................5

    A.    GUARDANT IS NOT ENTITLED TO ANY FURTHER FEES AND COSTS ........................................................................................5

    B.    GUARDANT'S REQUESTED FEES ARE DISPROPORTIONATE AND UNREASONABLE ..............................................................................6

        1.    Guardant Double-Counts and Overclaims Its Time Litigating The Sanctions Issues Before This Court ..........................................7

        2.    Guardant's Claimed Fees For The Special Master Proceeding Are Inflated ...................................................................7

            (a)    Guardant's Dedication of Resources To Special Master Conferences Was Excessive ..............................................7

            (b)    Guardant Seeks Unreasonable Amounts for Attendance and Participation at Witness Interviews ......................................8

            (c)    Guardant Billed An Exorbitant Amount of Time To Draft Its Closing Brief ...................................................9

IV.   CONCLUSION……………………………………………………………………10

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Am. Unites for Kids v. Rousseau*,
985 F.3d 1075 (9th Cir. 2021) .................................................................................. 4

*Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*,
2014 WL 837389 (D. Or. Mar. 3, 2014),
*aff'd,* 649 F. App'x 585 (9th Cir. 2016) .................................................................. 9

*F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*,
244 F.3d 1128 (9th Cir. 2001) ............................................................................. 4, 6

*In re Facebook, Inc. Consumer Priv. User Profile Litig.*,
655 F. Supp. 3d 899 (N.D. Cal. 2023) ...................................................................... 9

*Goodyear Tire & Rubber Co. v. Haeger*,
581 U.S. 101 (2017) .................................................................................................. 4

*Miller v. City of Los Angeles*,
661 F.3d 1024 (9th Cir. 2011) .................................................................................. 4

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*,
2009 WL 10655841 (C.D. Cal. Sept. 29, 2009) ....................................................... 9

*Vogel v. Harbor Plaza Ctr., LLC*,
893 F.3d 1152 (9th Cir. 2018) .................................................................................. 5

Natera, Inc., Quinn Emanuel Urquhart & Sullivan, LLP, and the individual affected attorneys (collectively, the "Natera Parties") hereby respectfully oppose Guardant's request for an additional sanctions award of $1,262,059.36 ($1,199,98.22 in attorneys' fees and $62,071.14 in costs)—another 42% on top of the $2,985,909.63 in fees and costs the Court already awarded (ECF No. 945).

Guardant seeks this substantial further fee award based on a misleading presentation of the facts.  Contrary to Guardant's assertions, the Court did not previously rule that Guardant "was entitled" (ECF No. 1031 at 5) to recover whatever fees it might incur in the Special Master proceeding—a collateral proceeding in which Guardant had no obligation to participate and no pecuniary interest to protect.  And contrary to Guardant's assertions, the Court has already issued its fee award for the prior proceedings before this Court, which determined the compensatory damages that Guardant would receive.  Guardant now hopes to increase its (already substantial) compensatory fee award by double-counting the very same time entries for which it successfully sought reimbursement before and retroactively adding new time entries for prior time periods, but none of that is proper.  The Court should deny Guardant's updated fee request.  If the Court grants some additional fees, it should reduce the claimed amount substantially.

## I.    PROCEDURAL BACKGROUND

On October 23, 2024, the Court granted Guardant's motion for evidentiary sanctions to exclude COBRA evidence and deferred Guardant's request for monetary sanctions.  ECF No. 730 at 17-18.  On January 17, 2025, Guardant filed its motion for monetary sanctions, arguing that "Natera should be ordered to pay for Guardant's reasonable attorney's fees associated with Natera and Quinn Emanuel's misconduct" and seeking $2,906,791.13 in total.  ECF No. 884-13 at 6. Specifically, Guardant claimed $603,610 in attorneys' fees and $22,908.39 in costs for the work of Keller/Anderle Scolnick LLP ("KAS") that was "incurred addressing the Cobra Study and responding to Natera's misconduct."  ECF No. 884-14 (Declaration of C. Scolnick) ¶¶ 2, 28; ECF No. 884-16 (Ex. A); ECF No. 884-17 (Ex. B).  Guardant also claimed $1,666,911 in fees and $613,361.74 in costs for the work of Allen Overy Shearman US LLP ("A&O Shearman") incurred "as a result of Natera's and Quinn Emanuel's COBRA-related misconduct . . . during the period of

February 1 to October 18, 2024." ECF No. 884-2 (Declaration of S. Perloff) ¶¶ 3, 5E; ECF No. 884-4 (Ex. A); ECF No. 884-12 (Ex. D).

On February 28, 2025, Guardant filed a reply in support of its motion for sanctions, increasing the total amount of requested sanctions to $2,985,909.63. ECF No. 916 at n.1. The accompanying Declaration of Saul Perloff "provide[d] updated information for fees accrued during the period January 1, 2025, through February 21, 2025 [which] were incurred by Guardant in connection with its request for monetary sanctions related to Natera's COBRA-misconduct." ECF No. 914-2 ¶ 3. Guardant's updated request sought an additional $85,993 for A&O Shearman's fees for the updated time period. ECF No. 914-2 ¶¶ 4-6.

On July 9, 2025, the Court granted Guardant request for attorneys' fees reimbursement in the amount of $2,985,909.6, which was the full amount that Guardant sought, plus "any further amount [of] fees and costs that are incurred in connection with the present motion." ECF No. 945 at 5-6. In a footnote in that sentence, by way of example, the Court noted that Guardant was waiting on information to determine a cancellation fee for a hotel. *Id.* at n.1. The Court deferred ruling on the questions of punitive sanctions and apportionment of responsibility for the compensatory sanctions, stating that a Special Master would resolve those issues in the first instance. ECF No. 945 at 6-7. The Court did not rule – contrary to Guardant's current assertion (ECF No. 1031 at 5) – that Guardant would be entitled to any fees it incurred during the course of the Special Master proceedings. *See* ECF No. 945 at 6-7.

The parties submitted a Joint Status Report about a week later. In its portion, Guardant stated that it wished "to participate fully in the proceedings before the Special Master" and submitted a proposed appointment order that provided for such participation. ECF No. 946 at 5 (Guardant's Position on "Bounds of Appointment"), 12 (Guardant's Proposed Order). The Natera Parties objected, noting that the Court had already awarded Guardant all of the compensatory sanctions it sought and arguing that Guardant's involvement in the Special Master's assessment of punitive sanctions would violate the Natera Parties' due process rights. ECF No. 945 at 6-8 (Natera Parties' Position on "Bounds of Appointment").

On July 23, 2025, the Court appointed the Special Master to apportion the compensatory fees the Court had awarded to Guardant and determine whether punitive sanctions were appropriate. ECF No. 947 at 2. The Court left the question of Guardant's counsel's participation in the proceedings to the Special Master's discretion. ECF No. 947 at 3 ("At the discretion of the Special Master, Guardant's counsel of record may be permitted to participate in the proceedings before the Special Master, including by calling and questioning relevant witnesses as deemed appropriate by the Special Master."). The Order provided that "Natera shall bear the costs of the Special Master" but did not provide for Natera to pay any further Guardant fees. ECF No. 947 at 4.

During the Special Master proceedings, the Natera Parties consistently objected to Guardant's participation, explaining that an adverse party cannot take on the role of special prosecutor. *See, e.g.*, ECF No. 951 at 12-17; Ex. E (9/30/25 Natera Parties' Objections) at 2-3; Ex. F (10/14/25 Natera Parties' Objections) at 2-3; Ex. G (10/24/25 Natera Parties' Objections) at 2-3; Ex. H (11/25 Natera Parties' Objections) at 2. The Natera Parties specifically objected to Guardant's participation on the grounds that Guardant would presumably seek to recover its fees for such work, as it "would raise additional constitutional concerns to effectively appoint Guardant as prosecutors whom the accused would be directly funding." ECF No. 951 at 15-16; *see* Ex. C (August 11, 2025 Hearing Tr.) at 30:4-13 ("[O]ne of our concerns is that Guardant should not be playing the role of prosecutor, who is doing that when, as we understand it, they'll be claiming their fees. So everything that they do to zealously prosecute individual Quinn Emanuel attorneys they're going to contend – we're going to contend the opposite – but they're going to contend that that's happening so that they are being paid for that prosecution."); Ex. B (August 5, 2025 Hearing Tr.) at 20:5-12 (noting "a disputed issue" as to "whether or not the Quinn Emanuel parties are paying the fees for A&O Shearman and Keller Anderle for these proceedings").

The Special Master resolved this dispute by authorizing—but not requiring—Guardant to participate in the Special Master proceedings. ECF No. 1031-4 at 23:10-21. Specifically, the Special Master authorized Guardant to question witnesses, make proposals and submit briefing. *See, e.g.*, Ex. D (9/25/2025 Hearing) at 13:14-14:6. But Guardant's participation was entirely voluntary, and at no point did it have a financial stake in the outcome of the proceedings. The amount of

compensatory sanctions awarded to Guardant was already determined as of the commencement of the Special Master proceedings, and any award of punitive sanctions would necessarily be paid to the Court, not Guardant. *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1138 (9th Cir. 2001).

On April 3, 2026, Guardant moved the Court for an additional $1,262,059.36 in fees and costs for its two law firms, mostly for their participation in the Special Master proceedings. ECF No. 1031. Guardant claims $793,987.50 in fees and $62,071.14 in costs for work KAS performed from June 23, 2025 to February 17, 2026. Declaration of Christopher Tayback ("Tayback Decl.") ¶ 2; ECF Nos. 1031-1 (Declaration of C. Scolnick) ¶¶ 2, 36, 1031-2 (Ex. A); 1031-3 (Ex. B). Guardant claims another $406,000.72 in fees for work A&O Shearman performed from October 19, 2024 to February 28, 2026. Tayback Decl. ¶ 2; ECF Nos. 1031-6 (Declaration of S. Perloff) ¶ 5, 1031-7 (Ex. A). As discussed further below, Guardant's updated fee request includes entries that duplicate and double-count fees the Court already awarded to Guardant, and also seeks supplemental fees for the period October 18, 2024 to February 21, 2025 that was the subject of the Court's prior fee award.

## II.      LEGAL STANDARD

"Sanction[s], when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (reversing and remanding sanctions award). The court must "establish a causal link—between the litigant's misbehavior and the legal fees paid by the opposing party." *Id*. The sanction "may not impose any additional consequences as punishment for the sanctioned party's misbehavior." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1089 (9th Cir. 2021) (reversing and remanding sanctions award). If a fee award becomes punitive, "a court would need to provide procedural guarantees applicable in criminal cases." *Goodyear*, 581 U.S. at 108; *see also Miller v. City of Los Angeles*, 661 F.3d 1024, 1030 (9th Cir. 2011) (reversing and remanding sanctions award for failure to meet "but for" causation standard).

When evaluating requests for attorneys' fees, "district courts have a *duty* to ensure that claims for attorneys' fees are reasonable, . . . and a district court does not discharge that duty simply

by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (citations omitted, italics in original).

## III.    ARGUMENT

### A.    GUARDANT IS NOT ENTITLED TO ANY FURTHER FEES AND COSTS

Guardant asks the Court to award it a further $1,262,059.36 for the fees and costs incurred by its law firms from October 22, 2024 to February 17, 2026.  ECF No. 1031 at 3; ECF No. 1031-2 (Scolnick Ex. A); ECF No. 1031-7 (Perloff Ex. A).  This would be in addition to the $2,985,909.63 the Court previously awarded to Guardant, which was the full amount previously sought by Guardant for the time period through February 21, 2025.  ECF 916-2 at 12; ECF No. 945 at 1, 5-6.  Guardant is not entitled to the additional fees it now seeks.

*First,* Guardant's request for a further award of fees for the proceedings that occurred before this Court issued its prior fee award is inappropriate.  While Guardant now claims that its original request "only sought the fees paid to A&O Shearman **through October 18, 2024**," ECF No. 1031 at 7 (emphasis added); ECF No. 1031-6 (Perloff Declaration) ¶ 3, that is not accurate.  To the contrary, with its reply, Guardant updated its prior fee request by seeking "fees related to Natera's COBRA-related misconduct **through February 21, 2025**."  ECF No. 916-2 at n.7 (emphasis added).  Mr. Perloff's accompanying declaration itemized the additional $85,993.00 in fees Guardant sought for the period from January 1, 2025 through February 21, 2025, which included its time preparing Guardant's sanctions motion and reply.  ECF No. 914-2 (Declaration of S. Perloff) ¶ 4; ECF No. 914-4 (Exhibit A).  The Court granted those fees in full, thus awarding Guardant the full amount of fees it sought through February 21, 2025.  ECF No. 945 at 1, 5-6.  Guardant's current request for a ***further*** award for the same time period – the period between October 18, 2024 and February 21, 2025 –should be denied.

*Second,* Guardant's request to recover its fees from the Special Master proceeding should also be denied.  Guardant seeks to recover more than $1 million for the fees and costs of two law firms for a proceeding in which Guardant never had any financial interest or stake.  Guardant did not incur these fees in connection with its motion for sanctions; it incurred them in connection with

a collateral proceeding in which Guardant chose, but did not need, to participate. Once the Court issued its prior Order awarding Guardant all of the monetary sanctions it sought, Guardant was fully compensated for its losses. ECF No. 945 at 1, 3, 5-7. From that point on, the only outstanding issues were the apportionment of responsibility and an assessment of punitive sanctions, and those were issues for the Court, not Guardant. *See* Ex. A (6/20/25 Hearing Tr.) at 92:19-25, 93:10-17 (Guardant's counsel acknowledging that apportionment was "mostly [the court's] issue . . . once you've decided that the [compensatory] fees are going to be paid"); *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1138 (9th Cir. 2001) (punitive sanctions not paid to opposing party); *cf.* ECF No. 945 at 6 (the Court recognizing that Guardant "defers to the Court whether, and to what extent, individual counsel should be held personally liable").

Nor did the Court or Special Master require Guardant to play any particular role in the Special Master proceeding. The Court deferred to the Special Master on that issue, ECF No. 947 at 3, and the Special Master did not order Guardant to participate; he merely allowed Guardant's counsel to do so, at Guardant's insistence, in a limited capacity. ECF 1031-4 at 23:10-21. Guardant's demand that it be permitted to participate in a collateral proceeding in which it has no pecuniary interest should not beget more than $1 million in additional fee-shifting for such participation. Opposing counsel normally is not permitted to act as a prosecutor at all; there is no precedent for allowing an adverse party's counsel to both aid in a collateral disciplinary proceeding and get paid by the accused for doing so. *See, e.g.*, *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1141 (9th Cir. 2001) ("Because opposing counsel had a direct interest in the result of the proceedings . . . [he] was not independent").

**B.    GUARDANT'S REQUESTED FEES ARE DISPROPORTIONATE AND UNREASONABLE**

If the Court awards Guardant any further fees, it should substantially discount the inflated $1.2 million that Guardant now seeks. Guardant double-counts entries for which it has already recovered (in some instances claiming higher billing rates for the very same work) and retroactively adds new entries for the pre-February 2025 time period for which it has already been made whole.

Guardant also seeks compensation for duplicative work during the Special Master proceedings that, as detailed below, is not justifiable.

### 1.    Guardant Double-Counts and Overclaims Its Time Litigating The Sanctions Issues Before This Court

As noted above, Guardant's motion includes fees that were already addressed in the Court's prior award. Specifically, Guardant now asks the Court to award it an additional $81,378 in fees for *the exact same work* performed by A&O Shearman from January 1 to February 21, 2025 for which Guardant was previously compensated. This includes a total of ███ identical time entries for which Guardant was previously compensated. Tayback Decl. ¶ 5.

Inexplicably, Guardant also now seeks reimbursement as to ████████ identical entries *at a higher billing rate* than Guardant claimed to have paid back in February 2025—raising serious questions about the accuracy of the submitted time records. *Compare, e.g.*, ECF No. 916-2 ████ ████████████████████████████████████████████████████████████ *with* ECF No. 1031-7 ████████████ ████████; *see* Tayback Decl. at 5.

Guardant also now seeks to recover an additional $70,672.50 in fees for additional time entries from the same pre-February 21, 2025 time period that was previously addressed by the Court. Tayback Decl. ¶ 6. Guardant offers no explanation for why these fees were previously omitted, but many of the entries are facially excessive, such as ████████████████████████████ ████████████████████████████. ECF No. 1031-7; *see* Tayback Decl. at 5. Guardant provides no explanation for why it should be awarded these previously omitted fees now, almost a year after the Court awarded all the fees it sought for the same time periods and appointed a Special Master to apportion those fees.

### 2.    Guardant's Claimed Fees For The Special Master Proceeding Are Inflated

#### (a)    Guardant's Dedication of Resources To Special Master Conferences Was Excessive

As set out above, Guardant's participation in the Special Master proceedings was not mandated or required, and Guardant had no financial interest in the outcome. Nevertheless,

Guardant dedicated extensive attorney resources to its limited role.  For nine of the 11 conferences held by the Special Master, at least three Guardant attorneys prepared for and attended the conferences held by the Special Master, and Guardant sometimes involved as many as six attorneys—even though only one attorney, Mr. Scholnick, had a substantial speaking role.  Tayback Decl. ¶ 7-8; *see also* ECF No. 1031-2; ECF No. 1032-7.  Guardant's attorney's time entries for the Special Master hearings often exceed the length of those hearings or are block-billed so it is not possible to evaluate them.  Tayback Decl. ¶ 9.

### (b)    Guardant Seeks Unreasonable Amounts for Attendance and Participation at Witness Interviews

Guardant insisted that it "play an integral role" in the Special Master proceedings (ECF No. 951 at 7-10), and claims it "participated in the interviews of ten witnesses."   ECF No. 1031 at 6.  Even putting aside the fact that only nine witnesses were interviewed in total, Tayback Decl. ¶ 10, Guardant's claim to $410,420.15 in fees for preparing witness examination outlines and attending interviews is not reasonable.  Tayback Decl. ¶¶ 11-12.  While the Natera Parties reviewed and produced nearly 6,000 documents to the Special Master for *in camera* review, fewer than 100 of those documents were sent to Guardant and Guardant did not produce any documents of its own.  Tayback Decl. ¶ 13.  Guardant states that it submitted "hundreds of pages of proposed questions" to the Special Master for witness examinations (ECF No. 1031 at 7), but this amount of work was entirely voluntary and unnecessary, as (a) Guardant had an opportunity to ask its own questions, and (b) the Special Master did not ask Guardant for hundreds of pages of questions but rather merely allowed Guardant to propose questions "if there are particular topics it would be important for me to go into more questions."  Ex. D (9/25/2025 Hearing) at 13:14-14:6.

Nor was it necessary for three Guardant attorneys from KAS to travel from Los Angeles to San Franciso to attend the interviews of the Natera Parties' witnesses, with additional attorneys from A&O Shearman attending remotely.  Tayback Decl. ¶¶ 14-15.  Guardant was only permitted to cross-examine each witness for approximately one hour, and Mr. Scolnick was the primary examining attorney throughout.  Two Guardant attorneys traveled from Los Angeles to New York

to attend the interview of Dr. Hochster, and another attorney from New York also attended. But again, only Mr. Scolnick examined Dr. Hochster for approximately one-hour. Tayback Decl. ¶ 15.

Guardant's lead trial counsel, Jennifer Keller, ▮▮▮▮▮▮▮▮ for her time preparing for and attending witness interviews in San Francisco. ECF No. 1031-2. Yet Ms. Keller did not ask a single question during those interviews. Decl. ¶ 11. Mr. Scolnick is an experienced attorney (ECF No. 1031-1 at ¶¶ 8-11); Ms. Keller did not need to spend weeks of time supervising his witness examinations.

### (c)     Guardant Billed An Exorbitant Amount of Time To Draft Its Closing Brief

Guardant claims approximately ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for drafting Guardant's 25-page closing brief, which appears to have been primarily prepared by Mr. Hoting with input from Mr. Scolnick. ECF 1031-2; Tayback Decl. ¶ 16. Such amounts are not reasonable for a brief that Guardant was not required to submit in a collateral proceeding in which it had no financial interest.[1]

\*          \*          \*

It is not reasonable for Guardant to seek reimbursement of the fees it now claims. "A party is certainly free to hire and pay as many lawyers as it wishes, but cannot expect to shift the cost of any redundancies to its opponent." *Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*, 2014 WL 837389, at \*5, 13 (D. Or. Mar. 3, 2014), *aff'd,* 649 F. App'x 585 (9th Cir. 2016) (citations omitted) (ordering a 30% fee reduction due to "unnecessary duplication of effort among the attorneys hired by Plaintiff"). Indeed, Guardant's attorneys' practice of "block billing itself is symptomatic of excessive billing." *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 2009 WL 10655841, at \*2, 2 n.4 (C.D. Cal. Sept. 29, 2009); *see* Tayback Decl. ¶¶ 9, 11.

If the Court authorizes any further fees, its award should be limited to the time billed between February 21, 2025 (the end point of Guardant's prior fee request) and June 20, 2025 (the date of oral argument on its sanctions motion). This amounts to $85,250 in fees, which should be subject to a

---

[1] Further examples of the unreasonableness of Guardant's fee request are addressed in the accompanying Tayback Declaration.

50% discount for duplicative work.  *See, e.g., In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899, 935 (N.D. Cal. 2023) (ordering a nearly 50% reduction in claimed fees because, "given the limits on the authority of courts to impose sanctions, it is better to err on the side of caution").  To the extent the Court elects to award fees for any other time period or work, a 50% discount should be applied.

**IV.    CONCLUSION**

The Natera Parties respectfully request that the Court deny Guardant's request for further monetary sanctions.

Respectfully submitted,

DATED:  April 17, 2026

QUINN    EMANUEL    URQUHART    &   SULLIVAN, LLP

By      */s/ Christopher Tayback*
Derek L. Shaffer (SBN 212746)
derekshaffer@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, Suite 900
Washington, DC  20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Christopher Tayback (SBN 145532)
christayback@quinnemanuel.com
B. Dylan Proctor (SBN 219354)
dylanproctor@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 Figueroa Street, l0th Floor
Los Angeles, California 90017
Telephone  (213) 443-3000
Facsimile  (213) 443-3100

Sara Pollock (SBN 281076)
sarapollock@quinnemanuel.com
**QUINN EMANUEL URQUHART &**

**SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile   (650) 801-5100

*Attorneys for the Natera Parties*

Case No. 3:21-cv-04062-EMC

NATERA PARTIES' OPPOSITION TO GUARDANT'S MEMORANDUM IN SUPPORT OF UPDATED AWARD
OF MONETARY SANCTIONS