UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDANT HEALTH, INC., | Case No. 21-cv-04062-EMC |
| Plaintiff, | |
| v. | **ORDER RE SEALING** |
| NATERA, INC., et al., | Docket Nos. 1029, 1030, 1032 |
| Defendants. | |

<u>Dkt. No. 1029 – Guardant's Motion to Seal in Connection with its Fees Motion</u>

Guardant seeks to seal (1) in full Keller Anderle Scolnick LLP's billing entries for the work done during the Special Master investigation; (2) hourly billing rates and total fee numbers that appear in Saul Perloff's declaration submitted in connection with the fees motion; and (3) in full Keller Anderle Scolnick LLP's billing entries for work done in connection with the COBRA sanctions.  Guardant asserts that the billing information, including hourly fees and total fees, is confidential, a trade secret, and would cause competitive injury if disclosed.  Guardant asserts that the descriptions of the time entries are attorney work product because they reveal mental impressions.

For documents filed in connection with non-dispositive motions, the Court applies the good cause standard for sealing.  This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "[C]ourts frequently deny requests to file attorney billing records and hourly rates under seal, because '[i]t is commonplace for the number of hours billed and the hourly rate of attorneys to be openly filed on court dockets; without this information the final fees award appears to be drawn from thin air.'"  *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 3:19-

United States District Court
Northern District of California

CV-00970-JLS-AHG, 2021 U.S. Dist. LEXIS 225014, 2021 WL 5449041, at *3 (S.D. Cal. Nov. 19, 2021) (quoting *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 U.S. Dist. LEXIS 169806, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014).  As to billing line entries, "mundane descriptions of typical attorney tasks, such as drafting documents, conducting research, reviewing documents, and engaging in teleconferences, even taken as a whole, likely do not reveal sensitive information, confidential litigation strategy, or attorney-client privileged communications, sufficient to warrant sealing." *Ali v. Franklin Wireless Corp.*, No. 21-cv-00687-AJB-MSB, 2024 U.S. Dist. LEXIS 201555, at *6 (S.D. Cal. Nov. 4, 2024) (citing *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 130 (9th Cir. 1992)).  Guardant has not identified any particular billing entries that rise to this level.

Guardant's Motion to Seal at Dkt. No. 1029 is accordingly **DENIED**.  By **June 23, 2026**, Guardant must either file a further motion to seal that specifically identifies any billing entries it believes contain specific information protected by the attorney-client or work product privilege and explain why the privilege attaches or must re-file the documents on the public docket.

Dkt. No. 1030 – Guardant's Motion to Consider Whether Another Parties' Materials Should be Sealed

This motion to consider whether another party's materials should be sealed concerns excerpts of a transcript from the August 5, 2025 Special Master Conference that was designated as confidential by Natera.  Natera did not file a statement in support of sealing this document.  The motion is accordingly **DENIED**.  By **June 23, 2026**, Guardant shall file re-Dkt. No. 1030-1 on the public docket.

Dkt. No. 1032 – Natera's Motion to Consider Whether Another Parties' Materials Should be Sealed

This motion to consider whether another party's materials should be sealed concerns references to Guardant's billing entries, its hours billed, and the rates at which those entries are billed.  Guardant did not file a statement in support of sealing this information, and as discussed

United States District Court
Northern District of California

2

above, rates and hour information does not merit sealing. The motion is accordingly **DENIED**. By **June 23, 2026**, Natera shall re-file Dkt Nos. 1032-1 and 1032-2 on the public docket.

     **IT IS SO ORDERED**.

Dated: 6/16/2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3